**Talia Y. Guerriero**, OSB #115271
talia@beaconforjustice.com
**David C. Higgs**, OSB #114193
david@beaconforjustice.com
Beacon Employment Law
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-564-4689 (Fax)
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | Case No. 6:25-cv-470 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities; | 42 U.S.C. § 1983 and 42 U.S.C. § 1981 Violations of Fourteenth Amendment Equal Protection and Race and Color Discrimination, Deprivation of Property and Liberty Interests Without Due Process; ORS § 659A.030(1)(a)-(b), (f), Whistleblower Retaliation, ORS § 659A.199, ORS § 659A.203; Retaliation for Civil Proceedings, ORS § 659A.230; Aiding, Abetting, Inciting, Coercing, or Compelling Unlawful Discrimination and Retaliation, ORS § 659A.030(1)(g); 42 U.S.C. 2000e et seq. ("Title VII") |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.

Leann Johnson was a hardworking and dedicated employee of the State of Oregon, Oregon Health Authority ("OHA"). OHA hired Ms. Johnson in September of 2010 as the Diversity Manager and later promoted her to the Equity and Inclusion Division ("E&I") director. Ms. Johnson received positive praise over her many years of service despite incredible bureaucratic hurdles and systemic failures that she tried to navigate, particularly around the agency's internal investigation of harassment and discrimination complaints. Ms. Johnson was a fierce advocate for creating systemic justice in a difficult system as well as a beloved leader and inspiration to many people, demonstrated by her receipt of the 2024 Cheryl Boyce Leadership Award and the 2024 Oregon Public Health Association Health Equity Champion Award.

On or around December 21, 2023, Ms. Johnson filed a complaint with the Bureau of Labor & Industries ("BOLI") alleging that the State had repeatedly retaliated against her for raising concerns that her own direct reports were experiencing unlawful discrimination. Ms. Johnson specified that she had experienced "gaslighting, scapegoating, and questioning of [her] competence, character, and honesty" as well as "undermining of [her] management decisions and a lack of communication with [her] and [her] division."

In January of 2024, OHA hired Defendant Sejal Hathi as the agency's new Director. From the outset of Dr. Hathi's employment, Plaintiff observed her to be hostile to different opinions and employee complaints. Nonetheless, Plaintiff continued to raise valid concerns of racism and discrimination in an appropriate and professional manner.

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

On or around February 28, 2024, BOLI notified OHA of Ms. Johnson's December 2023 BOLI complaint. On or around March 7, 2024, the State issued investigatory findings that [Human Resources ("HR")] lacked consistency and transparency. Shortly thereafter, Dr. Hathi became increasingly hostile towards Ms. Johnson and treated her more harshly than similarly-situated peers. Towards the end of April 2024, Ms. Johnson elevated her complaints to a formal HR investigation and responded to another Black employee's all-staff email complaining of racism by stating:

> **"From an ethical perspective, I am blowing the whistle on this and seeking such protections. I too am tired. As a Black woman, I cannot let another Black woman be out there alone."**

On or around May 1, 2024, Dr. Hathi told Plaintiff to choose her words "wisely."

On or around May 29, 2024, Ms. Johnson emailed Investigator Hampton "...**I am experiencing a hostile work environment...**", which was met shortly thereafter with Dr. Hathi and Angela Sifuentez's abrupt termination of her 14-year career with the State of Oregon. Furthermore, Jessica Knieling and Berri Leslie participated in adding a memorandum to her file mere days before terminating her allegedly to approve her position as "unclassified" service to deprive her of her property interest in her job without sufficient due process. After Ms. Johnson's termination, the alleged reasons for her termination – which Ms. Johnson vigorously contests – were smeared across news headlines before ever being shared with her.

As such, Plaintiff alleges as follows:

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**PARTIES**

2.

Plaintiff Leann Johnson (hereinafter "Plaintiff" or "Ms. Johnson"), at the time of filing and at all material times, is and was a resident of Clark County, Washington, an employee or former employee of the Oregon Health Authority, and a Black woman.

3.

Defendant State of Oregon is a State responsible for ensuring that its departments, systems, and agencies, including Oregon Health Authority, comply with federal and state laws (collectively referred to herein as "Defendant" or "OHA"). The State is liable for the tortious conduct of its agents and employees pursuant to ORS § 30.265(1) and ORS § 30.285(1). The State is an "employer" under ORS § 659A.001 and a "public employer" pursuant to ORS § 659A.203.

4.

At all material times, OHA employed Defendant Sejal Hathi ("Defendant Hathi" or "Dr. Hathi") as a supervisor, employee, and agent of the State under color of law. Defendant Hathi is and was a resident of Clackamas County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

5.

At all material times, OHA employed Defendant Angela Sifuentez ("Defendant Sifuentez") as a human resources representative, employee, and agent of the State under color of law. Defendant Sifuentez is and was a resident of Marion County, Oregon.

