**Talia Y. Guerriero**, OSB #115271
talia@beaconforjustice.com
**David C. Higgs**, OSB #114193
david@beaconforjustice.com
Beacon Employment Law
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-564-4689 (Fax)
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities;<br><br>Defendants. | Case No. 6:25-cv-00470-AA<br><br>**FIRST AMENDED COMPLAINT**<br><br>42 U.S.C. § 1983 and 42 U.S.C. § 1981 Violations of Fourteenth Amendment Equal Protection and Race and Color Discrimination, Deprivation of Property and Liberty Interests Without Due Process; ORS § 659A.030(1)(a)-(b), (f), Whistleblower Retaliation, ORS § 659A.199, ORS § 659A.203; Retaliation for Civil Proceedings, ORS § 659A.230; Aiding, Abetting, Inciting, Coercing, or Compelling Unlawful Discrimination and Retaliation, ORS § 659A.030(1)(g); 42 U.S.C. 2000e et seq. ("Title VII")<br><br>DEMAND FOR JURY TRIAL |

Page 1 of 47 – FIRST AMENDED COMPLAINT

**INTRODUCTION**

1.

Leann Johnson was a hardworking and dedicated employee of the State of Oregon, Oregon Health Authority ("OHA"). OHA hired Ms. Johnson in September of 2010 as the Diversity Manager and later promoted her to the Equity and Inclusion Division ("E&I") director. Ms. Johnson received positive praise over her many years of service despite formidable bureaucratic hurdles and systemic failures that she tried to navigat. Ms. Johnson was a fierce advocate for creating systemic justice in a difficult system as well as a beloved leader and inspiration to many people, as demonstrated by her receipt of the 2024 Cheryl Boyce Leadership Award and also being awarded as the 2024 Oregon Public Health Association Health Equity Champion.

On or around December 21, 2023, Ms. Johnson filed a complaint with the Bureau of Labor & Industries ("BOLI") alleging that the State had repeatedly retaliated against her for raising concerns that her own direct reports were being subjected to unlawful discrimination. Ms. Johnson specified that she had experienced "gaslighting, scapegoating, and questioning of [her] competence, character, and honesty" as well as "undermining of [her] management decisions and a lack of communication with [her] and [her] division."

In January of 2024, OHA hired Defendant Sejal Hathi as the agency's new Director. From the outset of Dr. Hathi's employment, Plaintiff observed her to be hostile to different

Page 2 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

opinions and employee complaints. Nonetheless, Plaintiff continued to raise valid concerns of racism and discrimination in an appropriate and professional manner.

On or around February 28, 2024, BOLI notified OHA of Ms. Johnson's December 2023 BOLI complaint. On or around March 7, 2024, the State issued investigatory findings that [Human Resources ("HR")] lacked consistency and transparency. Shortly thereafter, Dr. Hathi became increasingly hostile towards Ms. Johnson and treated her more harshly than similarly-situated peers. Towards the end of April 2024, Ms. Johnson elevated her complaints to a formal HR investigation and responded to another Black employee's all-staff email complaining of racism by stating:

> ***"From an ethical perspective, I am blowing the whistle on this and seeking such protections. I too am tired. As a Black woman, I cannot let another Black woman be out there alone."***

On or around May 1, 2024, Dr. Hathi told Plaintiff to choose her words "wisely."

On or around May 29, 2024, Ms. Johnson emailed Investigator Hampton "...***I am experiencing a hostile work environment..."***, which was met shortly thereafter by Dr. Hathi and Angela Sifuentez's abrupt termination of her 14-year career. Furthermore, Jessica Knieling and Berri Leslie participated in adding a memorandum to her file mere days before terminating her allegedly to approve her position as "unclassified" service to deprive her of her property interest in her job without sufficient substantive or procedural due process. After Ms. Johnson was terminated, the alleged reasons for the termination – which Ms. Johnson vigorously contests – were released to the media by OHA and smeared across news headlines before ever being shared with her.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

As such, Plaintiff alleges as follows:

**PARTIES**

2.

Plaintiff Leann Johnson (hereinafter "Plaintiff" or "Ms. Johnson"), at the time of filing and at all material times, is and was a resident of Clark County, Washington, an employee or former employee of the Oregon Health Authority, and a Black woman.

3.

Defendant State of Oregon is a State responsible for ensuring that its departments, systems, and agencies, including Oregon Health Authority, comply with federal and state laws (collectively referred to herein as "Defendant" or "OHA"). The State is liable for the tortious conduct of its agents and employees pursuant to ORS § 30.265(1) and ORS § 30.285(1). The State is an "employer" under ORS § 659A.001 and a "public employer" pursuant to ORS § 659A.203.

4.

At all material times, OHA employed Defendant Sejal Hathi ("Defendant Hathi" or "Dr. Hathi") as a supervisor, employee, and agent of the State under color of law. Defendant Hathi is and was a resident of Clackamas County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

/ / /

/ / /

/ / /

Page 4 of 47 – FIRST AMENDED COMPLAINT

5.

At all material times, OHA employed Defendant Angela Sifuentez ("Defendant Sifuentez") as a human resources representative, employee, and agent of the State under color of law. Defendant Sifuentez is and was a resident of Marion County, Oregon.

6.

At all material times, OHA employed Defendant Jennifer Midkiff ("Defendant Midkiff") as a human resources representative, employee, and agent of the State under color of law. Defendant Midkiff is and was a resident of Marion County, Oregon.

7.

