DAN RAYFIELD
Attorney General
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
nathaniel.aggrey@doj.oregon.gov
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
T: (971) 673-1880
F: (971) 673-5000

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEANN JOHNSON,<br><br>       Plaintiff,<br><br>     v.<br><br>STATE OF OREGON; OREGON HEALTH AUTHORITY; SEJAL HATHI; BERRI LESLIE; JENNIFER MIDKIFF; ANGELA SIFUENTEZ; and JESSICA KNIELING,<br><br>       Defendants. | Case No.  6:25-cv-0470-AA<br><br>PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT |

## TABLE OF CONTENTS

LOCAL RULE 7-1 CERTIFICATION ...................................................................................... 1

MOTION................................................................................................................................... 1

INTRODUCTION .................................................................................................................... 2

FACTS ...................................................................................................................................... 3

LEGAL STANDARDS ............................................................................................................ 5

    Motion to Dismiss................................................................................................................ 5

    Motion to Strike .................................................................................................................. 6

ARGUMENT............................................................................................................................. 6

    I.     The individual defendants should not be sued in their "official" capacity (First, Second, Third and Fourth Claims for Relief)............................................................. 6

    II.    Plaintiff, an unclassified employee, has no property right to her job (Third Claim for Relief).................................................................................................. 6

    III.   Plaintiff has no right to a name clearing hearing and no enforceable liberty interest (Fourth Claim for Relief)............................................................... 9

    IV.   The allegations against the individual defendants are insufficient to maintain them in this action (First, Second, Third, Fourth, Sixth and Tenth Claims for Relief) ...................................................................................... 13

    V.    Leslie, Midkiff, Sifuentez and Knieling (and, potentially, Hathi) are entitled to a grant of qualified immuity ....................................................... 16

    VII.  The State should be substituted for the individual defendants and then dismissed.................................................................................................. 21

    VIII. The Amended Complaint presents matters not material which should be stricken ............................................................................................. 22

CONCLUSION....................................................................................................................... 26

CERTIFICATE OF SERVICE .............................................................................................. 27

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## TABLE OF AUTHORITIES

**Cases**

*Akers v. Cnty. of San Diego*,
  116 Cal. Rptr. 2d 602 (2002).................................................................................. 25

*Ala, Inc. v. CCAir, Inc.*,
  29 F3d 855 (3d Cir 1994)....................................................................................... 12

*Albright v. Oliver*,
  510 U.S. 266 (1994)................................................................................................. 7

*Anderson v. Creighton*,
  483 U.S. 635 (1987)............................................................................................... 16

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009)................................................................... 5, 6

*Barren v. Harrington*,
  152 F.3d 1193 (9th Cir.1998),
  *cert. denied*, 525 U.S. 1154 (1999)....................................................................... 20

*Board of Regents of State College v. Roth*,
  408 U.S. 564 (1972)............................................................................................ 9, 10

*Bollow v. Federal Reserve*,
  650 F.2d 1093 (9th Cir. 1981) ........................................................................... 10, 13

*Brady v. Gebbie*,
  859 F.2d 1543 (9th Cir. 1988) ............................................................................... 11

*Brosseau v. Haugen*,
  543 U.S. 194 (2004)............................................................................................... 16

*Burlington Industries, Inc. v. Ellerth*,
  524 U.S. 742, 118 S. Ct. 2257 (1998)................................................................. 24, 25

*Burlington N. & Santa Fe Ry. Co. v. White*,
  548 U.S. 53 (2006)................................................................................................. 25

*California v. Deep Sea Research*,
  523 U.S. 491 (1998)................................................................................................. 6

*Campenelli v. Bockrath*,
  100 F.3d 1476 (9th Cir. 1996) ........................................................................... 10, 11

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*City of Tahlequah v. Bond*,
  2021 WL 4822664, 595 U.S. 9, 142 S. Ct. 9 (2021)...................................................... 17, 18

*Conn v. Gabbert*,
  526 U.S. 286 (1990)................................................................................................. 8

*Dunn v. Reynolds School Dist. No. 7*,
  2010 WL 4718781 (D. Or. 2010)............................................................................ 8

*EEOC v. Ford Motor Co.*,
  529 F. Supp. 643 (D. Colo. 1982).......................................................................... 23

*Elliot v. Staton*,
  2012 WL 2374986 (D. Or. 2012)...................................................................... 8, 9, 20

*Engquist v. Oregon Department of Agriculture*,
  478 F.3d 895 (9th Cir. 2007),
  *aff'd*, 553 U.S. 591 (2009) ................................................................................... 7, 8

*Erie R. Co. v. Tompkins*,
  304 U.S. 64 (1938)................................................................................................. 21

*Goldwin v. Hunt Wesson, Inc.*,
  150 F.3d 1217 (9th Cir.1998) ............................................................................... 24

*Graue Mill Devel. Corp. v. Colonial Bank & Trust Co.*,
  927 F2d 988 (7th Cir 1991) ................................................................................... 12

*Green v. Mansour*,
  474 U.S. 64 (1985)................................................................................................. 20

*Harlow v. Fitzgerald*,
  457 U.S. 800, 102 S. Ct. 2727 (1982).............................................................. 5, 16

*Hess v. Multnomah County*,
  216 F. Supp. 2d 1140 (D. Or. 2001) ...................................................................... 24

*Hunter v. Bryant*,
  502 U.S. 224 (1991)............................................................................................... 16

*Imbler v. Pachtman*,
  42 U.S. 409 (1976)................................................................................................. 16

*In re Catanella & E.F. Hutton & Co., Inc. Sec. Litig.*,
  583 F. Supp. 1388 (E.D. Pa. 1984)........................................................................ 23

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ................................................................................. 5

Page iii -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
        MEMORANDUM IN SUPPORT

*Jenkins v. US Post Office*,
475 F.2d 1256 (9th Cir. 1973) ..................................................................... 12

*Kentucky v. Graham*,
473 U.S. 159 (1985) ..................................................................................... 16

*Levine v. Diamamthuset, Inc.*,
950 F.2d 1478 (9th Cir. 1991) ........................................................................ 5

*Llamas v. Butte Community College District*,
238 F.3d 1123 (9th Cir. 2001) ..................................................................... 11

*Loehr v. Ventura County Community College District*,
743 F.2d 1310 (9th Cir. 1984) ..................................................................... 10

*Lum v. Jensen*,
876 F.2d 1385 (9th Cir. 1989) ..................................................................... 20

*Mathews v. Harney County*,
819 F.2d 889 (9th Cir. 1987) .......................................................................... 9

*Matthews v. Harney County, Or., School Dist. No. 4*,
819 F.2d 889 (9th Cir.1987) ........................................................................ 13

*Mays v. United Assn. Loc. 290 Apprenticeship and Journeymen Training Tr. Fund*,
407 F. Supp.3d 1121 (D. Or. 2019) ............................................................. 25

*McDonnell Douglas Corp. v. Green*,
411 U.S 792 (1973) ..................................................................................... 24

*MGIC Indem. Corp. v. Weisman*,
803 F.2d 500 (9th Cir. 1986) .......................................................................... 5

*Michael H. v. Gerald D.*,
491 U.S. 110 (1989) ....................................................................................... 7

*Mitchell v. Forsyth*,
472 US 511 (1985) ................................................................................... 9, 16

*Monroe v. Pape*,
365 U.S. 167 (1961) ..................................................................................... 16

*Nicholas v. Pennsylvania State University*,
227 F.3d 133 (3d Cir. 2000) ....................................................................... 7, 8

