DAN RAYFIELD
Attorney General
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
nathaniel.aggrey@doj.oregon.gov
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
T: (971) 673-1880
F: (971) 673-5000

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEANN JOHNSON, | Case No.  6:25-cv-0470-AA |
| Plaintiff, | REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE |
| v. | |
| STATE OF OREGON; OREGON HEALTH AUTHORITY; SEJAL HATHI; BERRI LESLIE; JENNIFER MIDKIFF; ANGIE SIFUENTEZ; and JESSICA KNIELING, | |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTS ............................................................................................................................... 1

ARGUMENT ...................................................................................................................... 3

I.     The individual defendants should not be sued in their "official" capacity
(First, Second, Third and Fourth Claims for Relief) ............................................... 3

II.    Plaintiff, an unclassified employee, has no property right to her job (Third
Claim for Relief) ..................................................................................................... 5

III.   Plaintiff has no right to a name clearing hearing and no enforceable liberty
interest (Fourth Claim for Relief) ........................................................................... 7

IV.   The allegations against the individual defendants are insufficient to maintain
them in this action (First, Second, Third, Fourth, Sixth and Tenth Claims for
Relief) .................................................................................................................... 10

V.    Leslie, Midkiff, Sifuentez and Knieling (and, potentially, Hathi) are entitled
to a grant .............................................................................................................. 12

VI.   The request for prospective injunctive relief must be stricken ............................. 14

VII.  The State should be substituted for the individual defendants and then
dismissed .............................................................................................................. 15

VIII. The Amended Complaint presents matters not material which should be
stricken ................................................................................................................. 15

        a.  Allowing discovery to proceed on matters that should be stricken would
be prejudicial because it subjects the state defendants to undue burden and
expense ............................................................................................................ 15

        b.  "Adverse employment action" is an essential element common to most of
plaintiff's claims. ........................................................................................... 16

IX.   The plaintiff should not be allowed to re-plead. ................................................... 17

CONCLUSION ................................................................................................................. 19

CERTIFICATE OF SERVICE ......................................................................................... 20

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

# TABLE OF AUTHORITIES

**Cases**

*Ala, Inc. v. CCAir, Inc.*,
   29 F.3$^d$ 855 (3$^d$ Cir. 1994)............................................................................................................ 7

*Ascon Properties, Inc. v. Mobil Oil Co.*,
   866 F.2$^d$ 1149 (9th Cir. 1989) .................................................................................................. 18

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)........................................................................................ 5

*Barren v. Harrington*,
   152 F.3$^d$ 1193 (9th Cir.1998),
   *cert. denied*, 525 U.S. 1154 (1999)....................................................................................... 11, 12

*Board of Regents of State College v. Roth*,
   408 U.S. 564 (1972).................................................................................................................. 8, 9

*Bollow v. Federal Reserve*,
   650 F.2$^d$ 1093 (9th Cir. 1981) .................................................................................................. 8, 9

*Burlington Industries, Inc., v. Ellerth*,
   524 U.S. 742 (1998)................................................................................................................... 17

*California v. Deep Sea Research*,
   523 U.S. 491 (1998)................................................................................................................. 3, 4

*Campanelli v. Bockrath*,
   100 F. 3$^d$ 1476 (9th Cir. 1996) ................................................................................................... 8

*Cf. Stauffer v. Matarazzo*,
   3:23-cv-01136, 2023 WL 8096907 (D. Or. Nov. 21, 2023) ..................................................... 16

*City of Tahlequah v. Bond*,
   2021 WL 4822664, 595 U.S. 9, 142 S. Ct. 9 (2021).......................................................... 13, 14

*Cox v. Northern Virginian Transportation Commission*,
   551 F.2$^d$ 555 (1976) .................................................................................................................... 8

*Daratony v. Continental Assurance Co.*,
   9 Fed. Appx. 724 (2001)........................................................................................................... 18

*DCD Programs, Ltd. v. Leighton*,
   833 F.2$^d$ 183 (9th Cir. 1987) .................................................................................................... 18

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Doe v. Lawrence Livermore National Laboratory*,
   131 F.3$^d$ 836 (9th Cir. 1997) ................................................................................................ 4

*Dunn v. Reynolds School Dist.*,
   2010 WL 4718781 (D. Or. Nov. 15, 2010) ........................................................................ 6, 7

*Elliot v. Staton*,
   2012 WL 2374986 (D. Or. Apr. 20, 2012) ........................................................................ 6, 7

*Engquist v. Oregon Department of Agriculture*,
   478 F.3$^d$ 985 (9th Cir. 2007),
   *aff'd*, 553 U.S. 591 (2009) ................................................................................................ 5, 7

*Foman v. Davis*,
   371 U.S. 178 (1962) ............................................................................................................. 17

*Graue Mill Devel. Corp. v. Colonial Bank & Trust Co.*,
   927 F.2$^d$ 988 (7th Cir. 1991) ..................................................................................................... 8

*Gray v. Union County*,
   520 F.2$^d$ 803 (9th Cir. 1975) ..................................................................................................... 9

*Green v. Mansour*,
   474 U.S. 64 (1985) ............................................................................................................... 15

*H.K. v. Spine Surgery Ctr. of Eugene, LLC*,
   470 P.3$^d$ 403 (2020) ............................................................................................................. 17

*Haimowitz v. University of Nevada*,
   579 F.2$^d$ 526 (9th Cir. 1978) ................................................................................................... 10

*Harris v. Pameco Corp.*,
   12 P.3$^d$ 524 (Or. App. 2000) ............................................................................................... 16

*Huang v. Board of Governors of Univ. of N.C.*,
   902 F. 2$^d$ 1134 (4th Cir. 1990) ................................................................................................. 6

*Hunter v. Bryant*,
   502 U.S. 224 (1991) ............................................................................................................. 13

*Jablon v. Trustees of California State Colleges*,
   482 F.2$^d$ 997 (9th Cir. 1973) ..................................................................................................... 9

*Jenkins v. US Post Office*,
   475 F.2$^d$ 1256 (9th Cir. 1973) ................................................................................................... 9

*John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*,
   22 F.3d 458 (2d Cir. 1994) ................................................................................................. 17

