**Talia Y. Guerriero**, OSB #115271
talia@beaconforjustice.com
**David C. Higgs**, OSB #114193
david@beaconforjustice.com
Beacon Employment Law
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-564-4689 (Fax)
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | **Case No. 6:25-cv-00470-AA** |
| Plaintiff, | |
| v. | |
| **STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities; | **PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE** |
| Defendants. | |

Page 1 of 7 – PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO STRIKE

## I.      CONFERRAL CERTIFICATION

Plaintiff's counsel certifies that she conferred with Defense Counsel Aggrey and Defendants do not oppose the motion for leave to file a sur-reply on topics related to Recommended Order from the Employment Relations Board ("ERB").

## II.     MOTION TO GRANT LEAVE TO FILE SUR-REPLY

Pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7-1(f), Plaintiff respectfully moves the Court for leave to file a sur-reply in response to Defendants' Reply in support of Defendants' Motion to Dismiss in order to address new facts, arguments, and authorities raised for the first time in the Reply, which Plaintiff has not had an opportunity to address and that require correction of material mischaracterizations. Under LR 7-1(e), courts routinely grant leave to file a sur-reply when a reply brief introduces new matters that warrant a response. *Oregon Natural Desert Ass'n v. Cain*, 17 F. Supp. 3d 1037, 1048 (D. Or. 2014). A copy of the proposed Plaintiff's Sur-reply is attached as Exhibit 3.

## I.      INTRODUCTION

Defendants' Reply is structured around an Oregon Employment Relations Board ("ERB") proceeding that began nearly a year ago on July 19, 2024. Defendants failed to mention the ongoing ERB proceedings in its initial Motion to Dismiss on June 23, 2025 or request a stay pending the outcome. Defendants' approach raises the issue at this late stage with the effect of foreclosing Plaintiff's opportunity to meaningfully brief the matter. As such, the Court should grant Plaintiff an opportunity to file her Sur-Reply addressing the factual and legal issues related

to the ERB decision and new mischaracterizations of fact and law. Defendants' new factual and

legal arguments require such an opportunity to ensure fair adjudication of the pending motion.[1]

## II.    LEGAL STANDARD

The Court may permit sur-replies when "the movant's reply raises new arguments or

cites new authorities, particularly when the non-movant could not have addressed in the initial

response brief. See, *Oregon Natural Desert*, 17 F. Supp. 3d at 1048 ("Where new evidence is

presented in a reply to a motion for summary judgment, the district court should not consider the

new evidence without giving the nonmovant an opportunity to respond.") (quoting *Provenz v.

Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)) (cleaned up).

## III.    RELEVANT FACTS

In this lawsuit, Plaintiff alleges – and ERB found – that she was technically a

"management service" employee for at least some (if not all) of her employment with the State

because the State failed to perfect her ORS 240.205(4) "unclassified" status. Compl. ¶¶ 42, 43.

Plaintiff seeks to hold Defendants accountable for their due process violations related to their

actions in first deciding to terminate her employment and then taking undisclosed actions to

deprive Plaintiff of her management service protections. *Ids*. ¶¶ 43, 44, 46. Plaintiff alleges that

Defendants' motives were improper in that they sought to avoid the consequences of their

mistaken management service classification and then converted Plaintiff's status and terminated

her employment without notice or an opportunity to be heard. *Id*. ¶¶ 42-46.

---

[1] It is particularly important that Plaintiff has the opportunity to respond to the new matter to
extent the Court exercises its discretion to convert a portion of Defendants' 12(b)(6) motion to
one for partial summary judgment.

Page 3 of 7 – PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY TO
DEFENDANTS' PARTIAL MOTION TO DISMISS AND TO SUBSTITUTE AND TO
STRIKE

Plaintiff filed a Complaint with ERB on or around July 19, 2024 (and an Amended Complaint on or around October 23, 2024) seeking clarity from the ERB as to (1) whether Defendants had properly corrected their mistaken management service classification by the time of Plaintiff's termination,[2] and (2) whether ERB had jurisdiction to address Defendants' improper motive and conduct in depriving Plaintiff of her management service protections by using a tactic of surreptitiously reclassifying her to executive service, and only *after* deciding to terminate her employment and realizing she may have management service protections. Guerriero Decl., Ex. 1.

ERB Administrative Law Judge Carlton Grew held a hearing on December 6, 2024 and February 27, 2025 on the following questions:

"Does the Board have jurisdiction over Appellant's claims that the Oregon Health Authority violated ORS 240.560(3) and (4); OAR 115-045-0010; and ORS 240.570(2), (3), and (4) when it (a) reassigned or removed Appellant from management service on June 18, 2024, and/or (b) when it terminated Appellant's employment?"

In the ERB matter, the parties filed their post-hearing closing briefs on April 2, 2025 and the ERB took the matter under advisement.

