DAN RAYFIELD
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.oregon.gov
        nathaniel.aggrey@doj.oregon.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEANN JOHNSON, | Case No.  6:25-cv-0470-AA |
| Plaintiff, | MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN SUPPORT |
| v. | |
| STATE OF OREGON; OREGON HEALTH AUTHORITY; SEJAL HATHI; BERRI LESLIE; JENNIFER MIDKIFF; ANGIE SIFUENTEZ; and JESSICA KNIELING, | |
| Defendants. | |

## LOCAL RULE 7-1 CERTIFICATION

Defendants State of Oregon Health Authority ("OHA"), Sejal Hathi, Berri Leslie,

Jennifer Midkiff, Angie Sifuentez and Jessica Knieling, by and through their attorneys Marc

Abrams, Assistant Attorney-in-Charge, and Nathaniel Aggrey, Assistant Attorney General,

certify that the parties attempted to resolve this dispute prior to seeking a decision from this

Court and have been unable to do so.

Page 1 -    MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN
            SUPPORT

## MOTION FOR ADDITIONAL TIME FOR DEPOSITION

Defendants move this Court for an order, pursuant to Fed. R. Civ. P. 30(d)(1) and Fed. R. Civ. P. 26(b)(2)(A), allowing up to fourteen hours to conduct the deposition of plaintiff Leann Johnson in this action.  Defendants do not anticipate needing any other deposition in this action.  The motion is supported by the Memorandum of Law in Support of Motion for Additional Time for Deposition, below.

Oral argument is not requested.

## MEMORANDUM

## INTRODUCTION

Plaintiff in this action has brought *eleven* separate claims for relief, against her former employer agency, OHA, and five individuals, alleging equal protection violations under the 14th Amendment; race discrimination under 42 U.S.C. §§ 1981 and 1983; deprivation of a property interest in her employment under the 14th Amendment; deprivation of a liberty interest under the 14th Amendment; race and color discrimination under ORS 659A.030; retaliation under ORS 659A.030; whistleblower retaliation under ORS 659A.199; public employee whistleblower retaliation under ORS 659A.203; retaliation for initiating a civil proceeding under ORS 659A.230; aiding and abetting under ORS 659A.030, and race and color discrimination under 42 U.S.C 2000e ("Title VII").  Her First Amended Complaint is 144 paragraphs and 46 pages long.  In her initial disclosures, plaintiff listed *eighty-three* persons with information relevant to this case.  Plaintiff's testimony is the only deposition sought by defendants, and hers is the only source of information relating to her claims.  Due to the complexity of the issues, it will take two seven-hour days to complete plaintiff's deposition.  Plaintiff, however, resists.  Having decided to press a claim against OHA and five high-ranking employees of State government, including the Director of OHA, the Chief Human Resources Officer for the entire State of Oregon, and the Chief Operating Officer of the Oregon Department of Justice (for acts in her prior position as head of the

Page 2 -   MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN SUPPORT

Department of Administrative Services), plaintiff should not be allowed to prevent reasonable discovery.  Abrams Dec. ¶ 1.  A 14-hour deposition should be ordered.

## ARGUMENT

Fed. R. Civ. P. 30 sets the initial limits for deposition discovery in an action at no more than ten depositions of not more than seven hours each.  However, that format is merely a general guideline, subject to revision by this Court.  Fed. R. Civ. P. 30(d)(1).  The Courts are frequently called upon to extend the time the deposition of a key witness in a complex matter or when a witness possesses extensive knowledge of a large number of pertinent details. *Fleming v. Coverstone*, 2009 WL 4040066 (S.D. Cal Nov. 19, 2009); *Davis v. Calvin*, 2008 WL 4287149 (E.D. Cal. Sept. 10, 2008); *Tatum v. Schwartz*, 2008 WL 298824 (E.D. Cal. Feb. 1, 2008).

This action is brought by a former employee of OHA, alleging eleven claims for relief in the general areas set forth above.  The events at issue span a period from 2010 through 2024, and involve, by *plaintiff's* count in her initial disclosures, eighty-three individuals and countless conversations and individual events.

The complexity of the deposition is due entirely to the scope of the case as brought by plaintiff.  Her complaint was 46 pages long with eleven discrete claims for relief.

In employment and civil rights cases, it is not uncommon for most of the information sought by the defense to be in the possession of the plaintiff.  In such circumstances, that is usually the *only* deposition needed by the defense.  Such is likely the case here, where plaintiff is the sole repository of facts relating to her own case.  Accordingly, although the defendants could, without court intervention, take up to 70 hours of depositions, they seek only to take up to 14 hours, which plaintiff can hardly contend is unreasonable.  Counsel for OHA has practiced employment and civil rights law for forty-one years and this is only the fourth time such a request has ever been refused by a plaintiff in one of his cases.