/ / /

Page 4 of 43 – COMPLAINT

6.

At all material times, OHA employed Defendant Jennifer Midkiff ("Defendant Midkiff") as a human resources representative, employee, and agent of the State under color of law. Defendant Midkiff is and was a resident of Marion County, Oregon.

7.

At all material times, Oregon's Department of Administrative Services ("DAS") employed Defendant Berri Leslie ("Defendant Leslie") as a director, employee, and agent of the State under color of law. Defendant Leslie is and was a resident of Marion County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

8.

At all material times, DAS employed Defendant Jessica Knieling ("Defendant Knieling") as a director, employee, and agent of the State under color of law. Defendant Knieling is and was a resident of Marion County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

**TORT CLAIM NOTICE**

9.

On or around September 11, 2024, Plaintiff provided timely notice of all necessary claims to all necessary parties under ORS § 30.275.

**ADMINISTRATIVE EXHAUSTION**

10.

On or around December 21, 2023, Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission

Page 5 of 43 – COMPLAINT

("EEOC") in Case No. EEEMRC231221-1165. On or around December 19, 2024, BOLI and

EEOC issued a right to sue in Case No. EEEMRC231221-1165.

On or around December 21, 2024, Plaintiff filed a second complaint with BOLI and

EEOC in Case No. 24-15464. On or around March 19, 2025, Plaintiff requested and became

entitled to a right to sue letter from BOLI and EEOC in Case No. 24-15464.

## FACTUAL ALLEGATIONS

11.

In or around September 2010, the State hired Plaintiff as the Diversity Development

Executive Manager under Tricia Tillman, director of the Office of Multicultural Health and

Services ("OMHS") within the Oregon Department of Human Services ("DHS" or "ODHS").

In 2011, OHA became a separate agency from DHS. In or around 2014, OMHS was

renamed OHA's Office of Equity and Inclusion ("OEI"). In 2015, OHA Director Lynne Saxton

hired Plaintiff as the Head of Equity. In or around 2017-2018, OEI was renamed the Equity

and Inclusion Division ("E&I"). In 2021, Plaintiff accepted a position entitled "Equity and

Inclusion Division Director."

### *History of OHA Discrimination and Harassment Investigations*

12.

Over the years, Plaintiff encountered an incredible number of bureaucratic hurdles

and systemic failures that she tried to navigate, particularly around the agency's internal

investigation of harassment and discrimination complaints. A 2009 report by external

contractors, John Lenssen and Francis Portillo, revealed concerns about the ways in which

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

DHS Human Resources employees were handling discrimination and harassment investigations.

13.

In or around 2010, the State moved the responsibilities for the discrimination and harassment investigations to OMHS. During the same time that OHA and DHS worked to transition to two agencies, OHA was also tasked with managing the State's health systems transformation and the creation of the Coordinated Care Organization concept in Medicaid health delivery. As a result of the transition, Ms. Johnson was charged with developing the Discrimination and Harassment Free workplace procedure and program. At this time, Human Resources was a shared service between OHA and DHS. Ms. Johnson tried to work closely with Carolyn Ross (HR Director) and Ken McGee (Senior HR Manager) on transitioning the Discrimination and Harassment investigations to OMHS but experienced significant tension and pushback on the transition.

14.

At the time of the transition of investigations from HR to OEI, HR represented that they conducted approximately **seven** (7) discrimination and harassment investigations in a biennium. Ms. Johnson used that information to design the OMHS investigation program, and she and her manager, Tricia Tillman, were only able to secure one limited duration investigator based on HR's representation about the frequency of investigations. However, once OMHS launched its investigation program, it soon became apparent that HR wildly underestimated – or plain misrepresented – the number of investigations commenced within a two-year period. As a result, the workload was exponentially greater than originally

Page 7 of 43 – COMPLAINT

discussed. For example, OMHS logged approximately **eighty (80)** investigations in the first

twelve months. In addition to her shock at the number of investigations, Ms. Johnson came

to understand that HR's investigation procedures were cursory, inadequate, and

ineffectual. The relationship between OMHS and HR began to deteriorate significantly as

Ms. Johnson attempted to voice her concerns.

15.

In or around 2014, OMHS was renamed and became the Office of Equity and

Inclusion ("OEI"). In January 2015, Ms. Johnson was appointed OEI's interim director, and

by roughly July 2015, became permanent director. Around the same time, Governor Kate

Brown appointed Lynne Saxton as OHA's permanent director. Soon thereafter, Ms. Saxton

discontinued all limited-duration employment positions, which caused all investigators to

reapply for their positions when they had already been through a competitive process to do

so, thus creating distraction and draining valuable time away from investigations.

16.

Over the next few years, Ms. Johnson put forth her best efforts in overseeing the

management of the investigations program despite inadequate staffing and an essentially

perpetual backlog. The investigators worked evenings and weekends to clear the backlog.