At all material times, Oregon's Department of Administrative Services ("DAS") employed Defendant Berri Leslie ("Defendant Leslie") as a director, employee, and agent of the State under color of law. Defendant Leslie is and was a resident of Marion County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

8.

At all material times, DAS employed Defendant Jessica Knieling ("Defendant Knieling") was a director, employee, and agent of the State under color of law. Defendant Knieling is and was a resident of Marion County, Oregon and is a "person" for the purposes of 42 U.S.C. § 1983.

/ / /

/ / /

/ / /

Page 5 of 47 – FIRST AMENDED COMPLAINT

**TORT CLAIM NOTICE**

9.

On or around September 11, 2024, Plaintiff provided timely notice of all necessary claims to all necessary parties under ORS § 30.275.

**ADMINISTRATIVE EXHAUSTION**

10.

On or around December 21, 2023, Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") in Case No. EEEMRC231221-1165. On or around December 19, 2024, BOLI and EEOC issued a right to sue in Case No. EEEMRC231221-1165.

On or around December 21, 2024, Plaintiff filed a second complaint with BOLI and EEOC in Case No. 24-15464. On or around March 19, 2025, Plaintiff requested and became entitled to a right to sue letter from BOLI and EEOC in Case No. 24-15464.

**FACTUAL ALLEGATIONS**

11.

In or around September 2010, the State hired Plaintiff as the Diversity Development Executive Manager under Tricia Tillman, director of the Office of Multicultural Health and Services ("OMHS") within the Oregon Department of Human Services ("DHS" or "ODHS"). In 2011, OHA became a separate agency from DHS. In or around 2014, OMHS was renamed OHA's Office of Equity and Inclusion ("OEI"). In 2015, OHA Director Lynne Saxton hired Plaintiff as the Head of Equity. In or around 2017-2018, OEI was renamed the Equity

Page 6 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

and Inclusion Division ("E&I"). In 2021, Plaintiff accepted a position entitled "Equity and Inclusion Division Director."

### *History of OHA Discrimination and Harassment Investigations*

12.

Over the years, Plaintiff encountered an numerous bureaucratic hurdles and systemic failures that she tried to navigate, particularly around the agency's internal investigation of harassment and discrimination complaints. A 2009 report by external contractors, John Lenssen and Francis Portillo, revealed concerns about the ways in which DHS Human Resources employees were handling discrimination and harassment investigations.

13.

In or around 2010, the State moved the responsibilities for the discrimination and harassment investigations to OMHS. During the same time that OHA and DHS worked to transition to two agencies, OHA was also tasked with managing the State's health systems transformation and the creation of the Coordinated Care Organization concept in Medicaid health delivery. As a result of the transition, Ms. Johnson was charged with developing the Discrimination and Harassment Free workplace procedure and program. At this time, Human Resources was a shared service between OHA and DHS. Ms. Johnson tried to work closely with Carolyn Ross (HR Director) and Ken McGee (Senior HR Manager) on transitioning the Discrimination and Harassment investigations to OMHS but experienced significant tension and pushback on the transition.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

14.

At the time of the transition of investigations from HR to OEI, HR represented that they conducted approximately **seven** (7) discrimination and harassment investigations in a biennium. Ms. Johnson used that information to design the OMHS investigation program, and she and her manager, Tricia Tillman, were able to secure only one limited duration investigator based on HR's representation about the frequency of investigations. However, once OMHS launched its investigation program, it soon became apparent that HR wildly underestimated – or plain misrepresented – the number of investigations commenced within a two-year period. As a result, the workload was exponentially greater than forecasted. For example, OMHS logged approximately **eighty (80)** investigations in the first twelve months. In addition to her shock at the number of investigations, Ms. Johnson came to understand that HR's investigation procedures were cursory, inadequate, and ineffectual. The relationship between OMHS and HR began to deteriorate significantly as Ms. Johnson attempted to voice her concerns.

15.

In or around 2014, OMHS was renamed and became the Office of Equity and Inclusion ("OEI"). In January 2015, Ms. Johnson was appointed OEI's interim director, and by roughly July 2015, became permanent director. Around the same time, Governor Kate Brown appointed Lynne Saxton as OHA's permanent director. Soon thereafter, Ms. Saxton discontinued all limited-duration employment positions, which caused all investigators to reapply for their positions (although they had already completed a competitive process to

Page 8 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

become limited-duration investigators), thus creating significant distraction and delaying numerous pending investigations.

16.

Over the next few years, Ms. Johnson put forth her best efforts in overseeing the management of the investigations program despite inadequate staffing and an essentially perpetual backlog. The investigators worked evenings and weekends to clear the backlog. Ms. Johnson tried repeatedly to create solutions, such as requesting resources and support, asking for increased cooperation from HR, and requesting a functional case management system that would be adequate to organize and service the agency's needs. Additionally, Ms. Johnson had developed formalized processes and procedures for investigations as early as 2011, which she continuously updated.

17.