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*,
515 F2d 1200 (5th Cir 1975) ...................................................................... 12

Page iv - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

*Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,*
   163 F3d 449 (7th Cir 1998) ............................................................... 12

*Nunez v. City of Los Angeles,*
   147 F.3d 867 (9th Cir. 1998) ............................................................. 7

*Passer v. American Chemical Soc.,*
   935 F.2d 322 (D.C. Cir. 1991) .......................................................... 25

*Paul v. Davis,*
   424 U.S. 693 (1976) ........................................................................... 9

*Plumhoff v. Rickard,*
   134 S. Ct. 2012 (2014) ....................................................................... 17

*Portman v. County of Santa Clara,*
   995 F.2d 898 (9th Cir. 1993) ............................................................. 13

*Reno v. Flores,*
   507 U.S. 292 (1993) ........................................................................... 7

*Rivas-Villegas v. Cortesluna,*
   595 U.S. 1, 142 S. Ct. 4 (2021) ................................................... 17, 18

*Robertson v. Dean Witter Reynolds, Inc.,*
   749 F.2d 530 (9th Cir. 1984) ............................................................. 5

*Rush v. Perryman,*
   579 F.3d 908 (8th Cir. 2009) ............................................................. 11

*Sagana v. Tenorio,*
   384 F.3d 731 (9th Cir. 2004),
   *cert. denied,* 543 U.S. 1135 (2005) ................................................... 8

*Sain v. City of Bend,*
   309 F.3d 1134 (9th Cir. 2002) ........................................................... 25

*Saucier v. Katz,*
   533 U.S. 194 (2001) ..................................................................... 16, 17

*Scheuer v. Rhodes,*
   416 U.S. 232 (1974) ........................................................................... 16

*Schmidt v. Jackson County Juvenile Department,*
   49 Or. App. 349 (1980) ...................................................................... 9

*Smith v. Reeves,*
   178 U.S. 436 (1900) ........................................................................... 6

Page v -    PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
                MEMORANDUM IN SUPPORT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Steele v. Mayoral*,
231 Or. App. 603 (2009)....................................................................................... 24

*Stewart v. Pearce*,
484 F.2d 1031 (9th Cir 1973) ............................................................................. 10

*Stretten v. Wadsworth Veterans Hospital*,
537 F.2d 361 (9th Cir. 1976) ......................................................................... 10, 12

*Sun Savings & Loan Ass'n v. Dierdorff*,
825 F.2d 187 (9th Cir. 1987) ................................................................................. 5

*Thomas v. Anchorage Equal Rights Commission*,
220 F.3d 1124 (9th Cir. 2000) ............................................................................ 20

*Thomas v. Harder*,
2023 WL 1815197 (D. Or. Feb. 8, 2023)....................................................... 19, 20

*Tibbetts v. Kulongoski*,
567 F.3d 529 (9th Cir. 2009) ............................................................................... 11

*Ulrich v. City and County of San Francisco*,
308 F.3d 968 (9th Cir. 2002) .............................................................................. 11

*United Mine Workers of America v. Gibbs*,
383 U.S. 715 (1966)............................................................................................ 21

*United States v. Salerno*,
481 U.S. 739 (1987)............................................................................................... 7

*Vanelli v. Reynolds School District No. 7*,
667 F.2d 773 (9th Cir. 1982) ........................................................................... 9, 10

*Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*,
535 U.S. 635 (2002)............................................................................................ 20

*Walker v. United States,*
744 F.2d 67 (10th Cir. 1984) .............................................................................. 11

*White v. Pauly*,
137 S. Ct. 548 (2017)........................................................................................... 17

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) .............................................................................. 22

Page vi -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

## Statutes

ORS 192.335 ................................................................................................... 19

ORS 240.205 ..................................................................................................... 9

ORS 30.265 ......................................................................................... 2, 21, 22

ORS 30.271 ............................................................................................. 21, 22

ORS 30.272 ..................................................................................................... 21

ORS 30.273 ..................................................................................................... 21

ORS 30.285 ..................................................................................................... 21

ORS 30.287 ..................................................................................................... 21

ORS 659A.030 ............................................................................................... 21

ORS 742.400 ................................................................................................... 21

## United States Code

42 U.S.C. § 1983 ................................................................................. 16, 20, 25

## Other Authorities

2A J. Moore, Moore's Fed. Practice ¶12.08  (2$^d$ ed. 1982) ........................................... 5

## Rules and Regulations

Fed. R. Civ. P. 12 ...................................................................... 1, 2, 6, 22, 23

Fed. R. Civ. P. 56 ............................................................................................... 1

L.R. 7-1 ................................................................................................................ 1

## Constitutional Provisions

U.S. Const. amend. XI ............................................................................ 20, 21

U.S. Const. amend. XIV ................................................................ 2, 6, 7, 23

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## LOCAL RULE 7-1 CERTIFICATION

Counsel for defendants State of Oregon Health Authority ("OHA"), Sejal Hathi, Berri Leslie, Jennifer Midkiff, Angela Sifuentez and Jessica Knieling certifies that, in accordance with L.R. 7-1, they attempted to confer with counsel for plaintiff by telephone on April 15, 2025. Further discussion of the issues was then conducted by electronic mail on April 15 and 29, 2025, May 20 and 21, and June 10, 2005. The parties were unable to resolve their disagreements. Accordingly, this motion requires determination by this Court.

## MOTION

OHA, Hathi, Leslie, Midkiff, Sifuentez and Knieling move (1) to dismiss the First, Second, Third and Fourth Claims for Relief in the Amended Complaint ("Am. Cp.") insofar as they are brought against Hathi, Leslie, Midkiff, Sifuentez and Knieling the their official capacities; (2) to dismiss the Third Claim for Relief on the ground that plaintiff does not have a property interest in her former job; (3) to dismiss the Fourth Claim for Relief on the ground that, as a matter of law, there was no stigma and no right to a name clearing hearing;[1] (4) dismissing Jennifer Midkiff from this action (First, Second, Third, Fourth, Sixth and Tenth Claims for Relief) as there are no allegations pertaining at all to Midkiff; (5) dismissing Hathi, Leslie, Sifuentez and Knieling on the grounds that no allegations of animus are alleged as to any of them such that (a) dismissal for failure to state a claim is warranted and (b) they (along with Midkiff) are entitled to a grant of qualified immunity as to the First, Second, Third and Fourth Claims for Relief; and (6) dismissing the request in the Prayer for Relief for prospective injunctive relief.

---

[1] The only alleged stigma came in a single document attached to this Motion and Memorandum as Exhibit A. Defendants ask that the Court review the document and, if need be, resolve the motion as to the Fourth Claim for Relief under Fed. R. Civ. P. 56, as anticipated in Fed. R. Civ. P. 12(d).

Page 1 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
           MEMORANDUM IN SUPPORT

The partial motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) and is supported by the following memorandum of law.

Defendants further move, pursuant to Or. Rev. Stat. 30.265, to substitute the Oregon Health Authority for the individual defendants in the Sixth and Tenth Claims for Relief to the extent those claims remain.