Page iii - REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
DISMISS AND TO SUBSTITUTE AND TO STRIKE

*Kauth v. Hartford Ins. Co. of Ill.*,
  852 F.2d 951 (7th Cir. 1988) ....................................................................................................... 6

*Kendoll v. Oregon State Police*,
  2025 WL 975188 (D. Or. Mar. 31, 2025) .................................................................................... 5

*L.J. v. State of Oregon, Oregon Health Authority*,
  Case No. MA-008024 (Emp. Rel. Bd.) (Grew, ALJ) ....................................................... 5, 7, 11

*Lagos v. Modesto City School District*,
  843 F.2d 347 (9th Cir. 1988) .................................................................................................... 10

*Local 342, Long Island Public Serv. Employees v. Town Bd. of Huntington*,
  31 F.3d 1191 (2d Cir. 1994) ........................................................................................................ 6

*Loehr v. Ventura County Community College District*,
  743 F.2d 1310 (9th Cir. 1984) .............................................................................................. 8, 18

*Loveland v. Warner*,
  204 P. 622 (Or. 1922) ................................................................................................................. 8

*Mains v. II Morrow, Inc.*,
  128 Or. App. 625 (1994) ........................................................................................................... 16

*Mains v. Morrow, Inc.*,
  877 P.2d 88 (1994) .................................................................................................................... 17

*McKinney v. Pate*,
  20 F.3d 1550 (11th Cir. 1994) .................................................................................................... 6

*McNeill v. Butz*,
  480 F.2d 314 (4th Cir. 1973) ...................................................................................................... 8

*Meritor Savings Bank v. Vinson*,
  477 U.S. 57 (1986) .................................................................................................................... 17

*Miller v. State by and through Oregon Racing Comm'n*,
  298 Or. App. 70 (2019) ............................................................................................................. 16

*Nat'l R.R. Passenger Corp v. Morgan*,
  536 U.S. 101 (2002) .................................................................................................................. 16

*Nicholas v. Pa. State Univ.*,
  227 F.3d 133 (3d Cir. 2000) ............................................................................................... 5, 6, 7

*Nishimatsu Constr. Co. v. Houston Nat'l Bank*,
  515 F.2d 1200 (5th Cir. 1975) .................................................................................................... 8

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

*Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*,
163 F.3d 449 (7th Cir. 1998) ..................................................................................................... 7

*Olivieri v. Rodriguez*,
122 F.3d 406 (7th Cir. 1997) ..................................................................................................... 9

*Portman v. County of Santa Clara*,
995 F.2d 898 (9th Cir. 1993) ................................................................................................... 10

*Rice v. Comtek Mfg. of Oregon, Inc.*,
766 F. Supp 1550 (D. Or. 1990) .............................................................................................. 18

*Ridpath v. Board of Governors Marshall University*,
447 F.3rd 292 (4th Cir. 2006) .................................................................................................... 9

*Rivas-Villegas v. Cortesluna*,
595 U.S. 1, 142 S. Ct. 4 (2021)........................................................................................... 13, 14

*Rogers v. Oregon Teachers Standards and Practices Comm*,
2014 WL 3513369 (D. Or. July 14, 2014).................................................................................. 5

*Roley v. Pierce County Fire Protection District*,
869 F.2d 491 (9th Cir. 1989) ................................................................................................. 9, 10

*Sagana v. Tenorio*,
384 F. 3d 731 (9th Cir. 2004),
*cert. denied*, 543 U.S. 1135 (2005)........................................................................................... 6

*Saucier v. Katz*,
533 U.S. 194 (2001)................................................................................................................... 13

*Schmidt v. Jackson County Juvenile Department*,
49 Or. App. 349 (1980)............................................................................................................... 5

*Silva v. City of Los Gatos*,
2023 WL 1989771 (9th Cir. Feb. 14, 2023) ............................................................................... 6

*Singleton v. Cecil*,
176 F.3d 419 (8th Cir. 1999) ...................................................................................................... 6

*Stretten v. Wadsworth Veterans Hospital*,
537 F.2d 361 (9th Cir. 1976) ................................................................................................. 9, 10

*Sutton v. Cleveland Bd. of Educ.*,
958 F.2d 1339 (6th Cir. 1992) .................................................................................................... 6

*Thomas v. Anchorage Equal Rights Commission*,
220 F.3d 1124 (9th Cir. 2000) .................................................................................................. 14

Page v -   REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
DISMISS AND TO SUBSTITUTE AND TO STRIKE

*Thomas v. Harder*,
   2023 WL 1815197 (D. Or. Feb. 8, 2023)...................................................................... 11, 12, 15

*Thorne v. State Dept. of Taxation*,
   173 F.3$^d$ 862 (9th Cir. 1999) ............................................................................................. 4

*Verizon Maryland, Inc. v. Public Service Commission*,
   535 U.S. 635, 122 S. Ct. 1753 (2002)......................................................................... 4

*Wheaton v. Webb-Petett*,
   931 F.2$^d$ 613 (9th Cir. 1991) ................................................................................................ 10

*Wood v. McEwen*,
   644 F.2$^d$ 797 (9th Cir. 1981) ................................................................................................ 16

## Statutes

Or. Rev. Stat. § 192.335................................................................................................... 14

Or. Rev. Stat. Chapter 659A ........................................................................................... 16

ORS 240.205...................................................................................................................... 5

ORS 659A.030................................................................................................................... 16

## Other Authorities

42 U.S.C. § 2000e ...................................................................................................... 16, 17

## Treatises

Fed. R. Civ. P. 12........................................................................................................ 2, 15

Fed. R. Civ. P. 15.............................................................................................................. 17

## Regulations

U.S. Const. amend. XI ....................................................................................................... 3

U.S. Const. amend. XIV ..................................................................................................... 2

## Rules

6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane,
   *Federal Practice and Procedure* §1488 (2$^d$ Ed. 1990) ............................................. 18

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## INTRODUCTION

Although plaintiff has filed a 46-page, 144-paragraph Amended Complaint, this is actually a very simple matter.