---

[2] At least one Oregon federal district court has concluded that the Oregon Supreme Court would likely find that the ERB has exclusive jurisdiction to make a state employee classification determinations. *Nelson-Baca v. Oregon by & through Dep't of Hum. Servs.*, No. 3:18-CV-00300-YY, 2021 WL 3702486, at *7 (D. Or. Apr. 21, 2021), *report and recommendation adopted sub nom. Nelson-Baca v. Oregon*, No. 3:18-CV-300-YY, 2021 WL 2711466 (D. Or. July 1, 2021).

In this case, Defendants filed their motion to dismiss in June of 2025. If Defendants

wanted this Court to consider the impact of the ERB's decision at the Motion to Dismiss stage,

*Defendants could have raised* the issue in their original motion or requested a stay pending the

outcome of the ERB proceedings. Defendants also could have filed a motion for leave to file a

supplemental brief to which Plaintiff would have an opportunity to respond. Instead, Defendants

waited until the day the ERB decision was adopted to raise the matter for the first time in their

Reply, foreclosing Plaintiff's opportunity to respond.

A. **IV. DEFENDANTS' REPLY BRIEFSHOULD BE STRICKEN OR, ALTERNATIVELY, THE PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY**

The Court should reject Defendants' inappropriate attempts to make an end run around

Plaintiff's due process and opportunity to substantively respond by granting Plaintiff leave to file

the accompanying sur-reply.

A. **The June 25, 2025 ERB Recommended Order Objection Period Expired the Day Defendants Filed Their Reply and the Order was Adopted July 23, 2025.**

Defendants' Reply introduces and extensively relies upon a final ERB decision whose

objection period expired on July 10, 2025, the same day that Defendants filed their Reply, and

that was finally adopted on July 23, 2025. *See* Reply at 2-3; Guerriero Decl. ¶ 3. Defendants'

extensive reliance on the ERB decision in their Reply creates a fundamental fairness problem.

The ERB's recommended order, while dated June 25, 2025, was subject to a 14-day objection

period and was not adopted by ERB until July 23, 2025. See, Guerriero Decl. ¶ 3, Ex. 1, ERB

Decision at 12 (noting 14-day objection period). Any objections by either party during that

period could have resulted in modifications to the recommended order. As such, it would not

have been appropriate for Plaintiff to treat the recommended findings as final at the time of her responsive briefing on June 30, 2025. Defendants misleadingly treat the ERB decision as if it were settled authority available throughout Plaintiff's briefing process, yet the order became final on July 23, 2025. The Court should reject Defendants' attempts to fault Plaintiff for not treating the ERB's recommended order as settled findings before they were adopted.

**B. Defendants' Reply Introduces New Legal Theories Based on the Final ERB Decision**

Defendants' Reply inappropriately advances entirely new legal theories that were not raised in Defendant's motion based on the final ERB decision. For example:

(1)    Defendants assert a *new* argument that seemingly invokes a collateral estoppel and/or issue preclusion of the ERB's jurisdictional finding as it relates to Plaintiff's federal constitutional claims. Reply at 2-3, 7-8.

(2)    Defendants assert a *new* property interest analysis by stating that the ERB decision definitively establishes Plaintiff lacked any property interest in continued employment, although that conclusion is inconsistent with the ERB decision itself.[3] Reply at 2, 5-7.

Defendants also repeatedly and materially mischaracterize Plaintiff's arguments.

---

[3] To the contrary, the ERB decision found that Plaintiff *did in fact have* a property interest in her continued employment until the very moment her reclassification was perfected. The ERB's factual findings document the precise procedural manipulation that Plaintiff alleges: discovering her protected status only after deciding to terminate her, then rushing to eliminate those protections through post-hoc paperwork. As ALJ Grew explained, however, Plaintiff's reclassification was not perfected until the exact moment of Plaintiff's termination letter. The ERB decision only establishes that ERB itself does not have jurisdiction to determine the legality of the State's actions, but this Court has such jurisdiction over Plaintiff's constitutional claims.

The Court should reject Defendants' attempt to assert both of these new issues that they could have anticipated would be decided by ERB at the time they filed their original briefing. In the alternative, the Court should grant Plaintiff a full and fair opportunity to address how the final ERB decision supports rather than undermines her federal constitutional claims. Plaintiff's proposed Sur-reply, attached as Exhibit 3, focuses on new matters raised in Defendants' Reply. Guerriero Decl. Ex. 3. Allowing the Sur-reply will promote judicial efficiency by ensuring complete briefing on all relevant issues, avoiding the need for additional motion practice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file the proposed Sur-Reply.

Respectfully submitted,

Dated: July 23, 2025.                                      BEACON EMPLOYMENT LAW

 s/Talia Y. Guerriero
Talia Y. Guerriero, OSB #115271
talia@beaconforjustice.com
David C. Higgs, OSB #114193
david@beaconforjustice.com
Of Attorneys for Plaintiff