Factors considered by the courts mitigate in favor of granting a 14-hour deposition.  In determining the reasonableness of a request for an extended deposition, the courts look to whether

Page 3 -    MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN SUPPORT

the events to be explored occurred over a long period of time. *Saunders v. Knight*, 2007 WL 38000 at 3 (E.D. Cal. Jan. 4, 2007). Here, the facts cover a period from 2010 to 2024. First Amended Complaint ¶¶ 13, 47. It is not unreasonable when plaintiff has requested, just to start, half a dozen depositions—all for full days—to which defendants have readily agreed, and defendants have requested only one for that one to run slightly longer than the others.

Plaintiff's counsel has provided no basis whatsoever for her opposition to an extended deposition other than that, entirely subjectively and without foundation, she asserts "I believe it is more prudent to try to efficiently complete the deposition within the guidelines and seek a second day as may be necessary." Abrams Dec. ¶ 4, Exh. A. Plaintiff's counsel suggested that it is not fair to order a longer deposition until we know what time is actually needed. That is placing defendants in an untenable position. Defendants would have to guess at what they should ask on a first day not knowing whether there would even be a second day. They would not be able simply to move through a deposition outline, assuming that if they got halfway this Court *might* allow another session. There is no legitimate reason to place defendants in jeopardy of being unable to complete discovery because plaintiff, having chosen to sue, does not wish to expose herself to the mechanisms such suit affords the parties.

That said, after four decades in this area of practice, defense counsel is well able to determine when more than one day's questioning will be needed. Lead counsel for defendants has practiced law for 45 years, 41 of it as an employment attorney. Abrams Dec. ¶ 2. He has litigated hundreds of cases and taken hundreds of plaintiffs' depositions. *Id.* From the outset, based upon the complexity of the allegations, the number of the claims, the number of documents involved, and the panoply of facts that must be established or disproved, he has a reasonably good sense of how long a deposition will take. Abrams Dec. ¶ 3. Indeed, that is why he had a discussion about deposition length with opposing counsel before the deposition. Abrams Dec. ¶ 4. In counsel's considered opinion, given claims alleging race discrimination, race retaliation, whistleblowing of three different types, and liberty and property interest claims under the 14th Amendment, and

Page 4 -    MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN SUPPORT

generalized aider and abettor liability, this deposition simply cannot be completed in less than fourteen hours.  Abrams Dec. ¶ 3.

In addition, not seeking the time in advance can be fatal.  In *Scott v. Multicare Health Sys.*, 2019 WL 1505880 (W.D. Wash. April 5, 2019), a request for extending a deposition was rejected in part *because* there was no advance agreement.  Accordingly, defendants need to make this motion now as a precondition for a longer deposition.

**CONCLUSION**.

For the reasons set forth above, defendants respectfully request that an order issue requiring the plaintiff to make herself available for a deposition of up to 14 hours.

DATED March 20, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

    *s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
marc.abrams@doj.oregon.gov
nathaniel.aggrey@doj.oregon.gov
*Of Attorneys for Defendants*

Page 5 -    MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN
            SUPPORT

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2026, I served the foregoing MOTION FOR ADDITIONAL TIME FOR DEPOSITION AND MEMORANDUM IN SUPPORT upon the parties hereto by the method indicated below, and addressed to the following:

Talia Y. Guerriero                   ___ HAND DELIVERY
Izzy Diagostino                    ___ MAIL DELIVERY
Beacon Employment Law         ___ OVERNIGHT MAIL
1000 SW Broadway, Suite 2130     _X_ E-FILING
Portland, OR 97205              ___ EMAIL:
*Of Attorneys for Plaintiff*          talia@beaconforjustice.com
                                  izzy@beaconforjustice.com


Beth Ann Creighton                 ___ HAND DELIVERY
Creighton & Rose, PC              ___ MAIL DELIVERY
735 SW First Avenue, Suite 300    ___ OVERNIGHT MAIL
Portland, OR 97204              _X_ E-FILING
*Of Attorneys for Plaintiff*         ___ EMAIL:
                                  beth@civilrightspdx.com


            *s/ Marc Abrams*
            MARC ABRAMS, #890149
            Assistant Attorney-in-Charge
            NATHANIEL AGGREY, #172283
            Senior Assistant Attorney General
            Trial Attorneys
            Tel (971) 673-1880
            Fax (971) 673-5000
            marc.abrams@doj.oregon.gov
            nathaniel.aggrey@doj.oregon.gov
            *Of Attorneys for Defendants*

Page 1 -    CERTIFICATE OF SERVICE