Ms. Johnson tried repeatedly to create solutions, such as requesting resources and

support, asking for increased cooperation from HR, and requesting a functional case

management system that would be adequate to organize and service the agency's needs.

Additionally, Ms. Johnson had developed formalized processes and procedures for

investigations as early as 2011, which were also continuously being updated.

Page 8 of 43 – COMPLAINT

17.

Ms. Johnson's efforts were repeatedly undermined or made impossible by

insufficient funding, lack of clear direction, and internal roadblocks. In order to create

more positions, Ms. Johnson was required to go through OHA's HR, including Minnie

McCloud-Walker, instead of going directly to the Compensation and Classification division

of the Department of Administrative Services ("DAS"), which was the department with the

authority for approving and creating positions that could have addressed OEI's backlog.

However, Ms. Johnson received heavy pushback from Ms. McCloud-Walker on creating

new positions, which often came in the form of citing DAS's concerns and roadblocks. For

example, Ms. Johnson worked hard in 2021 and 2022 to try to get Janice Kim and Shelley

Das promoted in a way that would allow a better supervision structure for the department

and address the fact that Ms. Kim and Ms. Das were not being paid correctly for the type of

work they were doing.  OHA HR denied Ms. Johnson's promotion requests repeatedly,

citing to DAS Compensation and Classification as the barrier. Ms. Johnson discussed the

denials with OHA Director Pat Allen and OHA Deputy Director Kris Kautz as having a

disparate impact on people of color. Mr. Allen and Ms. Kautz shared that they reported Ms.

Johnson's concerns of the disparate racial impact to DAS. Ms. Johnson recalls hearing

from Mr. Allen, Ms. Kautz, and Ms. McCloud-Walker that the report had upset or angered

DAS and/or that DAS officials did not want to be called racist. Ms. Johnson pushed for a

formal investigation, but it went nowhere, forcing her to file an anonymous complaint on

the Secretary of State website.

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

18.

Meanwhile, E&I continued to suffer from HR's failures and shortcomings while HR repeatedly scapegoated its own problems onto E&I. One of many examples includes that HR was not appropriately tracking numbers related to disabilities and accommodations requests. Then-HR Director Buffy Rider represented that HR was tracking such information, but E&I was unable to gain access to it when writing their Affirmative Action reports. In 2023, HR confirmed that it had not been tracking the data contrary to prior representations.

19.

In or around January of 2024, Ms. Johnson and her management team were able to make a breakthrough with DAS's Classification and Compensation Division. By working directly with DAS – rather than through OHA's assigned HR – Ms. Johnson made incredible progress on getting approval for positions and what she felt was more competent advice on restructuring the department to address the backlog. Finally, things were starting to look up for addressing the backlog of E&I investigations.

### ***Plaintiff's Own Complaints of Discrimination and Retaliation***

20.

Despite the many challenges, Ms. Johnson worked hard within a broken system and cherished her many connections and relationships she developed in her role. In turn, Ms. Johnson was also beloved by many, both internal and external to OHA, as demonstrated by the many public comments of support she has received since her termination and the fact

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

that she was the recipient of the 2024 Cheryl Boyce Leadership Award and the 2024

Oregon Public Health Association Health Equity Champion Award.

21.

Plaintiff was also a fierce advocate of addressing discrimination when she

witnessed it herself, despite any political cost to herself. For example, in or around April

2023, Plaintiff filed an internal complaint with Dave Baden, Interim OHA Director, regarding

her concerns of racial bias in a Human Resources investigation of one of the E&I

employees.

22.

After the internal complaint was inadequately addressed, Plaintiff filed an external

complaint for the first time with the Bureau of Labor and Industries ("BOLI") on or around

December 21, 2023. Plaintiff alleged that the State had repeatedly retaliated against her for

raising concerns that her own direct reports were experiencing unlawful discrimination.

Ms. Johnson specified that she had been excluded from participating in a disciplinary

proceeding about which she expressed concerns of racial bias and the she herself was

experiencing "gaslighting, scapegoating, and questioning of [her] competence, character,

and honesty" as well as "undermining of [her] management decisions and a lack of

communication with [her] and [her] division."

### *Dr. Hathi's Hiring as OHA Director*

23.

In or around mid-January 2024, Dr. Sejal Hathi filled the role of OHA Director. In or

around mid-March 2024, Ashley Thirstrup became Chief of Staff. Over the first few months

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

of Defendant Hathi's time at OHA, Plaintiff observed that Dr. Hathi appeared to become tense when employees, including Plaintiff, provided constructive criticism or feedback. This was in stark contrast to the environment Plaintiff observed the previous OHA Director foster in which employees were encouraged to share feedback and concerns.

24.