Ms. Johnson's efforts were repeatedly undermined or made impossible by insufficient funding, lack of clear direction, and internal roadblocks. In order to create more positions, Ms. Johnson was required to go through OHA's HR, including Minnie McCloud-Walker, instead of going directly to the Compensation and Classification division of the Department of Administrative Services ("DAS"), which was the department with the authority for approving and creating positions that could have addressed OEI's backlog. However, Ms. Johnson received heavy pushback from Ms. McCloud-Walker on creating new positions, which often came in the form of citing DAS's concerns and roadblocks. For example, Ms. Johnson worked hard in 2021 and 2022 to try to get Janice Kim and Shelley

Page 9 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

Das promoted in a way that would allow a better supervision structure for the department and address the fact that Ms. Kim and Ms. Das were not being paid correctly for the type of work they were doing.  OHA HR denied Ms. Johnson's promotion requests repeatedly, citing to DAS Compensation and Classification as the barrier. Ms. Johnson discussed the denials with OHA Director Pat Allen and OHA Deputy Director Kris Kautz as having a disparate impact on people of color. Mr. Allen and Ms. Kautz shared that they reported Ms. Johnson's concerns of the disparate racial impact to DAS. Ms. Johnson recalls hearing from Mr. Allen, Ms. Kautz, and Ms. McCloud-Walker that the report had upset or angered DAS and/or that DAS officials did not want to be called racist. Ms. Johnson pushed for a formal investigation, but it went nowhere, and she felt compelled to file an anonymous complaint on the Secretary of State website.

18.

Meanwhile, E&I continued to suffer from HR's failures and shortcomings while HR repeatedly scapegoated its own problems onto E&I. One of many examples includes that HR was not appropriately tracking numbers related to disabilities and accommodations requests. Then-HR Director Buffy Rider represented that HR was tracking such information, but E&I was unable to gain access to it when writing their Affirmative Action reports. In 2023, HR confirmed that it had not been tracking the data contrary to prior representations.

/ / /

/ / /

Page 10 of 47 – FIRST AMENDED COMPLAINT

19.

In or around January of 2024, Ms. Johnson and her management team were able to make a breakthrough with DAS's Classification and Compensation Division. By working directly with DAS – rather than through OHA's assigned HR – Ms. Johnson made incredible progress on getting approval for positions and what she felt was more competent advice on restructuring the department to address the backlog. Finally, things were starting to look up for addressing the backlog of E&I investigations.

### *Plaintiff's Own Complaints of Discrimination and Retaliation*

20.

Despite the many challenges, Ms. Johnson worked hard within a broken system and cherished the many connections and relationships she developed in her role. In turn, Ms. Johnson was also beloved by many, both internal and external to OHA, as demonstrated by the many public comments of support she has received since her termination. Further, Ms. Johnson was the recipient of the 2024 Cheryl Boyce Leadership Award and the 2024 Oregon Public Health Association Health Equity Champion Award.

21.

Plaintiff was also a fierce advocate for addressing discrimination when she witnessed it herself, despite the potential personal political cost. For example, in or around April 2023, Plaintiff filed an internal complaint with Dave Baden, Interim OHA Director, about her concern that racial bias played a part in a Human Resources investigation into one of the E&I employees.

Page 11 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

22.

After the internal complaint was inadequately addressed, Plaintiff filed an external complaint for the first time with the Bureau of Labor and Industries ("BOLI") on or around December 21, 2023. Plaintiff alleged that the State had repeatedly retaliated against her for raising concerns that her own direct reports were experiencing unlawful discrimination. Ms. Johnson specified that she had been excluded from participating in a disciplinary proceeding about which she expressed concerns of racial bias and that she herself was experiencing "gaslighting, scapegoating, and questioning of [her] competence, character, and honesty," as well as "undermining of [her] management decisions and a lack of communication with [her] and [her] division."

### Dr. Hathi's Hiring as OHA Director

23.

In or around mid-January 2024, Dr. Sejal Hathi filled the role of OHA Director. In or around mid-March 2024, Ashley Thirstrup became Chief of Staff. Over the first few months of Defendant Hathi's time at OHA, Plaintiff observed that Dr. Hathi appeared to become tense when employees, including Plaintiff, provided constructive criticism or feedback. This was in stark contrast to the environment Plaintiff observed the previous OHA Director foster in which employees were encouraged to share feedback and concerns.

24.

On or around February 28, 2024, BOLI mailed a letter to Plaintiff and OHA describing and enclosing her formal December 21, 2023, BOLI complaint.

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

25.

On or around March 7, 2024, the State issued investigatory findings that HR lacked consistency and transparency in one of the decisions about which Plaintiff had complained.

26.

On or around March 20, 2024, Plaintiff attended an OHA Leadership Team Meeting. During this meeting, Plaintiff reported her good faith belief of violations of law, rules, or regulations and government mismanagement regarding a Behavioral Health Services report that had been created by the newly and opaquely developed Budget Formulation Office led by Mollie Bates. For example, Plaintiff respectfully and professionally inquired about whether the report had properly undergone an equity review. Ms. Bates indicated that she was concerned about the timeline of an equity review. Plaintiff also respectfully and professionally questioned the report's lack of an alternate format statement and potential violations of disability laws. Despite Plaintiff's professionalism while addressing these serious concerns, Plaintiff perceived Dr. Hathi's response to her as immediately defensive and hostile, making statements to Plaintiff that no one there was opposed to an equity review – which was not something Plaintiff had said.

27.

On or around March 20, 2024, Dr. Hathi promoted or created new positions for at least four Caucasian employees. In contrast, Plaintiff is unaware of any Women of Color within OHA that received a direct appointment promotion within or into permanent

Page 13 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

management positions during the same time period. Plaintiff continued to feel that decisions were being made in a vacuum without input from an equity perspective.

28.