Alternatively, defendants move to strike portions of the complaints as immaterial or impertinent under Fed. R. Civ. P. 12(f). Defendant moves to strike, in whole or in part, paragraphs 13, 15-16, 20-21, and 27 because the alleged acts of discrimination or retaliation do not, as a matter of law, constitute "adverse employment actions." This motion is supported by the accompanying *Memorandum of Law in Support of Partial Motion to Dismiss, and to Substitute and to Strike.*

## INTRODUCTION

Plaintiff worked for OHA until 2024, at which time, her employment was terminated. She served as director of diversity, equity and inclusion programs, but when a new OHA Director came in at the beginning of 2024, after reviewing the agency, she decided to make changes. Plaintiff was one of them.

Plaintiff now raises a laundry list of allegations, including race and gender discrimination, retaliation and aiding and abetting under various federal and state statutes; whistle-blowing; and deprivation of liberty and property interests under the 14th Amendment. However, as set forth in the motion above, many of plaintiff's claims are legally deficient. In addition, the Amended Complaint is laden with immaterial and hyperbolic rhetoric, and devoid of actual facts as opposed to subjective speculation.

For the reasons set forth below, the motions should be granted.

Page 2 -    PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
        MEMORANDUM IN SUPPORT

**FACTS**

For the purposes of the motion to dismiss, the Court accepts the facts as set forth in the Amended Complaint. For the purposes of this motion, few facts are necessary.

Leann Johnson was director of the Equity and Inclusion Division ("DEI") of OHA and worked for OHA from 2010 to 2024. Am. Cp. ¶ 1. Her tenure apparently was marked by conflicts and failures, all of which she blames on others. She alleges "an incredible number of bureaucratic hurdles." Am. Cp. ¶ 12. She "experienced significant tension and pushback" on projects with Human Resources. Am. Cp. ¶ 13. When discrimination and harassment investigations were transferred from HR to DEI, the workload, which the Amended Complaint implies was too much to handle, was the fault of HR. Am. Cp. ¶ 14. But it was always someone else who "repeatedly undermined" plaintiff or gave her "insufficient funding, lack of clear direction" and set up "internal roadblocks." Am. Cp. ¶ 17. Never was it ever plaintiff's fault.

In January 2024, Dr. Sejal Hathi became director of OHA. Am. Cp. ¶ 23. Plaintiff and Hathi appear not to have been on the same page. Plaintiff contends that Hathi became hostile to her and told her once to "choose her words wisely," which plaintiff considered "ominous and threatening." Am. Cp. ¶¶ 1, 33, 41.

Plaintiff alleges that she made both internal complaints and external complaints to the Oregon Bureau of Labor and Industries ("BOLI"). Am. Cp. ¶¶ 21, 22, 29. She does not allege any of these complaints resulted in a finding in her favor.

Plaintiff acknowledges that there were tensions between her and Director Hathi. Am. Cp. ¶¶ 33, 41. She characterizes them all, however, as completely one-sided. Nonetheless, on June 21, 2024, at a meeting with Dr. Hathi and OHA HR manager Angie Sifuentez, plaintiff was terminated. Am. Cp. ¶ 44. Plaintiff was, on that date, in what is called "unclassified service,"

Page 3 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
             MEMORANDUM IN SUPPORT

persons whose employment is entirely "at-will."[2]  Am. Cp. ℙ 43.

After plaintiff's termination, a letter describing the reasons for plaintiff's termination was made available to the media.  Exhibit A; Am. Cp. ℙ 47.  Plaintiff alleges the letter stigmatizes her.  *Id.*

Other than making the boilerplate legal assertions about matters such as the individual defendants "acting in their official capacity" or vaguely alleging without a single specific that they participated in depriving plaintiff of her constitutional rights," *see, e.g.*, Am. Cp. ℙℙ 55, 57 , other than Dr. Hathi, there are no actual, substantive allegations about any of the other individual defendants.  Even as to Dr. Hathi, the allegations are mostly complaints about her perceived tone or presumed attitude towards plaintiff.

Ms. Midkiff is not mentioned in the Am. Cp. at all save for being identified, Am. Cp. ℙ 6, and is said to have (as was her job in human resources, made sure all the components of plaintiff's personnel file were complete.  Am. Cp. ℙ 42.

Leslie Berri, Director of the Department of Administrative Services ("DAS"), is identified in paragraph 7 and thereafter is said only (1) to have been briefed about plaintiff's complaints, Am. Cp. ℙ 38, and (2) to have signed the memorandum relating to plaintiff's status as "unclassified."  Am. Cp. ℙ 43.

Jessica Knieling is identified as an employee of DAS.  Am. Cp. ℙ 8.  She is alleged only (1) to have been briefed about plaintiff's complaints, Am. Cp. ℙ 38, and (2) to have arranged to place the memorandum relating to plaintiff's status in plaintiff's file.  Am. Cp. ℙ 43.

Angie Sifuentez works in HR for OHA.  Am. Cp. ℙ 5.  She is alleged, with Dr. Hathi, to

_____

[2] Plaintiff and defendants dispute her status prior to June 18, 2024, and that may be an issue in this litigation, as the record ultimately will show plaintiff at all times knew she was "at will."  However, there can be no dispute that plaintiff was unclassified on the date of her termination.

Page 4 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
         MEMORANDUM IN SUPPORT

have participated in plaintiff's termination meeting.  Am. Cp. ⁋ 44.

Even as to Dr. Hathi, although the Amended Complaint makes clear that, in plaintiff's mind, there was antipathy between plaintiff and the Director, not one allegation is anything beyond subject beliefs as to Dr. Hathi's tone and there is not a single *fact* that would support the idea that plaintiff's race or gender were at issue.  Dr. Hathi is also a woman of color.

## LEGAL STANDARDS

*Motion to Dismiss.*

The Court's review is limited to the face of the Amended Complaint, documents referenced by the Amended Complaint and matters of which the court may take judicial notice. *Levine v. Diamamthuset, Inc.*, 950 F.2$^d$ 1478, 1483 (9th Cir. 1991); *In re Stac Elecs. Sec. Litig.*, 89 F.3$^d$ 1399, 1405 n.4 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2$^d$ 500, 504 (9th Cir. 1986)*.*  An amended complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2$^d$ 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Fed. Practice ¶12.08 at 2271 (2$^d$ ed. 1982)).  When a court considers a motion to dismiss, all allegations of the amended complaint are construed in the plaintiff's favor.  *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2$^d$ 187, 191 (9th Cir. 1987).

While the Court may accept all "well-pleaded" factual allegations, it should ignore legal conclusions.  Bare allegations that a government official, "knew of, condoned, and willfully and maliciously agreed" to violate a plaintiff's constitutional rights for improper purpose are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-818, 102 S. Ct. 2727 (1982) (bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the

Page 5 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
            MEMORANDUM IN SUPPORT

burdens of broad-reaching discovery).  It is the conclusory nature of the allegations that "disentitles them to the presumption of truth."  *Iqbal*, 129 S. Ct. at 1951.  Under this standard, plaintiff has failed to state a claim for relief.

*Motion to Strike.*

Alternatively, defendants move to strike portions of the complaints as immaterial or impertinent under Fed. R. Civ. P. 12(f). Defendant moves to strike, in whole or in part, paragraphs 13, 15-16, 20-21, and 27 because the alleged acts of discrimination or retaliation do not, as a matter of law, constitute "adverse employment actions."

## ARGUMENT

**I.      The individual defendants should not be sued in their "official" capacity. (First, Second, Third and Fourth Claims for Relief).**

Plaintiff has brought her claims alleging violations of equal protection, race discrimination, denial of a property interest under the Fourteenth Amendment and violation of a liberty interest under the Fourteenth Amendment (First through Fourth Claims) against the individual defendants "in their individual and official capacities."  Am. Cp. ⊮⊮ 55, 67, 77, 87. Claims brought against state officials in their official capacity are barred under the Eleventh Amendment.  *California v. Deep Sea Research*, 523 U.S. 491, 501 (1998); *Smith v. Reeves*, 178 U.S. 436 (1900).