Plaintiff worked for the Oregon Health Authority ("OHA"). A new Director came in with new priorities, with new approaches. Plaintiff was no longer a fit for the direction of the agency and, being an at-will employee, was let go.

Plaintiff's complaint is essentially devoid of specifics. She cannot assert what any of the individual defendants, even Director Sejal Hathi, did specifically that was wrong. Instead, there is merely page after page of opprobrium and subjective belief transmuted into non-specific allegations of race and gender discrimination and whistleblowing retaliation.

Because of that disconnect, defendants filed this motion. Plaintiff's core response is to assert that her complaint is good enough but if it's not she should be given a third shot. Defendants suggest that (a) no it is not and (b) no she shouldn't. As matters of law, she does not qualify for a name-clearing hearing, has not set forth sufficient allegations to support her claims of discrimination and retaliation, and has provided no support for her suggestion defendants be denied immunity.

Only those claims not moved against should proceed. As to those, the inappropriate language in the Amended Complaint should be stricken.

## FACTS

Defendants set forth the facts in their initial Memorandum. By contrast, plaintiff continues to set forth not facts but argument. Right at the start she offers conclusory and subjective statements such as "14 years of productive and loyal service" and "surreptitiously altered her employment status." And that's just in her first sentence. Response at 2. She now contends there was a "plot" to prevent her from exercising her rights, when there is zero factual support for such an allegation in the Amended Complaint. Response at 4. Defendants suggest the Court look with suspicion upon plaintiff's adjective- and adverb-laden beliefs and

Page 1 -  REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

characterizations and note what is not, in truth, a *fact*.

That said, there are a few facts that this Court should consider as particularly important. The first is the letter written by Hathi to Midkiff (the "Letter"). Abrams Dec. Exh. A. This is the actual text of what plaintiff contends"[1] On its face, it is clear that no statement in the document constitutes anything resembling what courts have considered sufficient to trigger a Fourteenth Amendment right to a name-clearing hearing. Plaintiff also asserted, Response at 4, that it was only after Hathi decided to end plaintiff's employment that defendants changed her employment status, a sequencing for which there is no support, and which is not even alleged in the Amended Complaint, which concedes plaintiff does not know when the termination decision was made, only that it was "sometime in mid-June." Am. Cp. ¶ 42.

The other fact outside the face of the pleadings is the discussion between counsel that plaintiff's attorney has not properly characterized in an effort to negate the arguments defendants raised in Section VI of their initial Memorandum. This is improper, but if the Court wishes to consider it, the defendants respond in Section I, below, and in the Second Abrams Dec. at ¶ 2.

Finally, plaintiff has suggested that she has a property interest in her job because she was not an at-will employee. Response at 2, 4, 5, 9, 10. She made this statement to this Court in her Response filed June 30, 2025. However, as she knows, an opinion was issued by B. Carlton Grew, an administrative law judge for the Employment Relations Board, *five days earlier* determining as a matter of law that, on her termination, she *was* at-will. Second Abrams Dec. ¶ 3, Exh. B. That she continues to argue, Response at 5, that she never "accepted" a status she had no ability to decline is inappropriate.

For a reasoned statement of the facts even as plaintiff would recite them, defendants refer the Court to their initial Facts Section, which is based only on plaintiff's allegations and the Letter.

---

[1] Plaintiff does not object to including the Letter as part of this motion. Response at 17 n. 5. If necessary, defendants ask that the portion of this motion relating to the Fourth Claim for Relief be deemed a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).

Page 2 -    REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
           DISMISS AND TO SUBSTITUTE AND TO STRIKE

## ARGUMENT

**I.    The individual defendants should not be sued in their "official" capacity (First, Second, Third and Fourth Claims for Relief).**

Prior to the filing of this motion, plaintiff and defendants made a very simple, clear and *limited* agreement that defendants would not, in this motion, assert their jurisdictional 11th Amendment immunity from having state law claims asserted here.  Defendants did so for the mutually beneficial outcome of not having to try this case in two different forums.  Plaintiff's counsel has attached the memorialization of that discussion to her declaration.  Guerriero Dec. Exh. 1.  As plaintiff notes, but then apparently ignores, the sole agreement was that "[counsel has] authority to waive our assertion of *Pennhurst* so that the state law claims can be maintained in federal court."  Guerriero Dec. Exh. 1 at 3.  There is no other promise, no other agreement.  Indeed, Ms. Guerriero wanted to make absolutely sure, so even after defense counsel made that statement, she against asked him to confirm and he responded "Correct.  We will not be asserting *Pennhurst* on the state law claims."  *Id.* at 1.

Plaintiff apparently was not having the same conversation as defendants.  How this became "unequivocally waiving" *all* Eleventh Amendment immunity is difficult, nay, impossible to discern.  There has been no such waiver and plaintiff herself presented the evidence of that to the Court.  The *only* thing defendants agreed to was to allow the state law claims to proceed in this forum.  They did not agree to limit or waive any other defense, even as to those state law claims.  And they certainly did not agree to limit themselves as to defenses to any of the *federal* law claims.  The state law claims that were at issue in counsel's discussion were the Fifth through Tenth Claims for Relief.  The claims as to which defendants' *Deep Sea Research* argument was raised in their initial Memorandum, Section I, and here, are the First through Fourth Claims for Relief.  The Venn diagram of the overlap is a null set.  Just because other issues may have been raised in *Pennhurst* does not mean that defendants waived any argument overlapping with the unrelated discussions in that decision.  The e-mails make that crystal clear.

Plaintiff also asserts that *California v. Deep Sea Research*, 523 U.S. 491 (1998), does not preclude this suit's "official capacity" claim because, in her construct, a name-clearing hearing is prospective injunctive relief, and prospective injunctive relief is not barred. Plaintiff's definitions are wrong.

To begin with, there is no lack of clarity in *Deep Sea Research*. It says, bluntly, "a state official is immune from suit in federal court for actions taken in an official capacity." *Id.* It does not say "except for prospective relief." Which, in any event, is what *any* equitable, injunctive relief available when suing a person in an official capacity would be.