On or around February 28, 2024, BOLI mailed a letter to Plaintiff and OHA describing and enclosing her formal December 21, 2023, BOLI complaint.

25.

On or around March 7, 2024, the State issued investigatory findings that HR lacked consistency and transparency in one of the decisions about which Plaintiff had complained.

26.

On or around March 20, 2024, Plaintiff attended an OHA Leadership Team Meeting. During this meeting, Plaintiff reported her good faith belief of violations of law, rules, or regulations and government mismanagement regarding a Behavioral Health Services report that had been created by the newly and opaquely developed Budget Formulation Office led by Mollie Bates. For example, Plaintiff respectfully and professionally inquired about whether the report had properly undergone an equity review. Ms. Bates indicated that she was concerned about the timeline of an equity review. Plaintiff also respectfully and professionally questioned the report's lack of an alternate format statement and potential violations of disability laws. Despite Plaintiff's professionalism while addressing

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

these serious concerns, Plaintiff perceived Dr. Hathi's response to her as immediately

defensive and hostile, making statements to Plaintiff that no one there was opposed to an

equity review – which was not something Plaintiff had said.

27.

On or around March 20, 2024, Dr. Hathi promoted or created new positions for at

least four Caucasian employees. In contrast, Plaintiff is unaware of any Women of Color

within OHA that received a direct appointment promotion within or into permanent

management positions during the same time period. Plaintiff continued to feel that

decisions were being made in a vacuum without input from an equity perspective.

28.

On or around April 11, 2024, Plaintiff reported to Dr. Hathi and other leaders her

concern that the new OHA logo might be problematic in terms of potentially creating a

hostile work environment because it resembled the Imperial flag of Japan. Although

Plaintiff recommended a pause in the process based on potential insensitivity and harm to

the Korean community of Oregon, the leadership refused her recommendation to pause.

Plaintiff next reported the matter to DAS. Plaintiff's understanding is that her report led to

repercussions for Dr. Hathi, and the logo process was subsequently paused against Dr.

Hathi's prior directive. Thereafter, Plaintiff noticed a significant increase in retaliatory

behaviors by Dr. Hathi.

/ / /

/ / /

/ / /

Page 13 of 43 – COMPLAINT

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

### *Ms. Johnson's Elevation of Protected Complaints to DAS*

29.

On or around April 17, 2024, Plaintiff met with DAS investigator Travis Hampton and made several protected complaints about Dr. Hathi's behavior. During the meeting, Plaintiff also complained about the agency's failure to adhere to policy, systemic issues related to pay equity, ongoing microaggressions toward Black agency staff, and the leadership's failure to heed legitimate and well-founded concerns.

30.

On or around April 24, 2024, another Black employee emailed a group of leaders, including Dr. Hathi, going in depth about the problems of racial bias and microaggressions within the agency causing "harm and oppression in the workplace." The employee described that during a 2024 Black History Month Panel Discussion hosted by the DAS Office of Cultural Change "there was a variety of common sentiment and experiences from some Black/African/African Descent Employees across the State of Oregon Enterprise." Plaintiff replied to all recipients of the employee's email, including Dr. Hathi:

> "From an ethical perspective, I am blowing the whistle on this and seeking such protections. I too am tired. As a Black woman, I cannot let another Black woman be out there alone."

A third employee replied to all:

> "I see you, I see myself in your words.
> I see my mother, my auntie, my grandmother, my grandfather, my great grandparents, my ancestors.
> I read your words, and I hear my voice.
> I hear my mother, my auntie, my grandmother, my great grandmother, my ancestors.
> We share a narrative, and just as Leann said,

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

I too as a black woman cannot let another black woman be out there alone."

31.

Plaintiff forwarded the email chain to investigator Hampton. On or around April 26, 2024, Plaintiff met with Investigator Hampton again, who made a statement along the lines that a lot was swirling at the Governor's Office level on this topic, he understood that Plaintiff was in "whistleblower status," and that he understood her to be a very respected leader who was providing an insider's view to these issues.

32.

Around this time and ongoing to date, Plaintiff began experiencing an increase in adverse physical and mental health effects as a result of the discrimination, retaliation, and hostile work environment she endured at OHA.

33.

On or around May 1, 2024, Plaintiff attended two meetings with Dr. Hathi – one regarding the logo and one regarding the development of the OHA strategic plan. At the strategic plan meeting, Dr. Hathi made a statement along the lines that Plaintiff should choose her words wisely, which Plaintiff perceived to be said in an ominous and threatening manner.

34.

On or around May 7, 2024, Dr. Hathi gave a status report during the Oregon Health Policy Board ("OHPB") meeting, which is publicly available online. During the report, Dr. Hathi made demeaning comments about some leaders on the OHA leadership team by

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

indicating that they were "judgment[al]," "belittling," and "punitive." Dr. Hathi indicated

that she would prefer to "coach" people rather than punish them.

35.