On or around April 11, 2024, Plaintiff reported to Dr. Hathi and other leaders her concern that the new OHA logo might be problematic in terms of potentially creating a hostile work environment because it resembled the Imperial flag of Japan. Although Plaintiff recommended a pause in the process based on potential insensitivity and harm to the Korean community of Oregon, the leadership refused her recommendation to pause. Plaintiff next reported the matter to DAS. Plaintiff's understanding is that her report led to repercussions for Dr. Hathi, and the logo process was subsequently paused against Dr. Hathi's prior directive. Thereafter, Plaintiff noticed a significant increase in retaliatory behaviors by Dr. Hathi.

### *Ms. Johnson's Elevation of Protected Complaints to DAS*

29.

On or around April 17, 2024, Plaintiff met with DAS investigator Travis Hampton and made several protected complaints about Dr. Hathi's behavior. During the meeting, Plaintiff also complained about the agency's failure to adhere to policy, systemic issues related to pay equity, ongoing microaggressions toward Black agency staff, and the leadership's failure to heed legitimate and well-founded concerns.

///

///

Page 14 of 47 – FIRST AMENDED COMPLAINT

30.

On or around April 24, 2024, another Black employee emailed a group of leaders, including Dr. Hathi, going into depth about the problems of racial bias and microaggressions within the agency causing "harm and oppression in the workplace." The employee described that during a 2024 Black History Month Panel Discussion hosted by the DAS Office of Cultural Change, "there was a variety of common sentiment and experiences from some Black/African/African Descent Employees across the State of Oregon Enterprise." Plaintiff replied to all recipients of the employee's email, including Dr. Hathi:

> "From an ethical perspective, I am blowing the whistle on this and seeking such protections. I too am tired. As a Black woman, I cannot let another Black woman be out there alone."

A third employee replied to all:

> "I see you, I see myself in your words.
> I see my mother, my auntie, my grandmother, my grandfather, my
> great grandparents, my ancestors.
> I read your words, and I hear my voice.
> I hear my mother, my auntie, my grandmother, my great grandmother,
> my ancestors.
> We share a narrative, and just as Leann said,
> I too as a black woman cannot let another black woman be out there alone."

31.

Plaintiff forwarded the email chain to investigator Hampton. On or around April 26, 2024, Plaintiff met with Investigator Hampton again, who made a statement along the lines of that a lot was swirling at the Governor's Office level on this topic, that he understood

Page 15 of 47 – FIRST AMENDED COMPLAINT

that Plaintiff was under "whistleblower status," and that he understood her to be a very respected leader who was providing an insider's view of racial issues.

32.

From around this time through the present, Plaintiff experienced increasing adverse physical and mental health effects as a result of the discrimination, retaliation, and hostile work environment she endured at OHA.

33.

On or around May 1, 2024, Plaintiff attended two meetings with Dr. Hathi – one regarding the logo and one regarding the development of the OHA strategic plan. At the strategic plan meeting, Dr. Hathi made a statement along the lines that Plaintiff should choose her words wisely, which Plaintiff perceived tito be said in an ominous and threatening manner.

34.

On or around May 7, 2024, Dr. Hathi gave a status report during the Oregon Health Policy Board ("OHPB") meeting, which is publicly available online. During her report, Dr. Hathi made demeaning comments about some leaders on the OHA leadership team by indicating that they were "judgment[al]," "belittling," and "punitive." Dr. Hathi indicated that she would prefer to "coach" people rather than punish them.

35.

On or around May 23, 2024, Plaintiff reported to OHA upper-level leadership, including Dr. Hathi, her good faith belief that OHA's press release regarding Mpox violated

Page 16 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

non-discrimination and anti-harassment regulations and laws. Plaintiff was concerned that the leadership team was dismissive of the potential harm caused to LGBTQIA+ communities by the press release, especially since concerns had been reported to her by employees from the LGBTQIA+ communities.

36.

On or around May 28, 2024, Ms. Thirstrup met with Plaintiff and Interim Public Health Director Cara Biddlecom. During the meeting, Ms. Thirstrup told Plaintiff that she felt personally harmed by Plaintiff's report related to the Mpox press release.

37.

At some point in May 2024, Investigator Hampton informed Plaintiff that he did not have jurisdiction over a number of Plaintiff's complaints.

38.

On or around May 28, 2024, Plaintiff met with Investigator Hampton again. Investigator Hampton told Plaintiff that Jessica Knieling, DAS Human Resources, and Berri Leslie, DAS Chief Operating Officer and Director, also Dr. Hathi's supervisor, had been briefed about the matter of Plaintiff's complaints and that another investigator by the name of Eric would be contacting Dr. Hathi to get her version of events in relation to Plaintiff's complaints.

39.

On or around May 29, 2024, Plaintiff provided Investigator Hampton more details about her complaints about Dr. Hathi's policy violations related to retaliation,

Page 17 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

professionalism, hostile work environment, and patterns of mistreatment, summarizing as follows:

"Taken in their entirety I am experiencing a hostile work environment, including reputational damage, harm to my health and I do question if this is not only due to my role in the agency, but my race as well. Additional women of color in the agency leadership are wondering the same."

40.

Shortly thereafter, and over the next couple of weeks, Plaintiff received information from Dr. Hathi's OHA shared calendar – at least once, and maybe twice – that Dr. Hathi was meeting with Ms. Knieling about a pending employee matter.

41.

On or around June 11, 2024, Plaintiff attended a leadership meeting with Dr. Hathi during which Plaintiff felt Dr. Hathi was hostile and upset with Plaintiff. Their discussion included statements that Plaintiff believed to be targeted at her in relation to admonishing the team to assume "good intent of others" and statements encouraging the team to agree with and support group decisions. Plaintiff's perception was that such messaging was designed to shut down opposition and instead simply encourage people to acquiesce to authority.  Plaintiff also perceived a double standard in the messaging insofar as she was expected to afford her colleagues on the OHA Leadership Team the benefit of "good intent," while the OHA Leadership Team appeared to assume Plaintiff's statements were

Page 18 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

being made with intent to harm, which had the effect of allowing them to avoid accountability for their own misconduct.