Accordingly, to the extent the First, Second, Third and Fourth Claims for Relief claims raised by plaintiff seek to invoke constitutional claims against the individual defendants in their official capacities, they cannot be maintained.

**II.     Plaintiff, an unclassified employee, has no property right to her job (Third Claim for Relief).**

Plaintiff's Third Claim for Relief alleges a loss of her property interest in her job under

Page 6 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
           MEMORANDUM IN SUPPORT

the Fourteenth Amendment.  Unfortunately for her, a *profession*, and not a job, is generally what is protected.

"The concept of 'substantive due process,' * * * forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).  The Supreme Court has repeatedly noted that the doctrine is limited to the vindication of the most fundamental liberty interests.  *See, e.g., Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right of bodily integrity."); *Reno v. Flores*, 507 U.S. 292, 302 (1993) (substantive due process "forbids the government to infringe certain 'fundamental' liberty interests"); *Michael H. v. Gerald D.*, 491 U.S. 110, 122 (1989) (substantive due process requires that the asserted right be fundamental and traditionally protected by our society).

Plaintiff's Third Claim for Relief fails as a matter of law because she does not claim a loss of profession, merely a loss of a job.  Am. Cp. ℙ 79.  The seminal case on the contours of substantive due process loss-of-profession claims is *Engquist v. Oregon Department of Agriculture*, 478 F.3d 895 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2009); *see also Nicholas v. Pennsylvania State University*, 227 F.3d 133, 142-43 (3d Cir. 2000).  *Engquist* analyzed "what showing is required in a substantive due process claims based on the right to pursue a particular profession," *id.* at 997.

The key word here is "profession."  Not "job."  Not "title."  The courts require, for a substantive due process claim, the utter loss of one's ability to engage in a calling.  Here, plaintiff was a division head in a major state agency, whose employment was ended on June 21,

Page 7 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
           MEMORANDUM IN SUPPORT

2024. Am. Cp. ¶¶ 11, 43. She did not lose her profession, as she can certainly seek other employment in the field of equity and inclusion in which, by her own estimation, she is an award-winning leader. Am. Cp. ¶ 1. There are no allegations that defendants somehow prohibited or affected plaintiff's ability to gain future employment in her area of expertise. *See generally* Am. Cp. There is no substantive due process interest in such a situation. *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 142-43 (3d Cir. 2000).

Regardless, it takes extreme actions for plaintiffs to maintain a substantive due process claim. *Engquist, supra*, at 997; *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1990). The proper reading of the law is that the actions of a government employer in preventing employment (*i.e.*, by a negative evaluation that a plaintiff would perceive as blacklisting) do not constitute an actionable substantive due process claim. What is usually required is government regulation or legislation. *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004), *cert. denied*, 543 U.S. 1135 (2005). Neither extreme actions nor a regulatory scheme has been or good in good faith can be alleged.

Even if a claim of substantive due process *might* lie, it could not be maintained because the defendants cannot be charged with knowingly violating the law and are therefore entitled to qualified immunity. *See* Section V, below. That the right protected by a substantive due process claim is one for a profession and not for a specific job has been examined post-*Engquist* by Oregon's courts. In *Dunn v. Reynolds School Dist. No. 7*, 2010 WL 4718781 (D. Or. 2010), the Court reaffirmed the basic principles that substantive due process claims require an inability to pursue a profession, and the Court could not cite one case in which a substantive due process claim was sustained against a government acting as an employer, as opposed to using regulation or legislation to deprive the plaintiff of a profession. *Id.* at *11-12. And in *Elliot v. Staton*, 2012 WL 2374986 (D. Or. 2012), the Court made clear that, while the matter was still unresolved by the Ninth

Page 8 -   PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
           MEMORANDUM IN SUPPORT

Circuit, it was a "heads defendant wins, tails plaintiff loses" situation in that either there is no right or, because the right is not firmly established, a defendant must receive an immediate grant of qualified immunity.[3]  *Id.* at *5.  There have been no further developments in the Ninth Circuit in this regard since *Elliot.*

Accordingly, plaintiff's substantive due process claim must fail as a matter of law not only because it relates to a job rather than to a profession, but because it relates to government as an employer and not to government regulatory or legislative action.[4]

**III.    Plaintiff has no right to a name clearing hearing and no enforceable liberty interest (Fourth Claim for Relief).**

In her Fourth Claim for Relief, plaintiff seeks a "name clearing hearing" as provided for in limited circumstances by the Fourteenth Amendment.  Plaintiff does not have any such entitlement.

The Supreme Court has held that reputation harm alone is insufficient to trigger due process rights.  *Paul v. Davis*, 424 U.S. 693, 712 (1976).  In *Board of Regents of State College v. Roth*, 408 U.S. 564 (1972), the Supreme Court held that when an employee is terminated, and there is concurrent public disclosure of stigmatizing information, that employee may be entitled to a name clearing hearing.  *See also Mathews v. Harney County*, 819 F.2d 889, 891 (9th Cir. 1987); *Vanelli v. Reynolds School District No. 7*, 667 F.2d 773, 777-78 (9th Cir. 1982).

---

[3] Qualified immunity is immunity from suit, not merely a defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity is effectively lost if a case is erroneously permitted to go to trial.  *Id.*

[4] Defendants have assumed the Third Claim for Relief is a substantive due process claim based on its language, although plaintiff nowhere has made that choice clear.  To the extent the Claim is intended as one under procedural due process, it is uncontested that, at the time of her removal from public service, she was "unclassified" and therefore an at will employee. Am. Cp. ¶ 43. Contrary to her allegation which, being one of law the Court need not accept, there were no procedural due process property rights to notice or a hearing regarding her classification.  *Schmidt v. Jackson County Juvenile Department*, 49 Or. App. 349, 354 (1980); *see also* Or. Rev. Stat. 240.205(4) (making an employee a member of the unclassified service based on their very senior and highly compensated employment status without any entitlement to a hearing).

Page 9 -    PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

There is no such right here.  For there to be a right, the statements at issue must be so serious as to effectively eliminate the possibility of public employment.  *Roth*, *supra*.

First, there has been no sufficiently damning information to qualify as "stigmatizing." For the disclosed information to be stigmatizing, it would have to constitute "[a] label which would prevent an individual from practicing his chosen profession at all." *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir. 1976).  The Ninth Circuit has held, in general terms, charges that impair a person's reputation for honesty, moral turpitude, *Bollow v. Federal Reserve*, 650 F.2d 1093 (9th Cir. 1981) [defining "moral turpitude" to mean allegations of dishonesty or], immorality or criminal conduct, *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1317 (9th Cir. 1984), are sufficient to meet the required standard.  *See e.g.*, *Campenelli v. Bockrath*, 100 F.3d 1476 (9th Cir. 1996).  But plaintiff has presented this Court with no such stigmatizing statement.  Indeed, she has just inserted into her Amended Complaint the vague boilerplate that the communication—which plaintiff conveniently fails to attach to her Amended Complaint *or* to describe with any particularity—makes statements about her "good name, reputation, honor, and integrity."  Am. Cp. ⁋ 90.