Plaintiff cites to *Thorne v. State Dept. of Taxation*, 173 F.3d 862 (9th Cir. 1999). *Thorne*, however, is both a circuit court decision pre-dating a Supreme Court decision in *Deep Sea Research* and therefore invalidated to the extent it is inconsistent, and, in addition, an unpublished decision the citation to which is improper under Ninth Circuit Rule 36-3. It is also not even clear from the opinion whether the claim was asserted against an individual or the State. She also cites to *Doe v. Lawrence Livermore National Laboratory*, 131 F.3d 836 (9th Cir. 1997). This, too, pre-dates *Deep Sea Research* and is therefore no longer vital.

Even if, *arguendo*, such a suit for prospective relief would meet the bare bones minimum requirement, *this* one fails because, as noted in Section III, below, the Amended Complaint cannot maintain a claim for a name clearing hearing, and, as set forth in Section VI, below, there is no other existing *continuing* violation. Plaintiff misapprehends how *Verizon Maryland, Inc. v. Public Service Commission*, 535 U.S. 635, 122 S. Ct. 1753 (2002) should be read. *Verizon Maryland* only provides a tiny window for cases with *ongoing* violations. Not providing a name-clearing hearing is not "ongoing." There is therefore no available prospective relief, and the official capacity claims should be stricken.

///

///

Page 4 -   REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
DISMISS AND TO SUBSTITUTE AND TO STRIKE

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## II.    Plaintiff, an unclassified employee, has no property right to her job (Third Claim for Relief).

Plaintiff makes two errors in asserting that *Engquist v. Oregon Department of Agriculture*, 478 F.3<sup>d</sup> 985 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2009), does not apply in this case. The first is the idea that *Engquist* applies only to liberty interests and not property interests.  The second is that the plaintiff, merely by asserting it is so, can claim that what she has lost is a liberty interest.

Taking the latter first, as noted in the defendants' initial Memorandum, this Court, while it must accept factual assertions as true, need not accept plaintiff's assertions of law.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009).  And the characterization of her alleged right to her job as a property interest is most definitely an assertion of law.  Regardless, such a contention was recently rejected in this Court.  *Kendoll v. Oregon State Police*, 2025 WL 975188, *6 (D. Or. Mar. 31, 2025).  Regardless, at the time of her removal from public service, she was "unclassified" and therefore an at-will employee.  Am. Cp. ⁋ 43; *L.J. v. State of Oregon, Oregon Health Authority*, Case No. MA-008024 (Emp. Rel. Bd.) (Grew, ALJ), Abrams Dec. Exh. B.  Contrary to her allegation which, being one of law, the Court need not accept, there were no procedural due process property rights to notice or a hearing regarding her classification. *Schmidt v. Jackson County Juvenile Department*, 49 Or. App. 349, 354 (1980); *see also* Or. Rev. Stat. § 240.205(4).

As to the contention that *Engquist* does not apply to property interests, nothing in that decision parses property interests out of its analysis*.  Engquist* notes that the interest at issue was a liberty interest, but nowhere limits the holding only to such interests, usually discussing the rights under claims of substantive due process generally.  *Engquist, supra,* 478 F.3<sup>d</sup> at 999. Indeed, the idea that property as well as liberty interests are covered by *Engquist* was explicitly applied in *Rogers v. Oregon Teachers Standards and Practices Comm*, 2014 WL 3513369, *2-3 (D. Or. July 14, 2014), and was also clearly the issue in a case cited by defendants in their initial Memorandum, *Nicholas v. Pa. State Univ.,* 227 F.3<sup>d</sup> 133, 142-43 (3<sup>d</sup> Cir. 2000).  In addition, the

Page 5 -    REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

Ninth Circuit found without parsing such a distinction that a public employee simply did not have the right plaintiff here is asserting. *Silva v. City of Los Gatos*, 2023 WL 1989771 (9th Cir. Feb. 14, 2023). *Silva* also noted that mere employment decisions rather than larger scale actions such as legislation or regulation are required. *Silva, supra* at \*1, *citing Sagana v. Tenorio*, 384 F. 3d 731 (9th Cir. 2004), *cert. denied*, 543 U.S. 1135 (2005). There has been no such action, asserted or otherwise.

Contrary to plaintiff's suggestion, nothing in *Dunn v. Reynolds School Dist.*, 2010 WL 4718781 (D. Or. Nov. 15, 2010), suggests its logic *only* applies to property and not to liberty interests. *Dunn* simply says nothing about that at all. And, as regards saying nothing, plaintiff says nothing about the holding in *Elliot v. Staton*, 2012 WL 2374986 (D. Or. Apr. 20, 2012). The *Elliot* Court noted that multiple courts had found *no* right to protect a contract under substantive due process. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142–43 (3d Cir. 2000); *Singleton v. Cecil*, 176 F.3d 419, 425-26 (8th Cir. 1999) (*en banc*) ("a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process"); *Local 342, Long Island Public Serv. Employees v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994) ("We do not think, however, that simple, state-law contractual rights, without more, are worthy of substantive due process protection."); *McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (*en banc* ) ("employment rights are state-created rights and are not 'fundamental' rights created by the Constitution."); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) ("plaintiffs' state-created right to tenured employment lacks substantive due process protection"); *Huang v. Board of Governors of Univ. of N.C.*, 902 F. 2d 1134, 1142 n.10 (4th Cir. 1990) (professor's interest in position in university department "is essentially a state law contract right, not a fundamental interest embodied in the Constitution"); *Kauth v. Hartford Ins. Co. of Ill.*, 852 F.2d 951, 958 (7th Cir. 1988) ("In cases where the plaintiff complains that he has been unreasonably deprived of a state-created property interest—the plaintiff has not stated a substantive due process claim.").

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

And, as noted in defendants' initial Memorandum at 9, it is a situation in which, if there is a right, it is most clearly not firmly established—particularly given the weight of all this contrary precedent just cited—such that qualified immunity would presumably have to issue. *Elliot*, *supra,* 2012 WL 2374986, *5.

A third and very concrete problem with the plaintiff's argument is that she had no contractual right, and she knows it.  That plaintiff had no contractual, *i.e.* property, right in her job has already been adjudicated.  *L.J. v. State of Oregon, Oregon Health Authority, supra*, Case No. MA-008024.  That plaintiff has not brought this ruling to the Court's attention and not refrained from continuing this argument is unfortunate.