On or around May 23, 2024, Plaintiff reported to OHA upper-level leadership,

including Dr. Hathi, her good faith belief that OHA's press release regarding Mpox violated

non-discrimination and anti-harassment regulations and laws. Plaintiff was concerned

that the leadership team was dismissive of the potential harm caused to LGBTQIA+

communities by the press release, , especially since concerns had been reported to her by

employees from the LGBTQIA+ communities.

36.

On or around May 28, 2024, Ms. Thirstrup met with Plaintiff and Interim Public

Health Director Cara Biddlecom. During the meeting, Ms. Thirstrup told Plaintiff that she

felt personally harmed by Plaintiff's report related to the Mpox press release.

37.

At some point in May 2024, Investigator Hampton also informed Plaintiff that he did

not have jurisdiction over a number of Plaintiff's complaints.

38.

On or around May 28, 2024, Plaintiff met with Investigator Hampton again.

Investigator Hampton told Plaintiff that Jessica Knieling, DAS Human Resources, and Berri

Leslie, DAS Chief Operating Officer and Director, also Dr. Hathi's supervisor, had been

briefed about the matter and that another investigator by the name of Eric would be

contacting Dr. Hathi to get her version of events in relation to Plaintiff's complaints.

Page 16 of 43 – COMPLAINT

39.

On or around May 29, 2024, Plaintiff emailed Investigator Hampton more details about her complaints about Dr. Hathi's policy violations related to retaliation, professionalism, hostile work environment, and patterns of mistreatment, summarizing as follows:

> "Taken in their entirety I am experiencing a hostile work environment, including reputational damage, harm to my health and I do question if this is not only due to my role in the agency, but my race as well. Additional women of color in the agency leadership are wondering the same."

40.

Shortly thereafter, and within the next couple of weeks, Plaintiff received information from Dr. Hathi's OHA shared calendar – at least once, and maybe twice – that Dr. Hathi was meeting with Ms. Knieling about a pending employee matter.

41.

On or around June 11, 2024, Plaintiff attended a leadership meeting with Dr. Hathi in which Plaintiff felt Dr. Hathi was hostile and upset with Plaintiff. The discussion included statements that Plaintiff believed to be targeted at her in relation to admonishing the team to assume "good intent of others" and statements encouraging the team to agree with and support group decisions. Plaintiff's perception was that this type of messaging was designed to shut down opposition even when the opposition was based on a good faith belief of violations or mismanagement and to encourage people to just be "yes people." Plaintiff also perceived a double standard in the messaging that she was expected to afford

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

her colleagues on the OHA Leadership Team the benefit of "good intent," while the OHA

Leadership Team appeared to assume Plaintiff's statements were being made with the

intent to harm, which had the effect of allowing them to avoid accountability for their own

misconduct.

### *OHA Attempted to Add Post Hoc Documentation Intended to Deprive Ms. Johnson of Due Process Rights and Proceeded to Summarily Terminate Her Employment*

42.

On or around June 13, 2024, Ms. Knieling asked Jen Coney, CHRO Administrator of

DAS Classification and Compensation, to place a memorandum in Plaintiff's file to convert

Plaintiff's position to the unclassified service from a "management service" position,

which would otherwise have mandatory language restricting the decision of the

decisionmaker on matters of continued employment. As such, the memorandum had the

effect of attempting to deprive Plaintiff of her protectable property interest in the position

and management service job protection. On or around June 18, 2024, Ms. Leslie signed the

memorandum, but no one ever notified Ms. Johnson about the memorandum or change in

her employment status. As a result, the State did not offer Plaintiff – nor did she ever

accept – an unclassified service position that met the requirements of ORS 240.205(4).

43.

Nonetheless, on June 21, 2024, Dr. Hathi and Human Resources Manager Angie

Sifuentez summarily terminated Plaintiff's employment without notice, due process, or

any opportunity to be heard. Dr. Hathi and/or Ms. Sifuentez stated that the termination

meeting was "not [for] fact-finding" and that they would not offer [Plaintiff] another

position within the State. When Plaintiff asked why Dr. Hathi was terminating her

employment, Dr. Hathi cited "strained relationships" with herself, members of the

leadership team, and within the agency.

44.

Shortly thereafter, OHA abruptly cut off Plaintiff's access to all agency systems.

After nearly 14 years of employment, OHA did not give Plaintiff a chance to properly say

goodbye to her long-term colleagues, to contact people internally or externally to help

transition many mission-critical commitments, or even to leave an out-of-office message

on her email. Upon information and belief, other similarly situated employees were

allowed such courtesies.

### *Post Termination Retaliation*

45.