### *OHA Attempted to Add Post Hoc Documentation Intended to Deprive Ms. Johnson of Due Process Rights and Proceeded to Summarily Terminate Her Employment*

42.

Sometime in mid-June 2024, Director Hathi made the decision to terminate Ms. Johnson. Shortly thereafter, Jennifer Midkiff, OHA Human Resources Director, determined that Ms. Johnson's personnel file lacked all the components to fulfill the ORS 240.205(4) requirements and asked her staff to prioritize "sourcing" an approval letter from DAS for Ms. Johnson, which resulted in Plaintiff's loss of management service protections.

43.

On or around June 13, 2024, Ms. Knieling asked Jen Coney, CHRO Administrator of DAS Classification and Compensation, to place a memorandum in Plaintiff's file to convert Plaintiff's position to the unclassified service from a "management service" position, which would otherwise include mandatory language restricting the decision of the decisionmaker on matters of continued employment. As such, the memorandum had the effect of depriving Plaintiff of her protectable property interest in her position and undermining her management service job protection. On or around June 18, 2024, Ms. Leslie signed the memorandum, but no one ever notified Ms. Johnson about the memorandum or change in her employment status. As a result, the State never offered – nor did Plaintiff ever accept – an unclassified service position that met the requirements of ORS 240.205(4).

Page 19 of 47 – FIRST AMENDED COMPLAINT

44.

Nonetheless, on June 21, 2024, Dr. Hathi and Human Resources Manager Angie Sifuentez summarily terminated Plaintiff's employment without notice, due process, or any opportunity to be heard. Dr. Hathi and/or Ms. Sifuentez stated that the termination meeting was "not [for] fact-finding" and that they would not offer [Plaintiff] another position within the State. When Plaintiff asked why Dr. Hathi was terminating her employment, Dr. Hathi cited "strained relationships" with herself, members of the leadership team, and within the agency.

45.

Shortly thereafter, OHA abruptly cut off Plaintiff's access to all agency systems. After nearly 14 years of employment, OHA did not give Plaintiff a chance to properly say goodbye to her long-term colleagues, to contact people internally or externally to help transition many mission-critical commitments, or even to leave an out-of-office message on her email. Upon information and belief, other similarly situated employees were allowed such courtesies.

46.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and/or Knieling knew or had reason to know that (1) Plaintiff had due process rights before they took her out of management service and/or terminated her employment, and (2) Defendants could not take adverse actions against Plaintiff due to her race/color and/or gender and/or intersections thereof. Defendants Hathi, Sifuentez, Leslie, Midkiff, and/or Knieling had such knowledge when

Page 20 of 47 – FIRST AMENDED COMPLAINT

they personally participated in taking the adverse actions against Plaintiff as described herein. A sufficient causal connection exists between Defendants' wrongful conduct and the constitutional violation.

47.

Plaintiff requested reinstatement, which has not been granted.

### *Post Termination Retaliation*

48.

Even after Plaintiff's termination, OHA and Dr. Hathi continued to harm Plaintiff's reputation. On June 28, 2024, Larry Bingham – External Relations – emailed Plaintiff a copy of an undated letter that had been released to the media. Therein, Dr. Hathi asked Human Resources Director Midkiff to process Plaintiff's termination and described the alleged justifications for Plaintiff's termination as  Plaintiff:

 A. "challenged" agency needs over her own personal interests,

 B. caused an erosion of trust and confidence in the OHA office,

 C. inappropriately delayed or closed important civil rights investigations,

 D. undermined trust and morale on the agency leadership team,

 E. impacted others' psychological "safety,"

 F. displayed an "inability or unwillingness" to constructively receive feedback.

49.

The totality of Dr. Hathi's statements appears coded to mean Plaintiff did not fall in line with Dr. Hathi's desires and all without providing any specific examples or providing

Page 21 of 47 – FIRST AMENDED COMPLAINT

Plaintiff any opportunity in advance to understand and respond to the allegations. Dr. Hathi's repeated references to Plaintiff allegedly undermining or eroding "trust" stigmatizes Plaintiff's reputation for honesty and the repeated references to Plaintiff allegedly putting her own personal interests over the agency, inappropriately delaying or closing investigations, and threatening others' psychological safety stigmatizes Plaintiff's reputation for morality and temperamental fitness for her profession. Plaintiff vigorously contests the disparaging statements, which were made in connection with the termination of Plaintiff's employment. Upon information and belief, the State does not typically release such confidential personnel information in response to a public records request.

50.

Many of the disparaging reasons Dr. Hathi cited in the letter were not addressed in Plaintiff's termination meeting. Plaintiff did not receive any meaningful coaching, and OHA denied her any opportunity to address or explain any allegations against her. Instead, the State scapegoated her for its own problems with the agency backlog of hiring and investigations, which were systemic problems outside of Plaintiff's control. Indeed, Plaintiff had repeatedly made many efforts to secure adequate staffing. In the time leading up to Plaintiff's termination, she was ultimately successful in reorganizing the department and getting people into the right roles. Nonetheless, these publicly disclosed stigmatizing statements effectively foreclose Plaintiff's ability to take advantage of other employment opportunities.