Such ephemeral contentions are insufficient.  Examples of the types of charges found to be sufficient include: implied label of mental instability, *Stewart v. Pearce*, 484 F.2d 1031 (9th Cir 1973); allegations that doctor performed work at private hospital while being paid for the same time by Veterans Administration, *Stewart v. Pearce*, 484 F.2d 1031 (9th Cir 1973); allegations of "offensive" conduct toward female students by male teacher, *Vanelli*, *supra*; alleged medical incompetence by doctor and subsequent resignation while investigation pending,

Page 10 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
        MEMORANDUM IN SUPPORT

*Ulrich v. City and County of San Francisco*, 308 F.3<sup>d</sup> 968, 982 (9th Cir. 2002);[5] use of state facilities to conduct private autopsies, creating an office "slush" fund for office parties, billing the state for toxicology reports for private autopsies, *Brady v. Gebbie*, 859 F.2<sup>d</sup> 1543, 1552 (9th Cir. 1988); allegations that college basketball coach verbally and psychologically abused his players, *Campenelli, supra;* allegations of cheating on interview test, *Llamas v. Butte Community College District*, 238 F.3<sup>d</sup> 1123 (9th Cir. 2001); and lying on an employment application. *Tibbetts v. Kulongoski*, 567 F.3<sup>d</sup> 529 (9th Cir. 2009), *citing* Walker v. United States, 744 F.2<sup>d</sup> 67, 69 (10th Cir. 1984).  An accusation that an employee has engaged in unlawful discrimination should be considered stigmatizing.  *Rush v. Perryman*, 579 F.3<sup>d</sup> 908 *(*8th Cir. 2009).

None of these—nothing of this severity—are at issue here.  That said, defendants attach to this Memorandum the document plaintiff contends, without support, contains statements about her "morality" and "honesty."  Am. Cp. ⁋ 46.  Defendants acknowledge that this may require converting this one prong of this motion into a motion for summary judgment (without affecting the remaining components of this motion), and suggest that this not deter the Court as there is no further discovery needed.  The document attached *is* the document referenced in the Amended Complaint and plaintiff cannot and should not deny that.[6]  Accordingly, all that is necessary is for this Court to examine the document and conclude it does not meet the triggering requirements for a name clearing hearing.  Such a document, conflicting with legally conclusory,

---

[5] This case is not inconsistent with the cases holding that in general allegations of incompetence are insufficient to support a liberty claim because of unique consequences for a doctor who resigns in the face of the type of allegations at issue in the case.  The circumstance is analogous to a "Form B" resignation of an attorney in Oregon-voluntary resignation while disciplinary matters are pending.

[6] Plaintiff admits that Exhibit A was released to the media, Am. Cp. ⁋ 47 and should this Claim proceed, the evidence will be clear the release was initiated by media public records requests. Plaintiff's construct would create a constitutional right whenever a public records request was made for the personnel file of a public employee as to whom there is some less than flattering material in the file.  There is no support for such a construct.

Page 11 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
       MEMORANDUM IN SUPPORT

non-factual allegations in the Amended Complaint, trumps those allegations. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F3ᵈ 449, 454 (7ᵗʰ Cir 1998); *Ala, Inc. v. CCAir, Inc.*, 29 F3ᵈ 855, 859 (3ᵈ Cir 1994); *Graue Mill Devel. Corp. v. Colonial Bank & Trust Co.*, 927 F.2ᵈ 988, 991 (7ᵗʰ Cir 1991); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2ᵈ 1200, 1206-07 (5ᵗʰ Cir 1975).

So what does the document say? It notes that Dr. Hathi's observations of plaintiff were that there were "significant delays in investigating and closing OHA employees'' civil rights complaints." It suggests that plaintiff faces "[c]hallenges valuing and executing enterprise-, agency-, and team-wide needs and decisions over her personal and divisional priorities. It concludes that plaintiff has "an approach to navigating some disagreements and differences of opinion with colleagues, supervisors and staff outside her division that has impacted these individuals' psychological safety, hindered effective collaboration, and undermined trust and morale on the agency leadership team." Finally, Dr Hathi concludes that plaintiff has an "inability, or unwillingness, to constructively receive, accept, and act upon feedback." Exhibit A.

The Ninth Circuit has ruled that general allegations that an employee is deficient in certain managerial characteristics are not sufficient to meet the stigmatizing standard. This circuit has observed that almost any reason, other than reductions in force, is likely to reflect on a person's ability, temperament or character, but not every dismissal reaches constitutional proportions. *Jenkins v. US Post Office*, 475 F.2ᵈ 1256 (9ᵗʰ Cir. 1973). Incompetence and an unwillingness or inability to deal with coworkers in a professional manner does not meet the stigmatizing standard. *Stretten, supra*, 537 F.2ᵈ 361. Nor are allegations the individual failed to provide leadership or proper supervision or was a poor manager sufficient. *Id.* Such are the

Page 12 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

nature of the comments memorialized in Exhibit A.

Not every negative statement about an employee's performance is potentially stigmatizing. "A liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty or morality." *Matthews v. Harney County, Or., School Dist. No. 4*, 819 F.2d 889, 891 (9th Cir.1987).  "To implicate constitutional liberty interests, * * * the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities." *Portman v. County of Santa Clara*, 995 F.2d 898, 907 (9th Cir. 1993) (quoting *Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1101 (9th Cir. 1981)).  Plaintiffs do not point to any negative statement from any individual defendant that implicated her honesty or morality.  Therefore, plaintiffs fail to show a stigmatizing statement by any named defendant.

Plaintiff has not suffered a cognizable privation of any liberty interest.

## IV.    The allegations against the individual defendants are insufficient to maintain them in this action (First, Second, Third, Fourth, Sixth and Tenth Claims for Relief).

The individual defendants are named in in the First (race and sex discrimination), Second race discrimination), Third (property interest), Fourth (liberty interest), Sixth (state law retaliation) and Tenth (aiding and abetting) Claims for Relief.

The question the defendants would pose for the Court is this: looking at the Am. Cp., what the heck are they alleged to have done?

There are precisely *no* allegations regarding Ms. Midkiff.  What she is doing in this litigation aside from her being the head of HR for OHA and reviewing the completeness of documents in plaintiff's personnel file is hard to discern.

Ms. Sifuentez attended plaintiff's termination meeting.  There is no factual allegation that she had animus.  There is no factual allegation she knew any action was improper or engaged in

Page 13 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
            MEMORANDUM IN SUPPORT

any wrongful act.

Ms. Leslie and Ms. Knieling do not work at OHA but at DAS. Neither is alleged to have any knowledge of any of the events plaintiff sets out in the Amended Complaint regarding the interactions within OHA. Neither is alleged to have animus. They are only said to have taken the action to place the memo in plaintiff's file affirming her status as unclassified. It is not contested that this is something DAS does in the normal course.

And none of them are even mentioned in the Fourth Claim for Relief.

Quite simply, nothing in the six counts naming the individuals presents a basis for retaining any of these four.

Which brings us to OHA Director Dr. Hathi. Even as to her, the Amended Complaint is a mélange of vague allegations most of which amount to personality clashes and speculative conclusions about Dr. Hathi's mental state at most. A review of the allegations in Amended Complaint ¶¶ 1-53, much of which recounts matters before Dr. Hathi even arrived at OHA, or matters unrelated to plaintiff, reveals the paucity of actionable allegations:

> Paragraph 1: Dr. Hathi was "hostile to different opinions and employee;" "Dr. Hathi became increasingly hostile toward Ms. Johnson and treated her more harshly than similarly situated peers;" "Dr Hathi told Plaintiff to 'choose her words wisely;'" "Dr. Hathi[]'s abrupt termination of her 14-year career." Who was "similarly situated" to a Division head and not treated the same is not set out.