Ultimately, plaintiff would have this Court believe defendants only relied on *Dunn*, when in fact their argument is predicated on *Engquist, Nicholas,* and *Elliot*, while only spending barely four lines of type on *Dunn*.  Initial Memorandum at 8.

Plaintiff has no protectable property or liberty interest, and the Fourth Claim for Relief should not proceed.

### III.    Plaintiff has no right to a name clearing hearing and no enforceable liberty interest (Fourth Claim for Relief).

Plaintiff's argument that she is entitled to a name clearing hearing is predicated on her vague and generalized allegations that the "Statements by Hathi are defamatory* * *."  Response at 14.  There are a number of problems with plaintiff's position.

First, they are not defamatory.  This Court can review those statements for itself.  The entire universe of statements at issue are in the two pages that make up the Letter.  No matter what the complaint characterizes this document as being, this Court can disregard such characterizations when they conflict with the document before the Court.  *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998); *Ala, Inc. v. CCAir, Inc*., 29 F.3d 855, 859 (3d Cir. 1994); *Graue Mill Devel. Corp. v. Colonial Bank & Trust*

*Co*., 927 F.2$^d$ 988, 991 (7th Cir. 1991); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2$^d$ 1200, 1206-07 (5th Cir. 1975); *see, e.g., Loveland v. Warner*, 204 P. 622, 627 (Or. 1922).

As set forth in defendants' initial Memorandum, there are, simply, no allegations of dishonesty, no allegations of immorality.  Nor are there any comments from which such traits in plaintiff could be "inferred" by any reasonable juror.  The Letter from Director Hathi to Human Resources Director Midkiff consists of materials typically found in any termination situation, and of an utterly unspectacular nature.  "Defamation" is a legal, not a factual conclusion and this Court can discern there is nothing defamatory in the Letter.

Plaintiff suggests such allegations are sufficient to state a liberty interest.  Response at 15.  Again and again, plaintiff asks this Court to fall back upon generalities.  Again and again, defendants are required to point out that specificity matters, that details matter.  Indeed, even the cases cited by plaintiff do not conflict with, but are congruent with, those cited by defendants.  For a statement to be sufficiently stigmatizing to require a name clearing hearing it must clearly impair a person's reputation for honesty, moral turpitude, or criminal conduct, *Loehr v. Ventura County Community College District*, 743 F.2$^d$ 1310, 1317 (9th Cir. 1984); *Bollow v. Federal Reserve*, 650 F.2$^d$ 1093 (9th Cir. 1981), such that it effectively eliminates the possibility of public employment.  *Board of Regents of State College v. Roth*, 408 U.S. 564 (1972),

Nothing in the Letter comes close to that line.  In *Campanelli v. Bockrath*, 100 F. 3$^d$ 1476 (9th Cir. 1996), cited by plaintiff, the individual involved, a sports coach, was said to have "personally attacked his players to the point that his players became physically ill and were 'in trouble psychologically,'" and his actions "constituted charges of morally reprehensible behavior."  *Id.* at 1480.  In *Cox v. Northern Virginian Transportation Commission*, 551 F.2$^d$ 555 (1976), the individual was accused of being involved in financial wrongdoing and there were reports of "serious financial irregularities at the commission involving commissioners' expense accounts."  *Id.* at 557-58.  In *McNeill v. Butz*, 480 F.2$^d$ 314 (4th Cir. 1973), the plaintiffs were accused of "substituting erroneous or fraudulent documents for ones [they] had mutilated."  *Id*. at

Page 8 -  REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

319.  And in *Ridpath v. Board of Governors Marshall University*, 447 F.3rd 292 (4th Cir. 2006), plaintiff was accused of bringing down an NCAA investigation on the university involving academic fraud when varsity football players received advance copies of a test they were required to take.

      In each of these cases, there is an action that would be easily understood to be one implicating honesty or moral turpitude, in stark contrast to the lack of such commentary in the Letter.  In sum, plaintiff's cases assist defendants.[2]

      Second, plaintiff suggests that the words "morality" or "truthfulness" need not explicitly appear in the alleged stigmatizing statement, and with that defendants agree.  However, common sense dictates that the inference that such is implicated be reasonable.  The Letter cannot credibly be said to infer anything of the sort.

      As to the Letter, the Ninth Circuit has held that general allegations that an employee is deficient in certain managerial characteristics are not sufficient to meet the stigmatizing standard. *Jenkins v. US Post Office*, 475 F.2d 1256, 1257 (9th Cir. 1973).  Examples of allegations found *not* to be sufficient: incompetence and an unwillingness or inability to deal with coworkers in a professional manner, *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir. 1976); failure to provide leadership and/or failure to maintain proper supervision and/or failure to stimulate proper attitude and morale and/or failure to follow through and/or failure to effectively and constructively communicate with oversight authority, *Roley v. Pierce County Fire Protection District*, 869 F.2d 491 (9th Cir. 1989); insubordination, hostility toward authority, aggressiveness and undermining the agency mission, *Gray v. Union County*, 520 F.2d 803, 806 (9th Cir. 1975); not a good teacher or scholar, *Jablon v. Trustees of California State Colleges*, 482 F.2d 997, 1000 (9th Cir. 1973); a dismissal with no reason given for the dismissal, *Bollow v. Federal Reserve*, 650 F.2d 1093, 1101 (9th Cir. 1981); not being a good manager, *Roth, supra*; a

_____

[2] Plaintiff also cites to *Olivieri v. Rodriguez*, 122 F.3d 406 (7th Cir. 1997), but in that case, a grant of a defense motion for summary judgment was *upheld*, and as such plaintiff at most is citing to dicta.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

refusal to rehire without explanation, *Haimowitz v. University of Nevada*, 579 F.2$^d$ 526, 529 (9th Cir. 1978); *Lagos v. Modesto City School District*, 843 F.2$^d$ 347, 350 (9th Cir. 1988); *Haimowitz v. University of Nevada*, 579 F.2$^d$ 526, 529 (9th Cir. 1978); the inability to work with and get along with co-workers, *Roley supra; Stretten supra*; resistance to supervisor directives, *Wheaton v. Webb-Petett*, 931 F.2$^d$ 613, 617 (9th Cir. 1991); lack of understanding of job, failure to communicate with supervisory board and passivity in responding to board directives. *Portman v. County of Santa Clara*, 995 F.2$^d$ 898, 907 (9th Cir. 1993).