Even after Plaintiff's termination, OHA and Dr. Hathi continued to harm Plaintiff's

reputation. On June 28, 2024, Larry Bingham – External Relations – emailed Plaintiff a copy

of an undated letter that had been released to the media. Therein, Dr. Hathi asked Human

Resources Director Midkiff to process Plaintiff's termination and provided the alleged

justification for Plaintiff's termination, which contained stigmatizing statements about

Plaintiff's alleged reputation for morality and honesty. For example, Dr. Hathi accused

Plaintiff of "challenging" agency needs over her own personal interests, undermining trust

and morale on the agency leadership team, impacting others' psychological "safety,"

displaying an "inability or unwillingness" to constructively receive feedback – all of which

appears coded to mean Plaintiff did not fall in line with Dr. Hathi's desires and all without

providing any specific examples or providing Plaintiff any opportunity in advance to

understand and respond to the allegations. Plaintiff vigorously contests the stigmatizing statements, which were made in connection with the termination of Plaintiff's employment. Upon information and belief, the State does not typically release such confidential personnel information in response to a public records request.

46.

Many of the stigmatizing reasons Dr. Hathi cited in the letter were not addressed in Plaintiff's termination meeting. Plaintiff did not receive any meaningful coaching, and OHA denied her any opportunity to address or explain any allegations against her. Instead, Plaintiff believes that the State scapegoated her for its own problems with the agency backlog of hiring and investigations, which are much larger systemic problems mostly outside of Plaintiff's control. And, on the contrary, Plaintiff had repeatedly made many efforts to secure adequate staffing. In the time leading up to Plaintiff's termination, she was finally successful in reorganizing the department and getting people into the right roles. Nonetheless, these publicly disclosed stigmatizing statements effectively foreclose Plaintiff's ability to take advantage of other employment opportunities.

47.

A news article published in the Lund Report on August 20, 2024, states:

"Since June, spokespeople say, the agency has made it a priority to address the backlog, and go through open cases to resolve them as quickly as possible. Agency leadership has added an investigator and intake specialist to the equity unit while directing division managers to standardize the complaint process to ensure investigations are monitored and completed in a timely way.

The unit is also working on better coordination with the HR unit, an improved case monitoring system and a desk manual to formalize the process.

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

> With the added staff, Communications Director Robb Cowie wrote in an email, 'the Equity and Inclusion Division has addressed nearly all matters that were opened prior to 2024. Of the nearly 300 investigations initiated since January 1, 2020 (but before January 1, 2024), only 9 remain open and active ... Pending any extenuating circumstances – such as parties on leave or other factors – civil rights investigations are being completed within 120 days.'"

However, it is generally not easy or quick to make such dramatic progress within just a couple of months due to the complex processes involved in restructuring the department and gaining approval for new positions. Therefore, it is much more likely that Plaintiff's efforts resulted in the improvement that occurred during and slightly after her tenure. Furthermore, Plaintiff had been advocating for and working on an improved case monitoring system for years. These false and retaliatory statements have negatively impacted Plaintiff, causing additional emotional distress and reputational harm.

48.

Dr. Hathi then concluded the undated letter to HR describing the reasons for Plaintiff's termination by citing to her protected activity:

> "Finally, I understand Leann has brought forward several complaints of race discrimination or retaliation against various personnel in the agency (none of which, I have been advised) have been substantiated. If there are any current outstanding complaints or if any future complaints are received, it is a priority to promptly investigate these matters and to take appropriate action to address any substantiated allegations."

49.

As a result of the State's discriminatory and retaliatory treatment, Plaintiff has suffered significant and ongoing emotional distress.

/ / /

/ / /

Page 21 of 43 – COMPLAINT

**FIRST CLAIM FOR RELIEF**

**Fourteenth Amendment Equal Protection Violation – 42 U.S.C. § 1983**

**Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling**

50.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

51.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

52.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983.

53.

By the acts and omissions described above, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling discriminated against Plaintiff because of race, color, sex and/or gender, or any intersections of such identities, in violation of her right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

/ / /

/ / /

Page 22 of 43 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

54.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race, color, sex, and/or gender or any intersection thereof.

55.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling personally participated in depriving Plaintiff of her constitutional rights, directed the deprivation, or knew of the deprivation and failed to prevent it.

56.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling directed their subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

57.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling set in motion violative conduct that they knew or should have known would result in violations of Plaintiff's constitutional rights.

58.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's conduct as described above was done intentionally and demonstrated a reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

59.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

60.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

61.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1988, and ORS § 20.107.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1981 Race Discrimination -  42 U.S.C. § 1983

### Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling

62.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

63.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

64.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983.

Plaintiff had a clearly established right to be free from unlawful discrimination based on

race and/or color. 42 U.S.C. § 1981, 42 U.S.C. § 1983.

65.

By the acts and omissions described above, Defendants Hathi, Sifuentez, Leslie,

Midkiff, and Knieling discriminated against Plaintiff because of race and/or color in

violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

66.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and

Knieling directed their subordinates' violative conduct or acquiesced to their subordinates'

deprivation of Plaintiff's rights.