/ / /

Page 22 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

51.

A news article published in the Lund Report on August 20, 2024, states:

"Since June, spokespeople say, the agency has made it a priority to address the backlog, and go through open cases to resolve them as quickly as possible. Agency leadership has added an investigator and intake specialist to the equity unit while directing division managers to standardize the complaint process to ensure investigations are monitored and completed in a timely way.

The unit is also working on better coordination with the HR unit, an improved case monitoring system and a desk manual to formalize the process.

With the added staff, Communications Director Robb Cowie wrote in an email, 'the Equity and Inclusion Division has addressed nearly all matters that were opened prior to 2024. Of the nearly 300 investigations initiated since January 1, 2020 (but before January 1, 2024), only 9 remain open and active ... Pending any extenuating circumstances – such as parties on leave or other factors – civil rights investigations are being completed within 120 days.'"

Such false and retaliatory statements have negatively impacted Plaintiff, causing additional emotional distress and reputational harm. It is effectively impossible to make such dramatic progress within just a couple of months because of the complex processes involved in restructuring the department and gaining approval for new positions. It is much more likely that Plaintiff's efforts allowed for the rapid improvement that occurred. Furthermore, Plaintiff had been advocating for and working on an improved case monitoring system for years.

52.

Dr. Hathi then concluded the undated letter to HR describing the reasons for Plaintiff's termination by citing to her protected activity:

"Finally, I understand Leann has brought forward several complaints of race discrimination or retaliation against various personnel in the agency (none of which, I have been advised) have been substantiated. If there are any current

Page 23 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

outstanding complaints or if any future complaints are received, it is a priority to promptly investigate these matters and to take appropriate action to address any substantiated allegations."

53.

Defendants OHA and Hathi intentionally and inaccurately blamed Plaintiff for its own systemic problems, misconstrued facts, and then publicized the position in a way that has effectively "denylisted" Plaintiff from her occupation and from practicing her profession – both within and outside the government. Defendants' actions have made it virtually impossible for Plaintiff to find employment or will require a protracted period of unemployment in her chosen field. Defendants' conduct has seriously damaged Plaintiff's standing in her relevant communities. Since her termination, Plaintiff has repeatedly applied for jobs in her chosen field for which she was qualified and overqualified and has been repeatedly rejected.

54.

As a result of the State's discriminatory and retaliatory treatment, Plaintiff has suffered significant and ongoing emotional distress.

**FIRST CLAIM FOR RELIEF**

**Fourteenth Amendment Equal Protection Violation – 42 U.S.C. § 1983**

**Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling**

55.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

Page 24 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

56.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

57.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983.

58.

By the acts and omissions described above, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling discriminated against Plaintiff because of race, color, sex and/or gender, or any intersections of such identities, in violation of her right to equal protection of the laws enshrined in the 14th Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

59.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race, color, sex, and/or gender or any intersection thereof.

60.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling personally participated in depriving Plaintiff of her constitutional rights, directed the deprivation, or knew of the

Page 25 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

deprivation and failed to prevent it. A sufficient causal connection exists between Defendants' wrongful conduct and the constitutional violation.

61.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling directed their subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

62.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling set in motion violative conduct that they knew or should have known would result in violations of Plaintiff's constitutional rights.

63.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's conduct as described above was done intentionally and demonstrated a reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

64.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

65.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of

Page 26 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

66.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1983,1988, and ORS § 20.107.

**SECOND CLAIM FOR RELIEF**

**42 U.S.C. § 1981 Race Discrimination - 42 U.S.C. § 1983**

**Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling**

67.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

68.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

69.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983.

Page 27 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

Plaintiff had a clearly established right to be free from unlawful discrimination based on race and/or color. 42 U.S.C. § 1981, 42 U.S.C. § 1983.

70.

By the acts and omissions described above, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling discriminated against Plaintiff because of race and/or color in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Defendants personally participated in depriving Plaintiff of her constitutional rights, directed the deprivation, or knew of the deprivation and failed to prevent it, and a sufficient causal connection exists between Defendants' wrongful conduct and the constitutional violation.

71.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling directed their subordinates' violative conduct or acquiesced to their subordinates' deprivation of Plaintiff's rights.

72.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling set in motion violative conduct that she knew or should have known would result in violations of Plaintiff's constitutional rights.

73.

In addition, or in the alternative, Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's conduct as described above was done intentionally and demonstrated a reckless or callous and deliberate indifference to Plaintiff's constitutional rights.

Page 28 of 47 – FIRST AMENDED COMPLAINT

74.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

75.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

76.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1983, 1988, and ORS § 20.107.

**THIRD CLAIM FOR RELIEF**

**Unlawful Deprivation of Property Interest – 42 U.S.C. § 1983 and 14th Amendment**

**Against Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling**

77.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

/ / /

/ / /

Page 29 of 47 – FIRST AMENDED COMPLAINT

78.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling are each a person who acted in their individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

79.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include the right to due process before deprivation of a protectable property interest and liberty interest under the Fourteenth Amendment to the U.S. Constitution and statutory rights. *See Hibbs v. Dept. of Human Resources (Hibbs I)*, 273 F.3d 844, 860-61 (9th Cir. 2001), *aff'd by Hibbs II*, 538 U.S. 721 (2003) (discussing the interaction between statutory civil rights laws and 42 U.S.C. § 1983).

80.

Plaintiff's contract for employment provided her with a property interest in her employment protected by the Due Process Clause of the Fourteenth Amendment.