> Paragraph 23: "Dr. Hathi appeared to become tense when employees, including Plaintiff, provided constructive criticism or feedback." "Becoming tense" is not actionable.

> Paragraph 26: "Plaintiff perceived Dr. Hathi's response to her as immediately defensive and hostile* * *." Being "defensive and [colloquially rather than legally] hostile" is not actionable.

> Paragraph 28: After an alleged disagreement about the design of a logo, "Plaintiff noticed a significant increase in retaliatory behaviors by Dr. Hathi." What "retaliatory behaviors" occurred are not identified.

Page 14 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT

Paragraph 33:  A re-statement that "Dr. Hathi made a statement along the lines that Plaintiff should choose her words wisely, which Plaintiff perceived to be said in an ominous and threatening manner." Being "ominous" and threatening in manner are, again, not actionable.

Paragraph 41: "** * Plaintiff attended a leadership meeting with Dr. Hathi in which Plaintiff felt Dr. Hathi was hostile and upset with Plaintiff.  The discussion included statements that Plaintiff believed to be targeted at her in relation to admonishing the team to assume 'good intent of others' * * *."  Again, being colloquially hostile and upset are not actionable. What "retaliation" occurred is not identified.

Paragraph 44: "Nonetheless, on June 21, 2024, Dr. Hathi * * * summarily terminated Plaintiff's employment * * *."

Paragraphs 47-48:  In a letter it is alleged someone *other* than Dr. Hathi released outside OHA, "Dr. Hathi accessed Plaintiff of 'challenging' agency needs over her own personal interests, undermining trust and morale on the agency leadership team, impacting others' psychological 'safety' displaying an 'inability or unwillingness' to constructively receive feedback—all of which appears coded to mean Plaintiff did not fall in line* * *."

Despite the volume of these allegations, a few things should be clear.  First, there are absolutely no specific factual allegations other than that plaintiff, an at-will employee, was terminated.  Second, there is no linkage, no "because."  Not one allegation constituted an improper action.  Not one is in any way linked to plaintiff's race, or plaintiff's gender, or her theoretical whistleblowing.  Third, the Court should note the utterly subjective nature of virtually every allegation, conclusory statements based on what plaintiff "perceives" or what plaintiff "believes."  This is not even the boilerplate of "on information and belief," as there is only belief, and no information.  Such beliefs are not facts and should not be sufficient to maintain the claims against Dr. Hathi.

What this appears to be is, at most, a conflict as to management style, the type of conflict the superior wins over the subordinate, and at the low end, no more than personality and style differences.  What it is not, based on this Amended Complaint, is a colorable statement of Constitutional or statutory violations.

Page 15 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
     MEMORANDUM IN SUPPORT

### V.    Leslie, Midkiff, Sifuentez and Knieling (and, potentially, Hathi) are entitled to a grant of qualified immunity.

Plaintiff has sued the individual defendant for damages in their personal capacities on the grounds that they have violated his freedom of speech and due process rights.  Personal capacity suits seek to impose personal liability on government officials for the actions they take under color of state law.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974).  To establish personal liability in a Section 1983 action, it is necessary to show that the official, acting under color of state law, caused the deprivation of a federal right. *Monroe v. Pape*, 365 U.S. 167 (1961).  Even if plaintiff can make such a demonstration, individual State defendants may be found qualifiedly immune by this Court if they have objectively reasonably relied on existing law.  *Imbler v. Pachtman*, 42 U.S. 409 (1976) (absolute immunity); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (qualified immunity).

Qualified immunity shields government officials from liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances confronted.  *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Officials are denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Qualified immunity is immunity from suit, not merely a defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Like absolute immunity, qualified immunity is effectively lost if a case is erroneously permitted to go to trial.  *Id.*  Consequently, the Court has repeatedly stressed resolving immunity questions at the earliest possible stage in litigation.  *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Page 16 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT

The first question that must be answered in deciding if qualified immunity should be permitted: did the official violate the plaintiff's constitutional rights? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the answer to this question is no, then the official is entitled to qualified immunity. *Id.*

If the answer to the first questions is yes, then the court must answer an additional question before granting qualified immunity: was the law governing that right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. If the answer to the second question is no, then the official is entitled to qualified immunity. *Id.*

Defendants are entitled to qualified immunity because there was no constitutional or statutory violation, and there was no clearly established law alerting reasonable officials that their actions violated Plaintiff's rights. For a constitutional right to be "clearly established" its "contours [must be] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Although a case "directly on point" is not required for a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). The Supreme Court has cautioned us against defining clearly established law "at a high level of generality." *White*, 137 S. Ct. at 552.

Just recently, the Supreme Court in two cases clarified that a matter has to have been decided with a fairly high level of specificity in order to preclude an application of qualified immunity. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 142 S. Ct. 4 (2021); *City of Tahlequah v. Bond*, 595 U.S. 9, 142 S. Ct. 9 (2021). In *Rivas-Villegas*, the Supreme Court overturned a denial

Page 17 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
          MEMORANDUM IN SUPPORT

of qualified immunity for an excessive force case.  The Court stated that a right is only clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."  2021 WL 4822662, *8.  Immunity existed because "Neither [plaintiff] nor the Court of Appeals identified any Supreme Court case that addresses facts like the ones at issue here."  *Id.* at *9.  The Supreme Court in the companion case, *City of Tahlequah*, noted that "We have repeatedly told courts not to define clearly established law at too high a level of generality."  2021 WL 4822664, *11.

The Amended Complaint is essentially devoid of any specifics that would be necessary to hold any of the individual defendants save perhaps for Dr. Hathi but are thin even as to her. Other than the paragraphs setting forth who each of the five is, there are virtually no concrete factual allegations about anyone other than Dr. Hathi.  Ms. Midkiff is not mentioned in the Amended Complaint at all save for being identified and noting that she took steps to ensure plaintiff's personnel file paperwork was up to date.  Am. Cp. ¶¶ 6, 42.  Ms. Berri is only said to have received a briefing and have signed the memorandum relating to plaintiff's status as "unclassified."  Am. Cp. ¶¶ 38, 43.  Ms. Knieling is said only to have been briefed about plaintiff's complaint and to have placed the reclassification memo in plaintiff's personnel file. Am. Cp. ¶¶ 38, 43.  Ms. Sifuentez is alleged to have participated in plaintiff's termination meeting, an unsurprising fact given that HR personnel are usually present at terminations.  Am. Cp. ¶ 44.  None of these individuals are said to have been possessed of or have any knowledge of improper motives except for a boilerplate recitation in Amended Complaint ¶ 81 which has no specifics.  As a result, they are simply said to have been carrying out their day-to-day duties.

Even as to Dr. Hathi, there is just a laundry list of contentions that she wasn't very nice to plaintiff, none of which constitute an unlawful act let alone a knowingly unconstitutional one.

Page 18 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
        MEMORANDUM IN SUPPORT

The Fourth Claim for Relief, alleging an improper release of information, is aimed only at Dr. Hathi.[7]  Regardless, the public records act provides protection against lawsuits such as these.  Or. Rev. Stat. 192.335(1) states:

> 192.335 Immunity from liability for disclosure of public record; effect of disclosure on privilege. (1) A public body that, acting in good faith, discloses a public record in response to a request for public records is not liable for any loss or damages based on the disclosure unless the disclosure is affirmatively prohibited by state or federal law or by a court order applicable to the public body. Nothing in this subsection shall be interpreted to create liability on the part of a public body, or create a cause of action against a public body, based on the disclosure of a public record.