That such allegations are insufficient is, therefore, not a matter of fact but one of law, and suitable for disposition at this juncture.

Third, plaintiff's contention is that "publication occurred through the public entity's response to a public records request." Response at 14, n. 4. The Fourth Claim for Relief, however, is not directed at OHA, but at Hathi, and there is no allegation that Hathi directed or had any role in the publication of the Letter. *See* Am. Cp. ¶ 47. Curiously, plaintiff contends in her Response that the OHA spokesperson "made [statements] to the press about civil rights investigations Plaintiff oversaw * * *." Response at 15. Except there is no such allegation in the Amended Complaint. Plaintiff is adding new and unfounded allegations to try and rescue this claim.

In sum, the Letter is legally insufficient to trigger a name clearing hearing and the Fourth Claim for Relief should be dismissed.

## IV. The allegations against the individual defendants are insufficient to maintain them in this action (First, Second, Third, Fourth, Sixth and Tenth Claims for Relief).

Plaintiff's Response merely makes the defendants' point that the allegations in the Amended Complaint are so scant, so ephemeral, they should not be maintained.

Defendants do not contest that in federal court, notice pleading and not fact pleading is the rule. That said, notice pleading is more than merely subjective beliefs and adjectives. Indeed, that is precisely what plaintiff has offered and precisely what this Court has ruled is

insufficient. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [the plaintiff's] civil rights." *Thomas v. Harder*, 2023 WL 1815197, \*4 (D. Or. Feb. 8, 2023), *quoting Barren v. Harrington,* 152 F.3$^d$ 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

As to Jennifer Midkiff, even in the Response, which is, it must be said, more specific than the Amended Complaint, it is only contended she followed her boss' directive to process plaintiff's termination and effectuated the completion of the documentation of plaintiff's employment status. Where these are set forth in the Amended Complaint is not identified (they are not). Regardless, how following orders as to these ministerial and mundane human resources actions by a human resources professional implicate gender or race discrimination or imply intent to her is impossible to discern. And, to the extent plaintiff contends this supports her due process claim, as discussed in Section II, above, there was no right to notice or an opportunity to be heard as an at-will employee. That is an allegation of law, not fact, and plaintiff knowingly has not disclosed that no such entitlement has already been determined not to exist. *L.J. v. State of Oregon, Oregon Health Authority*, *supra.* Case No. MA-008024.

Angie Sifuentez is similarly only alleged to have participated in a violation of due process already adjudicated as not being an entitlement. There is no factual basis for tying her, as the Amended Complaint does, to a variety of discrimination and retaliation claims.

As to Jessica Knieling and Berri Leslie, the allegations are even more scant. They were not even OHA employees. In essence the allegations amount to "a request came in from OHA and they followed the request." Again, there is no inference of personal intent, no implication sufficient to link these women to race or gender discrimination and the due process allegation is simply wrong.

And merely alleging that the individuals "knew or had reason to know," Response at 19, is precisely the kind of insufficient conclusion precluded by *Thomas* and *Barren.*

Page 11 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

It should also again be noted that the due process claim, the Fourth Claim for Relief, does not even mention, does not name, any of these defendants. That claim is against Director Hathi only. So why plaintiff is now focusing on tying these four individuals to a claim in which they are not parties?

As to Dr. Hathi, the allegations set forth by defendants in their initial Memorandum are the same as those in the Response, and amount to no more than, at worst, a personality clash between a boss and her at-will employee. There is, quite simply, no legal right to a harmonious working relationship. To require Dr. Hathi to endure litigation of this sort based on an entirely subjective and unsupported conclusion lowers the bar for pleading to the virtually non-existent. Functionally, in employment law, one has to show that (1) they were a member of a protected class, (2) that they suffered an adverse action, and (3) that the adverse actions occurred *because* they were a member of the protected class. Nothing in the Amended Complaint provides even a scintilla of support for the "because."

Contrary to plaintiff's characterization of defendants' position—and of course the Court should read the defendants' Memorandum to determine what defendants are saying, not plaintiff's misstatement of that document—defendants do not contend there must be a "smoking gun," and nowhere use that phrase. What defendants *do* suggest, however, is that, under *Thomas* and *Barren*, there must be *something*. The Amended Complaint fails to meet the most lenient standards, and the First, Second, Third, Fourth, Sixth and Tenth Claims for Relief should be dismissed.[3]

## V. Leslie, Midkiff, Sifuentez and Knieling (and, potentially, Hathi) are entitled to a grant of qualified immunity (First, Second, Third and Fourth Claims for Relief).

The issue of qualified immunity is closely linked to the discussion, in Section VI, above, of the shear lack of specificity in the allegations in the Amended Complaint. That said, however, the issue of qualified immunity should not be determined on the slender reed of notice pleading,

---

[3] If the Court agrees, at that point only state law claims remain, and the Court will have the option to decide whether to maintain jurisdiction.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

but, rather, to avoid the application of qualified immunity plaintiff needs to come forth with allegations that itemize acts that defendants would know were unconstitutional. If the allegations cannot even meet the notice pleading standards, it is impossible for them to have the requite specificity to avoid qualified immunity.

The key issue for the Court is that plaintiff misunderstands the directive of the Supreme Court in *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 142 S. Ct. 4 (2021), and *City of Tahlequah v. Bond*, 595 U.S. 9, 142 S. Ct. 9 (2021).[4] Plaintiff suggests that this case does not require "a more nuanced legal analysis" because discrimination and due process claims are reasonably well known. Response at 23. But that is precisely the kind of generalization that *Rivas-Villegas and City of Tahlequah* caution against. The issue is not "should I have known I violated your due process rights?" or "should I have known not to be a sexist or a racist?" Rather, the inquiry must be about the specific facts of the case. *Rivas-Villegas* makes clear that a right is only clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." 595 U.S. 1 at 5. Absent that, immunity will be found to exist where a plaintiff cannot show a case with a set of facts like the ones at issue here. *Id.* at 6. And that comparison cannot be at a high level of generality. *City of Tahlequah*, *supra,* 595 U.S. 9 at 12.