67.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and

Knieling set in motion violative conduct that she knew or should have known would result

in violations of Plaintiff's constitutional rights.

68.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and

Knieling's conduct as described above was done intentionally and demonstrated a

reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

69.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and

Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

70.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

71.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1988, and ORS § 20.107.

**THIRD CLAIM FOR RELIEF**

**Unlawful Deprivation of Property Interest – 42 U.S.C. § 1983 and 14th Amendment**

**Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling**

72.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

73.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

74.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The

rights protected by this provision include the right to due process before deprivation of a

protectable property interest and liberty interest under the Fourteenth Amendment to the

U.S. Constitution and statutory rights. *See Hibbs v. Dept. of Human Resources (Hibbs I)*,

273 F.3d 844, 860-61 (9th Cir. 2001), *aff'd by Hibbs II*, 538 U.S. 721 (2003) (discussing the

interaction between statutory civil rights laws and 42 U.S.C. § 1983).

75.

Plaintiff's contract for employment provided her with a property interest in her

employment protected by the Due Process Clause of the Fourteenth Amendment.

76.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling deprived Plaintiff of her

property interest in her employment by (a) effectuating a change from the "management

service" to "unclassified service" without notice or an opportunity to be heard, and (b)

terminating her employment without due process, including a failure to provide her with

notice or an opportunity to be heard.

77.

Plaintiff requests compensatory, economic, and/or nominal damages, equitable

relief, costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988.

78.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and

Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

Page 27 of 43 – COMPLAINT

79.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

80.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1988.

**FOURTH CLAIM FOR RELIEF**

**Unlawful Deprivation of Liberty Interest – 42 U.S.C. § 1983 and 14th Amendment**

**Against Defendants Hathi, Sifuentez, Midkiff, and Knieling**

81.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

82.

Defendants Hathi, Sifuentez, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

83.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The
rights protected by this provision include the right to due process before deprivation of a
protectable property interest and liberty interest under the Fourteenth Amendment to the
U.S. Constitution and statutory rights. *See Hibbs v. Dept. of Human Resources (Hibbs I)*,
273 F.3d 844, 860-61 (9th Cir. 2001), *aff'd by Hibbs II*, 538 U.S. 721 (2003) (discussing
interaction between statutory civil rights laws and 42 U.S.C. § 1983).

84.

Plaintiff has a liberty interest in her good name and reputation protected by the Due
Process Clause of the Fourteenth Amendment.

85.

Defendants Hathi, Sifuentez, and Knieling violated Plaintiff's liberty interests by its
public disclosure of stigmatizing statements about Plaintiff's good name, reputation,
honor, and integrity in connection with the termination of her employment.

86.

Plaintiff requests notice, a post-termination hearing, and a name-clearing hearing
pursuant to *Bollow v Federal Reserve Bank*, 650 F2d 1093, 1100 (9th Cir 1981),
compensatory, economic, and/or nominal damages, equitable relief, costs and attorney
fees pursuant to 42 U.S.C. §§ 1983, 1988.

87.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and
Knieling's unlawful acts, Plaintiff has suffered reputational damage, interference with

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

Plaintiff's ability to take advantage of other employment opportunities, compensatory and/or nominal damages.

88.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and Knieling unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

89.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1988.

**FIFTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(a)-(b)**

**Race and Color Discrimination**

**Against Defendant OHA**

90.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

91.

Oregon law provides that it is an "unlawful employment practice" for an employer and its agents to "discriminate" against an employee "in compensation or in terms,

Page 30 of 43 – COMPLAINT

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

conditions, or privileges of employment" or to "refuse to hire or employ" or to "bar or discharge" an individual because of "race," and/or "color."  ORS § 659A.030(1)(a)-(b).

92.

Defendant OHA is an employer for the purpose of ORS § 659A.030.

93.

Defendant OHA unlawfully discriminated against Plaintiff based on race and/or color through the actions described herein, including subjecting Plaintiff to harsher terms and conditions of employment, changing her employment status without notifying her, and terminating her employment.

94.

Defendant OHA allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment based on her race and/or color. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant OHA knew about the hostile work environment, described in the previous paragraphs, after multiple employees, including Plaintiff, reported it to an agent of Defendant OHA.

95.

Defendant OHA's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination and Defendant

BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

OHA's conduct was substantially motivated by her race and/or color and constitutes unlawful discrimination.

96.

Defendant OHA's disciplinary actions against Plaintiff, including its termination of Plaintiff's employment, were motivated by race and/or color.

97.

As a direct and proximate result of Defendant City's unlawful acts, Plaintiff has suffered economic damages.

98.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

99.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

/ / /

/ / /

/ / /

Page 32 of 43 – COMPLAINT

**SIXTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(f)**

**Retaliation for Opposing Any Unlawful Practice Under Chapter 659A**

**Against All Defendants**

100.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

101.