81.

Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling deprived Plaintiff of her property interest in her employment by (a) effectuating a change from the "management service" to "unclassified service" without notice or an opportunity to be heard, and (b)

Page 30 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

terminating her employment without procedural due process, including a failure to provide her with notice or an opportunity to be heard.

82.

Defendants OHA and Hathi unlawfully and knowingly participated in depriving Plaintiff of her substantive due process rights in her property interest in her occupational liberty by inaccurately blaming Plaintiff for its own systemic problems, misconstruing facts, and publicizing their position in a way that has effectively "denylisted" Plaintiff from her occupation and from practicing her profession within the government and made it otherwise virtually impossible for her to find employment in her chosen field. Defendants personally participated in depriving Plaintiff of her constitutional rights, directed the deprivation, or knew of the deprivation and failed to prevent it. A sufficient causal connection exists between Defendants' wrongful conduct and the constitutional violation.

83.

Plaintiff requests compensatory, economic, and/or nominal damages, equitable relief, costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988.

84.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered compensatory and/or nominal damages.

///

Page 31 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

85.

As a direct and proximate result of Defendants Hathi, Sifuentez, Leslie, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

86.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1983, 1988.

**FOURTH CLAIM FOR RELIEF**

**Unlawful Deprivation of Liberty Interest – 42 U.S.C. § 1983 and 14th Amendment**

**Against Defendant Hathi**

87.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

88.

Defendant Hathi is a person who acted in her individual and official capacities under color of any statute, ordinance, regulation, custom, or usage" of Oregon pursuant to 42 U.S.C. § 1983.

/ / /

/ / /

Page 32 of 47 – FIRST AMENDED COMPLAINT

89.

Federal law prohibits the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State[.]" 42 U.S.C. § 1983. The rights protected by this provision include the right to due process before deprivation of a protectable property interest and liberty interest under the Fourteenth Amendment to the U.S. Constitution and statutory rights. *See Hibbs v. Dept. of Human Resources (Hibbs I)*, 273 F.3d 844, 860-61 (9th Cir. 2001), *aff'd by Hibbs II*, 538 U.S. 721 (2003) (discussing interaction between statutory civil rights laws and 42 U.S.C. § 1983).

90.

Plaintiff has a liberty interest in her good name and reputation protected by the Due Process Clause of the Fourteenth Amendment.

91.

Defendants Hathi and OHA violated Plaintiff's liberty interests by their making and disclosing stigmatizing statements about Plaintiff's good name, reputation, honor, and integrity in connection with the termination of her employment.  Defendants personally participated in depriving Plaintiff of her constitutional rights, directed the deprivation, or knew of the deprivation and failed to prevent it. A sufficient causal connection exists between Defendants' wrongful conduct and the constitutional violation.

/ / /

Page 33 of 47 – FIRST AMENDED COMPLAINT

92.

Plaintiff requests notice, a post-termination hearing, and a name-clearing hearing pursuant to *Bollow v. Federal Reserve Bank*, 650 F.2d 1093, 1100 (9th Cir 1981), compensatory, economic, and/or nominal damages, equitable relief, costs and attorney fees pursuant to 42 U.S.C. §§ 1983, 1988.

93.

As a direct and proximate result of Defendants Hathi and OHA's unlawful acts, Plaintiff has suffered reputational damage, interference with Plaintiff's ability to take advantage of other employment opportunities, compensatory and/or nominal damages.

94.

As a direct and proximate result of Defendants Hathi and OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 1988.

95.

Plaintiff requests compensatory damages, and/or nominal damages, equitable relief, costs, and attorney fees pursuant to 42 U.S.C. §§ 1981, 1983, 1988.

/ / /

/ / /

/ / /

/ / /

Page 34 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**FIFTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(a)-(b)**

**Race and Color Discrimination**

**Against Defendant OHA**

96.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

97.

Oregon law provides that it is an "unlawful employment practice" for an employer and its agents to "discriminate" against an employee "in compensation or in terms, conditions, or privileges of employment" or to "refuse to hire or employ" or to "bar or discharge" an individual because of "race," and/or "color." ORS § 659A.030(1)(a)-(b).

98.

Defendant OHA is an employer for the purpose of ORS § 659A.030.

99.

Defendant OHA unlawfully discriminated against Plaintiff based on race and/or color through the actions described herein, including subjecting Plaintiff to harsher terms and conditions of employment, changing her employment status without notifying her, and terminating her employment.

/ / /

/ / /

Page 35 of 47 – FIRST AMENDED COMPLAINT

100.

Defendant OHA allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment based on her race and/or color. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant OHA knew about the hostile work environment, described in the previous paragraphs, after multiple employees, including Plaintiff, reported it to an agent of Defendant OHA.

101.

Defendant OHA's creation of, and/or failure to prevent or remediate against, the hostile work environment for Plaintiff constitutes unlawful discrimination and Defendant OHA's conduct was substantially motivated by her race and/or color and constitutes unlawful discrimination.

102.

Defendant OHA's disciplinary actions against Plaintiff, including its termination of Plaintiff's employment, were motivated by race and/or color.

103.

As a direct and proximate result of Defendant City's unlawful acts, Plaintiff has suffered economic damages.

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

104.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

105.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

**SIXTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(f)**

**Retaliation for Opposing Any Unlawful Practice Under Chapter 659A**

**Against All Defendants**

106.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

107.

Defendant OHA is an employer for the purpose of ORS § 659A.030.

///

Page 37 of 47 – FIRST AMENDED COMPLAINT

108.