Defendants recognize this is a state immunity, not a federal immunity.  That said, it indicates the environment in which defendants operated, and the strong assurances state law provided them in order to facilitate openness in government.  Accordingly, while not on its own granting immunity from a federal claim, Or. Rev. Stat. 192.335 is strong support for this Court determining that, on the liberty interest claim, there is a statutory basis for determining there could not be a knowingly unconstitutional act and that federal qualified immunity should issue, regardless of who is being alleged to have done the act.[8]  There is no constitutional violation and no knowing violation of a constitutional violation.  Each of the individual defendants is entitled to the application of qualified immunity, dismissing the substantive due process claim.

With regard to the entire set of federal claims, however, such vague allegations should not stand.  Plaintiff in *Thomas v. Harder*, 2023 WL 1815197 (D. Or. Feb. 8, 2023), levelled similar allegations against defendants and Judge Simon properly dismissed such vague

---

[7] In the initial Complaint, it was brought against all of the individual defendants, even though, it should be noted, that *none* of the defendants are alleged to have taken part in the release of the document.

[8] The Amended Complaint is levelled against all five individual defendants despite not only a lack of specificity but the acknowledgement two of them—Leslie and Knieling—are not even employees of OHA.

Page 19 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

generalities as not even constituting "facts." *Thomas*, *supra*, 2023 WL 1815197, *4. "Liability

under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*,

152 F.3$^d$ 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999) (citation omitted).  As with

the baseline failure to make sufficient allegations to state a claim, the specificity requirement

supports a finding that there are no facts that would allow this Court, even giving plaintiff the

benefit of the doubt, a reason to conclude any defendant knowingly violated the Constitution.

Finally, as to the Third and Fourth Claims for Relief, qualified immunity should issue

because there is "no clearly established constitutional right to substantive due process protection of

continued public employment." *Lum v. Jensen*, 876 F.2$^d$ 1385, 1389 (9th Cir. 1989); *Elliot v.*

*Station*, 2012 WL 2374986, *5 (D. Or. Apr. 20, 2012).

Because there are no sufficient allegations on which to determine that any individual

defendant committed a knowing violation of the Constitution, qualified immunity should issue.

## VI.       The request for prospective injunctive relief must be stricken.

Prayer for Relief No. 2 request "injunctive relief prohibiting further violation" and

"Notice, a post-termination hearing, and a name-clearing hearing,"

Hypothetical relief for speculative injury may not be remedied in this fashion.  *Thomas v.*

*Anchorage Equal Rights Commission*, 220 F.3$^d$ 1124 (9th Cir. 2000).  In addition, the Eleventh

Amendment prohibits federal courts from issuing declaratory and injunctive relief against state

officials when no continuing violations exist.  *Green v. Mansour*, 474 U.S. 64, 67 (1985)

(affirming dismissal of declaratory relief claim under Eleventh Amendment because claim

"related solely to past violations of federal law"); *see also Verizon Maryland, Inc. v. Pub. Serv.*

*Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (explaining that the *Ex parte Young* exception

to immunity allows suits against state officials but only for prospective relief for *ongoing*

Page 20 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
MEMORANDUM IN SUPPORT

violations of federal law).  Plaintiff asks this Court to issue relief as to hypothetical matters that may or may not ever come to pass.  The claims at this point relate to retrospective events only. For that reason, the requested relief is barred by the Eleventh Amendment.

**VII.    The State should be substituted for the individual defendants and then dismissed (Sixth and Tenth claims for Relief.**

The OHA defendants ask that, in the Sixth Claim for Relief (retaliation under Or. Rev. Stat. 659A.030(1)(f)) and the Tenth Claim for Relief (aiding and abetting under Or. Rev. Stat. 659A.030(1)(g) as to the individual defendants), the State be substituted for them as required by state law.

In federal court, claims brought under pendent or supplemental jurisdiction pursuant to state law theories are decided by application of the law of the state in which they arise.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), *citing Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Under the Oregon Tort Claims Act ("OTCA"), when a suit arises out of the act or omission of an officer, employee or agent of a public body within the course and scope of his official duties, the public body is substituted as the defendant.  Or. Rev. Stat. 30.265(3).

Or. Rev. Stat. 30.265(3) reads:

If an action under Or. Rev. Stat. 30.260 to 30.300 alleges damages in an amount equal to or less than the damages allowed under Or. Rev. Stat. 30.271, 30.272 or 30.273, the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under Or. Rev. Stat. 30.285 or 30.287 is an action against the public body.  If an action is filed against an officer, employee or agent of a public body, and the plaintiff alleges damages in an amount equal to or less than the damages allowed under Or. Rev. Stat. 30.271, 30.272 or 30.273, the court upon motion shall substitute the public body as the defendant. Substitution of the public body as the defendant does not exempt the public body from making any report required under Or. Rev. Stat. 742.400.

There is no allegation in the Amended Complaint that any individual defendants acted outside the scope and course of their duties.  The Amended Complaint does not seek an amount

Page 21 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT

in excess of Or. Rev. Stat. 30.271(2)(g) and (4), which is $2,000,000 plus a consumer price adjustment, bringing the cap to $2565,400.  Oregon Judicial Department : Statutory Tort Compensation, Wrongful Conviction Compensation, Homestead Exemption, & Base Protected Account Balance Exemption : State of Oregon.

Therefore, pursuant to the OTCA, the Court should substitute the Oregon Health Authority, on behalf of the State of Oregon, for each of the individual defendants as the proper defendant in the Sixth and Tenth Claims for Relief.  Or. Rev. Stat. 30.265(1).  Those claims should thereafter be dismissed per *Pennhurst*.

## VIII.    The Amended Complaint presents matters not material which should be stricken.

Defendant moves to strike portions of the complaints as immaterial or impertinent under Fed. R. Civ. P. 12(f).  Defendant moves to strike in whole or in part, paragraphs 13, 15-16, 20-21, and 27 because the alleged acts of discrimination or retaliation do not, as a matter of law, constitute "adverse employment actions."

The Court may, on its own initiative, or pursuant to a motion from either party, strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. Rule 12(f).  "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial* * *."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  Immaterial matter consists of allegations that have " 'no essential or important relationship to the claim for relief or the defenses being plead.' "  *Whittlestone*, 618 F.3d at 974 (citation omitted).  " 'Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.' "  *Id.*  (citation omitted).  Similarly, immateriality under this rule has been defined as "any matter having no value in developing the issues of a case."  *In re*

Page 22 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
         MEMORANDUM IN SUPPORT

*Catanella & E.F. Hutton & Co., Inc. Sec. Litig.*, 583 F. Supp. 1388, 1400 (E.D. Pa. 1984).

Plaintiff has raised a number of claims as a basis for discrimination in the terms and conditions of her employment, including race and gender discrimination, retaliation and aiding and abetting under various federal and state statutes; whistle-blowing; and deprivation of liberty and property interests under the 14th Amendment. However, as set forth in this motion, many of plaintiff's allegations contain immaterial or impertinent allegations, or the allegations are so unrelated to plaintiff's claims as to be unworthy of any consideration as part of a defense and should be stricken. *EEOC v. Ford Motor Co.*, 529 F. Supp. 643, 644 (D. Colo. 1982) (allegations that are 'so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense' should be stricken).