As previously noted, and as set forth in both the initial Memorandum and above in Section IV, there is a significant lack of specificity. Indeed, the only matters that the plaintiff raises as being even slightly specific are the matter of her alleged property right, which, as established, does not exist, and the "stigmatizing" Letter, which, as the Court will be able to determine, simply is no such thing as a matter of law. As to allegations of race or gender discriminatory or retaliation, the plaintiff's Amended Complaint is silent. Indeed, even though

---

[4] Plaintiff attempts to distinguish these cases by stating they were reviewing motions for summary judgment, but the Supreme Court makes no such distinction in the analysis and, of course, qualified immunity is to be determined at the earliest possible moment. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

defendants raised these arguments relative to all of the First, Second, Third and Fourth Claims for Relief, plaintiff responds only as to the Third and Fourth Claims.  Defendants are uncertain whether this is an inadvertent error or a concession, but it underscores the total absence of anything in the Amended Complaint bolstering claims that seem to be present simply for the purpose of piling on.

Finally, plaintiff misses the point of defendants' referring the Court to Or. Rev. Stat. § 192.335(1).  Defendants never claimed this was *federal* immunity.  What they said, simply, is that

> it indicates the environment in which defendants operated, and the strong assurances state law provided them in order to facilitate openness in government. Accordingly, while not on its own granting immunity from a federal claim, Or. Rev. Stat. 192.335 is strong support for this Court determining that, on the liberty interest claim, there is a statutory basis for determining there could not be a knowingly unconstitutional act and that federal qualified immunity should issue, regardless of who is being alleged to have done the act.

Initial Memorandum at 19.

Defendants maintain this demonstrates a basis for their not having knowledge that any disclosure would be improper.  That said, the disclosure of the document is not, in the Amended Complaint, attributed to any of the defendants, but to an individual by the name of Larry Bingham, who is not alleged to have done so at any of the defendants' direction.  Am. Cp. ¶ 47.

Ultimately, plaintiff's arguments amount to asking this Court to ignore the dictates of the Supreme Court in *Rivas-Vilegas* and *City of Tahlequah*.  It is an invitation the Court should decline, and qualified immunity should issue.

## VI.    The request for prospective injunctive relief must be stricken.

In defendants' initial Memorandum, defendants noted that hypothetical and speculative injuries that may never occur in the future may not be remedied by the courts.  Other than her request for a name-clearing hearing, all plaintiff's proposed injunctive relief would fall into this category.  As such, she may not maintain such requests.  *Thomas v. Anchorage Equal Rights Commission*, 220 F.3$^d$ 1124 (9th Cir. 2000).

Page 14 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

Plaintiff's employment is terminated. There is no ongoing, no continuing violation that can be alleged. No remedy is available under such circumstances. *Green v. Mansour*, 474 U.S. 64, 67 (1985).

Plaintiff never addresses *Thomas* or *Green*. Defendants' argument is not opposed. The requested relief should be stricken.

## VII.   The State should be substituted for the individual defendants and then dismissed (Sixth and Tenth claims for Relief).

Plaintiff now asserts that, if allowed to amend, she will pick a number for damages out of a hat: $3,000,000. This number bears no relation to economic damages, and exceeds, to the defendants' knowledge, *any* jury award ever granted in an employment case in the State of Oregon. It is, therefore, not possible to assert that number in a good faith pleading. Accordingly, and given the history of damages in such cases in this and in other state courts, the damages realistically that must be asserted are below the amount of the tort claim limit and substitution should be allowed.

## VIII.   The Amended Complaint presents matters not material which should be stricken.

### a.   Allowing discovery to proceed on matters that should be stricken would be prejudicial because it subjects the state defendants to undue burden and expense.

Plaintiff's response demonstrates the flaws with her arguments. Dismissal of paragraphs 13, 15-16, 20-21, and 27 under Fed. R. Civ. P. 12(f) is warranted here. Plaintiff's argument that these allegations are not prejudicial to defendants is unavailing. Allowing allegations on matters that should be stricken to move forward will create undue burden in the form of unnecessary litigation on matters that are redundant, immaterial or impertinent, and creates added expense to the State.

Allowing discovery to proceed on matters that should be stricken will subject the state defendants to undue burden and expense by requiring them to respond to discovery that should not be had at all. *Cf. Stauffer v. Matarazzo*, 3:23-cv-01136, 2023 WL 8096907 at *2 (D. Or. Nov.

21, 2023) (limiting discovery will protect defendants from the undue burden and expense of discovery and promote an efficient use of resources when ruling on the viability of plaintiffs' claims.); *Wood v. McEwen*, 644 F.2$^d$ 797, 802 (9th Cir. 1981) (holding that limiting discovery was not abuse of discretion when "there was a real question whether [the plaintiff's] claim presented a substantive basis for" relief). Even if plaintiff's claims were to survive a motion to dismiss on one or more claims, striking redundant, immaterial or impertinent matters would avoid an unnecessary waste of resources. *See Wood*, 644 F.2$^d$ at 801 (a district court may limit discovery when it is shown that the plaintiff will be unable to state a claim for relief). Accordingly, paragraphs 13, 15-16, 20-21, and 27 should be stricken.