Defendant OHA is an employer for the purpose of ORS § 659A.030.

102.

Defendant OHA discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices.

103.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

104.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

Page 33 of 43 – COMPLAINT

105.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

## SEVENTH CLAIM FOR RELIEF

## ORS § 659A.199

## Whistleblower Retaliation

## Against Defendant OHA

106.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

107.

Defendant OHA is an employer for the purpose of ORS § 659A.199.

108.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of its contract with Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

109.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

Page 34 of 43 – COMPLAINT

110.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has

suffered significant emotional distress, humiliation, damage to her reputation, depression,

loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be

determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or

rules.

111.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses

incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885,

ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating

an important right in the public interest, and any other applicable laws or rules.

**EIGHTH CLAIM FOR RELIEF**

**ORS § 659A.203**

**Retaliation Against Public Employee Whistleblower**

**Against Defendant OHA**

112.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth

in the prior paragraphs of this complaint.

113.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her

employment by violating the terms of their contract with Plaintiff in substantial part for

opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well

Page 35 of 43 – COMPLAINT

as evidence of violations of federal and/or state laws, rules, or regulations, and/or mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public employer.

114.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

115.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

116.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

/ / /

/ / /

/ / /

/ / /

/ / /

Page 36 of 43 – COMPLAINT

## NINTH CLAIM FOR RELIEF

## ORS § 659A.230

## Retaliation For Initiating a Civil Proceeding

## Against Defendant OHA

117.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

118.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of their contract with Plaintiff in substantial part for initiating a civil proceeding with BOLI and the EEOC.

119.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

120.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

/ / /

/ / /

Page 37 of 43 – COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

121.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

**TENTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(g)**

**Aiding, Abetting, Inciting, Compelling, or Coercing an Unlawful Employment Practice Against Defendants Hathi, Sifuentez, Midkiff, and Knieling**

122.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

123.

Defendant Hathi is a "person" for the purpose of ORS § 659A.030.

124.

ORS § 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

125.

Defendants Hathi, Sifuentez, Midkiff, and Knieling violated ORS § 659A.030(1)(g) by, without limitation, aiding and abetting in the unlawful employment practices under Chapter 659A, including subjecting Plaintiff to adverse terms and conditions of

Page 38 of 43 – COMPLAINT

employment, on the basis of Plaintiff's race and color and intersection with sex and gender, and opposition to and complaints of illegal activity, and filing a complaint with administrative agencies.

126.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered economic damages.

127.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

128.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

/ / /

/ / /

/ / /

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**ELEVENTH CLAIM FOR RELIEF**

**42 U.S.C. 2000e et seq. ("Title VII")**

**Race and Color Discrimination and Retaliation**

**Against Defendant OHA**

129.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

130.

Title VII of the Civil Rights Act of 1964 prohibits employers and agents from discriminating in the terms or conditions of employment on the basis of an individual's race and color. 42 U.S.C. § 2000e-2(a).

131.

Defendant OHA is an employer for the purpose of Title VII.

132.

Defendant OHA unlawfully discriminated and retaliated against Plaintiff based on race and/or color and associated complaints and protected activity through the actions described herein, including subjecting Plaintiff to harsher terms and conditions of employment, changing her employment status without notifying her, and terminating her employment.

133.

Defendant OHA allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an

Page 40 of 43 – COMPLAINT

intimidating, hostile, or offensive working environment based on her race and color. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant OHA knew about the hostile work environment as described in the previous paragraphs.

134.

Defendant OHA's creation of, and/or failure to prevent or remediate, the hostile work environment for Plaintiff constitutes unlawful discrimination and retaliation, and Defendant OHA's conduct was substantially motivated by her race and color and constitutes unlawful discrimination.

135.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

136.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 2000e-5 and any other applicable laws or rules.

137.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to 42 U.S.C. §

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

2000e-5, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

### JURY TRIAL DEMAND

138.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

### PRAYER FOR RELIEF

139.

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.      Injunctive relief prohibiting further violations,

2.      Notice, a post-termination hearing, and a name-clearing hearing,

3.      Economic damages,

4.      Non-economic damages,

5.      Costs and attorney's fees,

6.      Prejudgment and post judgment interest as appropriate and allowed by law,

/ / /

/ / /

/ / /

/ /

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

7.      On all claims, as applicable, amounts necessary to offset the income tax

consequences of receiving a lump sum payment, rather than receiving

payment of wages over the applicable time frame; and

8.      Any other relief the court deems proper.


Dated: March 19, 2025.                    **BEACON EMPLOYMENT LAW**

                                           s/Talia Y. Guerriero
                                          Talia Y. Guerriero, OSB #115271
                                          talia@beaconforjustice.com


                                          Of Attorney for Plaintiff

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com