Defendant OHA discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices.

109.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered economic damages.

110.

As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

111.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

/ / /

/ / /

/ / /

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**SEVENTH CLAIM FOR RELIEF**

**ORS § 659A.199**

**Whistleblower Retaliation**

**Against Defendant OHA**

112.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

113.

Defendant OHA is an employer for the purpose of ORS § 659A.199.

114.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of its contract with Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

115.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

116.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be

Page 39 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

### 117.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

## EIGHTH CLAIM FOR RELIEF

## ORS § 659A.203

## Retaliation Against Public Employee Whistleblower

## Against Defendant OHA

### 118.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

### 119.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of their contract with Plaintiff in substantial part for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations, and/or mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the public employer.

Page 40 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

120.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

121.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

122.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

**NINTH CLAIM FOR RELIEF**

**ORS § 659A.230**

**Retaliation For Initiating a Civil Proceeding**

**Against Defendant OHA**

123.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this complaint.

Page 41 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

124.

Defendant OHA retaliated against Plaintiff in the terms and conditions of her employment by violating the terms of their contract with Plaintiff in substantial part for initiating a civil proceeding with BOLI and the EEOC.

125.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

126.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

127.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

///

///

///

Page 42 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**TENTH CLAIM FOR RELIEF**

**ORS § 659A.030(1)(g)**

**Aiding, Abetting, Inciting, Compelling, or Coercing an Unlawful Employment Practice**

**Against Defendants Hathi, Sifuentez, Midkiff, and Knieling**

128.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

129.

Defendant Hathi is a "person" for the purpose of ORS § 659A.030.

130.

ORS § 659A.030(1)(g) makes it an unlawful employment practice for any person "to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under Chapter 659A of the Oregon Revised Statutes.

131.

Defendants Hathi, Sifuentez, Midkiff, and Knieling violated ORS § 659A.030(1)(g) by, without limitation, aiding and abetting in the unlawful employment practices under Chapter 659A, including subjecting Plaintiff to adverse terms and conditions of employment, on the basis of Plaintiff's race and color and intersection with sex and gender, and opposition to and complaints of illegal activity, and filing a complaint with administrative agencies.

/ / /

Page 43 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

132.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered economic damages.

133.

As a direct and proximate result of Defendants Hathi, Sifuentez, Midkiff, and Knieling's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to ORS § 659A.885 and any other applicable laws or rules.

134.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to ORS § 659A.885, ORS § 20.107, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

**ELEVENTH CLAIM FOR RELIEF**

**42 U.S.C. 2000e et seq. ("Title VII")**

**Race and Color Discrimination and Retaliation**

**Against Defendant OHA**

135.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the paragraphs above.

Page 44 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

136.

Title VII of the Civil Rights Act of 1964 prohibits employers and agents from discriminating in the terms or conditions of employment on the basis of an individual's race and color. 42 U.S.C. § 2000e-2(a).

137.

Defendant OHA is an employer for the purpose of Title VII.

138.

Defendant OHA unlawfully discriminated and retaliated against Plaintiff based on race and/or color and associated complaints and protected activity through the actions described herein, including subjecting Plaintiff to harsher terms and conditions of employment, changing her employment status without notifying her, and terminating her employment.

139.

Defendant OHA allowed severe or pervasive workplace harassment, which had the purpose or effect of unreasonably interfering with Plaintiff's work and creating an intimidating, hostile, or offensive working environment based on her race and color. Plaintiff perceived the working environment to be hostile or abusive and a reasonable person in Plaintiff's circumstances would have considered the environment to be hostile or abusive. Defendant OHA knew about the hostile work environment as described in the previous paragraphs.

/ / /

Page 45 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

140.

Defendant OHA's creation of, and/or failure to prevent or remediate, the hostile work environment for Plaintiff constitutes unlawful discrimination and retaliation, and Defendant OHA's conduct was substantially motivated by her race and color and constitutes unlawful discrimination.

141.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered economic damages.

142.

As a direct and proximate result of Defendant OHA's unlawful acts, Plaintiff has suffered significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury at trial pursuant to 42 U.S.C. § 2000e-5 and any other applicable laws or rules.

143.

Plaintiff is entitled to recover attorney's fees, costs, expert costs, and expenses incurred investigating, filing, and completing this legal action pursuant to 42 U.S.C. § 2000e-5, this Court's equitable power to award attorneys' fees in actions vindicating an important right in the public interest, and any other applicable laws or rules.

/ / /

/ / /

Page 46 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com

**JURY TRIAL DEMAND**

144.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

**PRAYER FOR RELIEF**

145.

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.    Injunctive relief prohibiting further violations,

2.    Notice, a post-termination hearing, and a name-clearing hearing,

3.    Economic damages,

4.    Non-economic damages,

5.    Costs and attorney's fees,

6.    Prejudgment and post judgment interest as appropriate and allowed by law,

7.    On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame; and

8.    Any other relief the court deems proper.

Dated: May 21, 2025.            **BEACON EMPLOYMENT LAW**

                                 s/Talia Y. Guerriero
                                Talia Y. Guerriero, OSB #115271
                                talia@beaconforjustice.com
                                Of Attorney for Plaintiff

Page 47 of 47 – FIRST AMENDED COMPLAINT

**BEACON EMPLOYMENT LAW**
1000 SW Broadway, Suite 2130
Portland, Oregon 97205
Phone: 503-673-1388 / Fax: 503-564-4689
talia@beaconforjustice.com