Defendants move to strike these portions of the complaint under rule 12(f):

- Paragraph 13: "In or around 2010, the State moved the responsibilities for the discrimination and harassment investigations to OMHS * * *As a result of the transition, Ms. Johnson was charged with developing the Discrimination and Harassment Free workplace procedure and program. At this time, Human Resources was a shared service between OHA and DHS. Ms. Johnson tried to work closely with Carolyn Ross (HR Director) and Ken McGee (Senior HR Manager) on transitioning the Discrimination and Harassment investigations to OMHS but experienced significant tension and pushback on the transition."

- Paragraph 15: "In or around 2014, OMHS was renamed and became the Office of Equity and Inclusion ("OEI") * * * Soon thereafter, Ms. Saxton discontinued all limited-duration employment positions, which caused all investigators to reapply for their positions when they had already been through a competitive process to do so, thus creating distraction and draining valuable time away from investigations."

- Paragraph 16: "Over the next few years, Ms. Johnson put forth her best efforts in overseeing the management of the investigations program despite inadequate staffing and an essentially perpetual backlog * * * Additionally, Ms. Johnson had developed formalized processes and procedures for investigations as early as 2011, which were also continuously being updated.

- Paragraph 20: "Despite the many challenges, Ms. Johnson worked hard within a broken system and cherished her many connections and relationships she developed in her role. In turn, Ms. Johnson was also beloved by many, both internal and

Page 23 - PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT

external to OHA, as demonstrated by the many public comments of support she has received since her termination and the fact that she was the recipient of the 2024 Cheryl Boyce Leadership Award and the 2024 Oregon Public Health Association Health Equity Champion Award."

- Paragraph 21: "Plaintiff was also a fierce advocate of addressing discrimination when she witnessed it herself, despite any political cost to herself.  For example, in or around April 2023, Plaintiff filed an internal complaint with Dave Baden, Interim OHA Director, regarding her concerns of racial bias in a Human Resources investigation of one of the E&I employees."

- Paragraph 27: "On or around March 20, 2024, Dr. Hathi promoted or created new positions for at least four Caucasian employees.  In contrast, Plaintiff is unaware of any Women of Color within OHA that received a direct appointment promotion within or into permanent management positions during the same time period. Plaintiff continued to feel that decisions were being made in a vacuum without input from an equity perspective."

None of these activities complained off resulted in adverse employment action against the plaintiff.  Indeed, plaintiff does not specifically allege that she was terminated due the facts alleged in these paragraphs.  In order to sustain her discrimination claims, plaintiff must have facts showing that she suffered an "adverse employment action" for engaging in protected activities.  *McDonnell Douglas Corp. v. Green*, 411 U.S 792, 802 (1973); *Goldwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir.1998); *Steele v. Mayoral*, 231 Or. App. 603, 616 (2009).

Adverse actions are only those that "constitute[ ] a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257 (1998); *see also Steele*, 231 Or. App. 603, at 616 ("the anti-retaliation provision protects an employee "not from all retaliation, but from retaliation that produces an injury or harm"); *and see Hess v. Multnomah County*, 216 F. Supp. 2d 1140, 1154 (D. Or. 2001).

Page 24 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT

The employment action must be "materially adverse" meaning that it would likely dissuade "'a reasonable worker from making or supporting a charge of discrimination.'" *Mays v. United Assn. Loc. 290 Apprenticeship and Journeymen Training Tr. Fund*, 407 F. Supp.3ᵈ 1121, 1149 (D. Or. 2019) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Therefore, an employee's mere dislike or "[a] change that is merely contrary to the employee's interests * * * is insufficient" to establish an adverse employment action. *Akers v. Cnty. of San Diego*, 116 Cal. Rptr. 2ᵈ 602, 612 (2002). *See Passer v. American Chemical Soc.*, 935 F.2ᵈ 322, 331 (D.C. Cir. 1991) (an adverse employment action for purposes of a retaliation claim includes "discharge, transfer, or demotion"); *see e.g.*, *Burlington Indus., Inc.*, 524 U.S. at 761 ("an adverse employment action 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or a decision causing a significant change in benefits'").

Here, the allegations contained in Paragraphs 13, 15-16, 20-21, and 27 are not acts that amount to adverse action against the plaintiff, nor do the allegations show a significant change in the terms and conditions of plaintiff's employment. These paragraphs contain allegations that go back to 2010 (paras 13, 15-16)[9], and concern acts that at best illustrate plaintiff's dislikes or displeasure with organizational changes that may have been contrary to her interests: working within a "broken system" and filing a claim on behalf of another employee (¶¶ 20 and 21); and Caucasian workers being promoted but plaintiff * * * unaware of any "Women of Color" that received direct appointment promotion" (¶ 27). Plaintiff does not allege that she was wrongly denied the promotion referenced in Paragraph 27.

---

[9] In Oregon, the applicable statute of limitations for a Section 1983 action is two years from the date that the cause of action accrues. *Sain v. City of Bend*, 309 F.3ᵈ 1134, 1139 (9ᵗʰ Cir. 2002).

Page 25 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
            MEMORANDUM IN SUPPORT

In sum, these allegations are impertinent matters and consists of statements that do not pertain, and are not necessary, to the issues in question, whether plaintiff was discriminated against in the terms and condition of her employment. The issue in this case is not about other employees' employment complaints, claims, or cases against OHA.

Accordingly, Paragraphs 13, 15-16, 20-21, and 27 should be stricken.

## CONCLUSION

For the reasons set forth above, the First, Second, Third and Fourth Claims for Relief should be limited to individual capacity claims and the official capacity claims dismissed with prejudice; the individual defendants Leslie, Midkiff, Sifuentez and Knieling should be dismissed with prejudice from the First, Second, Third, Fourth, Sixth and Tenth Claims for Relief; if not dismissed outright, the Oregon Health Authority should be substituted for the individual defendants in the Sixth and Tenth Claims for Relief; the request for prospective injunctive relief should be stricken, and the allegations in the Amended Complaint identified in the Motion and discussed in Section VIII, above, should be stricken.

DATED June 11, 2025.

Respectfully submitted,
DAN RAYFIELD
Attorney General

_s/ Marc Abrams_
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
nathaniel.aggrey@doj.oregon.gov
Senior Assistant Attorney General
Trial Attorneys
_Attorneys for Defendants_

Page 26 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
           MEMORANDUM IN SUPPORT

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2025, I served the foregoing PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND MEMORANDUM IN SUPPORT upon the parties hereto by the method indicated below, and addressed to the following:

Talia Y. Guerriero                          ___ HAND DELIVERY
talia@beaconforjustice.com                  ___ MAIL DELIVERY
David C. Higgs                              ___ OVERNIGHT MAIL
david@beaconforjustice.com                  ___ TELECOPY (FAX)
Beacon Employment Law                       ___ E-MAIL
1000 SW Broadway, Suite 2130                 X  E-SERVE
Portland, OR 97205
  *Attorneys for Plaintiff*

                            ___ *s/ Marc Abrams*___
                            MARC ABRAMS, #890149
                            marc.abrams@doj.oregon.gov
                            Assistant Attorney-in-Charge
                            NATHANIEL AGGREY, #172283
                            nathaniel.aggrey@doj.oregon.gov
                            Senior Assistant Attorney General
                            Trial Attorneys
                            *Attorneys for Defendants*

Page 27 -  PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE AND
          MEMORANDUM IN SUPPORT