### b. "Adverse employment action" is an essential element common to most of plaintiff's claims.

A showing of "adverse employment action" is an essential element common to most of plaintiff's claims. For example, claims five through eleven contain state law claims under Or. Rev. Stat. Chapter 659A, and a federal claim under 42 U.S.C. § 2000e ("Title VII"). These are claims that raise the issue of retaliation and 'adverse employment action' for engaging in alleged protective activity in one form or another. *See Harris v. Pameco Corp.*, 12 P.3$^d$ 524, 532 (Or. App. 2000). *See Mains v. II Morrow*, Inc., 128 Or. App. 625, 634 (1994) (the elements for a hostile work environment claim under ORS 659A.030 and Title VII are similar given that "ORS 659.030 was modeled after Title VII" and therefore "federal cases interpreting Title VII are instructive.").[5]

The standard for hostile work environment claims is the same regardless of whether the plaintiff is claiming racial and sexual discrimination. *Nat'l R.R. Passenger Corp v. Morgan*, 536 U.S. 101, 116 n. 10 (2002). Furthermore, in a claim involving a hostile work environment under

---

[5] A plaintiff can prevail on a claim under ORS 659A.030 and under Title VII by showing they are (1) "'a member of a protected class, (2) they were qualified for the job and was performing it according to the employer's legitimate expectations, (3) [they] suffered an adverse employment action, and (4) other 'similarly situated' nonminority employees were treated more favorably.'" *Miller v. State by and through Oregon Racing Comm'n*, 298 Or. App. 70, 89 (2019).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Title VII, "the employer is liable when the conduct 'is sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment.'" *H.K. v. Spine Surgery Ctr. of Eugene, LLC*, 470 P.3$^d$ 403, 406 (2020) (quoting *Mains v. Morrow, Inc.*, 877 P.2$^d$ 88, 93 (1994) (quoting *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986)). An employee is a 'supervisor' for purposes of vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions against a plaintiff. *Burlington Industries, Inc., v. Ellerth*, 524 U.S. 742, 790 (1998). A tangible employment action (an 'adverse' action) occurs where there is a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id*.

Based on a reading of the amended complaint, none of the activities complained off in paragraphs 13, 15-16, 20-21, and 27 resulted in a tangible employment action against the plaintiff, and therefore, these paragraphs should be stricken.

## IX.    The plaintiff should not be allowed to re-plead.

Rule 15 is not a blanket amnesty for lawyers to continue to re-plead and re-plead until they find some kernel of sufficiency.  It is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3$^d$ 458, 462 (2$^d$ Cir. 1994) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Plaintiff's counsel is an experienced employment and civil rights litigator of a decade and a half standing.  She is certainly able to draft a complaint with the best facts she has.  Her problem is that, here, she has no facts, nor is it likely she can find new ones having already amended her complaint once.

The Rule calls for leave to amend to be allowed "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  We are already a year past plaintiff's termination.  Plaintiff's request to amend is a list of additional *legal* theories, theories she should have asserted two complaints ago, and a third attempt should not be permitted.  Requiring defendants to have to defend and move again and again against slightly amended claims is time-consuming, costly and prejudicial.  There are no new facts to assert; only ones already known but not set forth.  "Leave to amend may be denied

Page 17 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
DISMISS AND TO SUBSTITUTE AND TO STRIKE

'when the moving party knew about the facts on which the proposed amendment was based but omitted the necessary allegations from the original pleadings.'" *Rice v. Comtek Mfg. of Oregon, Inc*., 766 F. Supp. 1550, 1551 (D. Or. 1990) (*quoting* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1488 at 688 (2$^d$ Ed. 1990)).

There are five factors for this Court to consider in analyzing a motion to amend. *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2$^d$ 1149, 1160 (9th Cir. 1989). They are: (1) whether plaintiff has previously amended its complaint; (2) bad faith; (3) undue delay; (4) prejudice to the opposing party, and (5) futility of the proposed amendment. *Ascon Properties*, 866 F.2$^d$ at 1160.[6] *See also DCD Programs, Ltd. v. Leighton*, 833 F.2$^d$ 183, 186 (9th Cir. 1987); *Loehr v. Ventura County Community College Dist.*, 743 F.2$^d$ 1310, 1313 (9th Cir. 1984).

Here, plaintiff has previously amended her complaint. Defendants do not allege bad faith. Although we are at the beginning of this litigation, we are nonetheless not at the beginning of this saga, and considerable time has passed. A third complaint perforce would trigger another motion to dismiss, another uncertain number of months' passage, another stretch where time passes and memories fade. That not only constitutes undue delay, but amounts to prejudice to the defendants, whose witnesses are focused on other matters, who may leave State employment, who may retire. Finally, for the reason set forth in the initial Memorandum and above, the amendments would be futile. Where amendment is futile, denial is appropriate. *Daratony v. Continental Assurance Co.*, 9 Fed. Appx. 724 (2001); *DCD Programs, Ltd. v. Leighton*, 833 F.2$^d$ 183, 186 (9th Cir. 1987).

Plaintiff simply invokes the language of the Rule without offering any basis for permitting the amendment, for offering any explanation for why justice would require amending yet again. Nor does she offer any reason why what she would now include could not have

---

[6] The Court should also assign some weight to the fact that plaintiff neither raises issues of newly decided law nor newly discovered facts (which, as there has been no discovery in this matter, would not be possible). All that plaintiff offers is a more detailed version of the same, legally insufficient, pleading.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

been—should not have been—in the first complaint. Or the second. Further amendment should not be permitted.

## CONCLUSION

Defendants suggest this Court grant the relief requested in this motion and reject to plaintiff's request for a third bite of the apple.

DATED July 11, 2025.

Respectfully submitted,
DAN RAYFIELD
Attorney General

*s/ Marc Abrams*
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
nathaniel.aggrey@doj.oregon.gov
Senior Assistant Attorney General
Trial Attorneys
*Attorneys for Defendants*

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on July 11, 2025, I served the foregoing REPLY MEMORANDUM IN

SUPPORT OF PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Talia Y. Guerriero | ___ HAND DELIVERY |
| talia@beaconforjustice.com | ___ MAIL DELIVERY |
| David C. Higgs | ___ OVERNIGHT MAIL |
| david@beaconforjustice.com | ___ TELECOPY (FAX) |
| Beacon Employment Law | ___ E-MAIL |
| 1000 SW Broadway, Suite 2130 | _X_ E-SERVE |
| Portland, OR 97205 | |
| *Attorneys for Plaintiff* | |

___ *s/ Marc Abrams* ___
MARC ABRAMS, #890149
marc.abrams@doj.oregon.gov
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
nathaniel.aggrey@doj.oregon.gov
Senior Assistant Attorney General
Trial Attorneys
*Attorneys for Defendants*

Page 20 - REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO
DISMISS AND TO SUBSTITUTE AND TO STRIKE