DAN RAYFIELD
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.oregon.gov
        nathaniel.aggrey@doj.oregon.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEANN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF OREGON; OREGON HEALTH AUTHORITY; SEJAL HATHI; BERRI LESLIE; JENNIFER MIDKIFF; ANGIE SIFUENTEZ; and JESSICA KNIELING,<br><br>Defendants. | Case No.  6:25-cv-0470-AA<br><br>DECLARATION OF MARC ABRAMS IN SUPPORT OF MOTION TO COMPEL MEDICAL RECORDS |

I, MARC ABRAMS, hereby declare the following:

1.  I am Assistant Attorney-in-Charge for Civil Litigation for the Oregon Department of Justice.  With Nate Aggrrey, I represent defendants in this case.

2.  Defendants served their Frist (and, to date, only) set of Requests for Production on plaintiff on October 12, 2025.  Plaintiff responded December 16, 2025.  A copy of those Responses is attached to this Declaration as Exhibit A.

3.  On November 7, 2025, plaintiff requested an extension of time to respond until November 21, 2025.  A copy of that request is attached as Exhibit B.  No further requests for additional time

Page 1 -    DECLARATION OF MARC ABRAMS IN SUPPORT OF MOTION TO COMPEL
            MEDICAL RECORDS

were received and the Responses to the Requests for Production were not tendered until December 16, 2025.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED March 23, 2026.

_s/ Marc Abrams_
MARC ABRAMS
Assistant Attorney-in-Charge

Page 2 -    DECLARATION OF MARC ABRAMS IN SUPPORT OF MOTION TO COMPEL
       MEDICAL RECORDS

**CERTIFICATE OF SERVICE**

I certify that on March 23, 2026, I served the foregoing DECLARATION OF MARC

ABRAMS IN SUPPORT OF MOTION TO COMPEL MEDICAL RECORDS upon the parties

hereto by the method indicated below, and addressed to the following:

Talia Y. Guerriero            ___ HAND DELIVERY
Izzy Diagostino                ___ MAIL DELIVERY
Beacon Employment Law      ___ OVERNIGHT MAIL
1000 SW Broadway, Suite 2130    _X_ E-FILING
Portland, OR 97205           ___ EMAIL:
*Of Attorneys for Plaintiff*          talia@beaconforjustice.com
                                        izzy@beaconforjustice.com


Beth Ann Creighton            ___ HAND DELIVERY
Creighton & Rose, PC          ___ MAIL DELIVERY
735 SW First Avenue, Suite 300    ___ OVERNIGHT MAIL
Portland, OR 97204           _X_ E-FILING
*Of Attorneys for Plaintiff*          ___ EMAIL:
                                        beth@civilrightspdx.com


                                 *s/ Marc Abrams*
                                 MARC ABRAMS, #890149
                                 Assistant Attorney-in-Charge
                                 NATHANIEL AGGREY, #172283
                                 Senior Assistant Attorney General
                                 Trial Attorneys
                                 Tel (971) 673-1880
                                 Fax (971) 673-5000
                                 marc.abrams@doj.oregon.gov
                                 nathaniel.aggrey@doj.oregon.gov
                                 *Of Attorneys for Defendants*

Page 1 -   CERTIFICATE OF SERVICE

Case 6:25-cv-00470-AA    Document 34    Filed 03/23/26    Page 4 of 55
Exhibit A to Declaration of Marc Abrams
Page 1 of 50

**Talia Y. Guerriero**, OSB No. 115271
talia@beaconforjustice.com
**Izzy Diagostino**, OSB No. 256456
izzy@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone)
503-594-4689 (Fax)

**Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | Case No. 6:25-cv-00470-AA |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| **STATE OF OREGON**, by and through the **OREGON HEALTH AUTHORITY**; **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities; **ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities, | |
| Defendants. | |

Page **1** of **50** –    PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Pursuant to Rule 36 of the Oregon Rules of Civil Procedure, Plaintiff, by and through her attorneys, serves her responses to Defendants' First Set of Requests for Production of Documents to Plaintiff.

## GENERAL RESPONSES AND OBJECTIONS

Plaintiff has not completed the investigation of the facts of this case and has not yet completed discovery in this action. Plaintiff reserves the right to amend or supplement these responses at a later date based on subsequently discovered evidence. Plaintiff also makes the following general objections to Defendants' First Request for Production of Documents, which are applicable to each and every request, and are hereby incorporated into each specific response below. Plaintiff objects to each and every document request to the extent that it may be construed to call for information or documents protected by an applicable privilege or right of privacy, including but not limited to the ones delineated below.

1.      **Attorney-Client Privilege.** Plaintiff objects to any discovery request to the extent it seeks information covered by attorney-client or lawyer-client privilege recognized by Oregon or federal law.

2.      **Work Product Privilege.** Plaintiff objects to any discovery request that seeks materials or information prepared by or for Plaintiff or Plaintiff's agent(s) in anticipation of litigation. This objection applies to, but is not limited to, notes, records, recordings, or other documents referencing or reflecting statements of third parties to Plaintiff or

Page **2** of **50** –   PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Case 6:25-cv-00470-AA    Document 34    Filed 03/23/26    Page 6 of 55
Exhibit A to Declaration of Marc Abrams
Page 3 of 50

Plaintiff's agents prepared in anticipation of litigation. It also includes, but is not limited to, documents or information constituting or reflecting the mental impressions, conclusions, opinions, legal theories, or other work product of counsel and communications between or among counsel, Plaintiff and Plaintiff's consultants.

3.    **Doctor-Patient, Psychotherapist-Patient, or Counselor-Client Privilege.** Plaintiff objects to any discovery request that seeks any document or information covered by doctor-patient, physician-patient, psychotherapist-patient, counselor-client, or any other medical privilege recognized by Oregon or federal law.

4.    **Third-Party Privacy**. Plaintiff objects to producing any document or information whose production would reveal confidential or private information of individuals who are not parties to this action in violation of those individuals' privacy rights as protected by the Oregon or federal Constitutions, or any state or local law.

5.    **Fifth Amendment/Self-Incrimination Privilege**. Plaintiff objects to any discovery request wherein a response would violate Plaintiff's privilege against self-incrimination under Oregon or federal law.

6.    **Spousal Privilege**. Plaintiff objects to any discovery request wherein a response would violate Plaintiff's husband-wife or spousal privilege as protected under Oregon or federal law.

7.    **Instructions or Requests Beyond the Scope of Discovery**. Plaintiff objects to any discovery request, definition, or instruction that imposes obligations beyond those

Page **3** of **50** –   PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Case 6:25-cv-00470-AA    Document 34    Filed 03/23/26    Page 7 of 55
Exhibit A to Declaration of Marc Abrams
Page 4 of 50

imposed by the Oregon Rules of Civil Procedure or other applicable laws, rules, or regulations.

8.    **Documents Equally Available to Defendants**. Plaintiff objects to any request to the extent that it demands Plaintiff produce documents equally available to Defendants, including but not limited to news reports and government documents.

9.    **Overbroad Interpretation of "Relating to" and Similar Terms**. Plaintiff objects to any request that uses the broad term "relating to" or similar terms, including in reference to "the claims or defenses at issue in this case" and Plaintiff's "employment" to the extent such terms include non-material facts or allegations that are unlikely to be in dispute. Such an interpretation would be overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. *See, e.g.*, *Cotracom Commodity Trading Co. v. Seabord Corp.*, 189 F.R.D. 655, 656-66 (D. Kan. 1999) (use of the phrase ""relating to"" is "facially over broad"), *W. Restaurant, Inc. v. Union Pacific R.R. Co.*, No. 00-2043-CM, 2002 U.S. Dist. LEXIS 14796, at *5-6 (D. Kan. July 23, 2002) ("Use of broad terms such as "relate to" or "relating to" provides no basis upon which an individual or entity can reasonably determine what documents may or may not be responsive."). Thus, in response to such terms, Plaintiff will only produce documents that have a bearing on the material allegations likely to be in dispute in this case.

To the extent that Plaintiff has the documents requested in Plaintiff's possession, custody, or control and subject to the objections and reservations above, and specific objections noted in response to specific requests, the documents are produced as described below without waiver to the above objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**     Any and all documents, not privileged, including electronic, related to or constituting communication between plaintiff, or any person on behalf of plaintiff, and employees or former employees of Oregon Health Authority ("OHA") and Department of Administrative Services ("DAS") from October 2021 to present, including but not limited to OHA Director Dr. Sejal Hathi ("Dr. Hathi"): regarding any allegations in plaintiff's complaint.  Request includes any emails from plaintiff's home computer, postings or messages from any social media forum, recordings (unedited) of any telephonic or personal conversations, or text messages from any personal cell phone.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents from

October 1, 2021 until July 31, 2024 that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 2:**     Any and all documents in plaintiff's possession, custody or control that relate to, reference, or support of plaintiff's training and education, including but not limited to credentials, classes taken, certificates, licenses or degrees.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges or seeks documents from third parties that are not already in Plaintiff's personal possession, custody, or control. Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Subject to and without waiving general and specific objections, Plaintiff will produce non-privileged responsive documents in her personal possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:**     Any and all documents, including electronic, relating, reflecting or referring to plaintiff's performance or her duties while employed at OHA from October 2021 to present, including all performance reviews (formal or informal), including drafts, notes concerning such reviews, coaching notes, communications, discipline, work plan or other references to plaintiff's performance without limitations.

**RESPONSE:**    Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents from October 1, 2021 until July 31, 2024 that have a bearing on the material allegations likely to be in dispute in this case, if any exist.

**REQUEST FOR PRODUCTION NO. 4:**    Any and all documents, including electronic, relating reflecting or referring to plaintiff's position description, duties, responsibilities and authority while at OHA.

**RESPONSE:**    Plaintiff incorporates her response and objections to RFP No. 3.

**REQUEST FOR PRODUCTION NO. 5:**    Any and all diaries, journals and/or calendars, emails, day trippers, electronic organizers and personal desk, office and computer records maintained by plaintiff throughout her employment with OHA reflecting her work-related activities and interactions, or any attempt to reflect her work-related activities.

**RESPONSE:**    Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Plaintiff incorporates her general

Page **7** of **50** –   PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Case 6:25-cv-00470-AA     Document 34     Filed 03/23/26     Page 11 of 55
Exhibit A to Declaration of Marc Abrams
Page 8 of 50

objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents from January 1, 2023 through July 31, 2024 that have a bearing on the material allegations likely to be in dispute in this case. Plaintiff also has additional spiral notebooks in her possession from her long tenure that the State is welcome to review in our offices, but it would be overly burdensome and not proportional to the needs of the case to scan every single note.

**REQUEST FOR PRODUCTION NO. 6:**     Any and all documents, including electronic and audio, relating to, reflecting or referring to all meetings between plaintiff and OHA including any management employees.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents from October 1, 2021, until July 31, 2024, that have a bearing on the material allegations likely to be in dispute in this case, if any exist.

**REQUEST FOR PRODUCTION NO. 7:**     The document, referred to in Paragraph 1 of the Amended Complaint, as the "March 7, 2024. [ ] State issued investigatory findings."

Page **8** of **50** –   PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged versions of the responsive document.

**REQUEST FOR PRODUCTION NO. 8:**     Any and all documents, including electronic and audio, relating to, reflecting or referring to plaintiff "elevating her complaints" as alleged in Paragraph 1 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical, or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged versions of the responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that her efforts overseeing the management of the investigation program were repeatedly undermined or made impossible by insufficient funding, lack of clear direction and internal roadblocks as alleged in Paragraph 17 of the Amended Complaint**.**

Page **9** of **50** –   PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Case 6:25-cv-00470-AA    Document 34    Filed 03/23/26    Page 13 of 55
Exhibit A to Declaration of Marc Abrams
Page 10 of 50

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 10:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that her report of disparate racial impacts had upset, and angered DAS as alleged in Paragraph 17 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 11:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegation that she pushed for a formal investigation with no avail, forcing her to file an

anonymous complaint on the Secretary of State website as alleged in Paragraph 17 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 12:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that the Equity and Inclusion Divion ("E&I") suffered from Human Recourses ("HR") failure and shortcomings and repeatedly scapegoated its own problems onto E&I as alleged in Paragraph 18 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

Case 6:25-cv-00470-AA     Document 34     Filed 03/23/26     Page 15 of 55

Exhibit A to Declaration of Marc Abrams
Page 12 of 50

**REQUEST FOR PRODUCTION NO. 13:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that her addressing concerns of racial discrimination came with a political cost to herself as alleged in Paragraph 21 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 14:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that her 2023 internal complaint of racial bias in an HR investigation was not adequately addressed as alleged in Paragraph 22 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

Page **12** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

**REQUEST FOR PRODUCTION NO. 15:**     Any and all documents, including electronic,

from which information can be obtained relating, reflecting or referring to plaintiff's

allegations that she was repeatedly retaliated against her raising concerns of unlawful

discrimination against her own direct reports as alleged in Paragraph 22 of the Amended

Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the

extent this request seeks information protected by attorney-client, medical or mental

health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.


**REQUEST FOR PRODUCTION NO. 16:**     Any and all documents, including electronic,

from which information can be obtained relating, reflecting or referring to plaintiff's

allegations that she had been excluded from participating in a disciplinary proceeding

about which she expressed concerns of racial bias as alleged in Paragraph 22 of the

Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the

extent this request seeks information protected by attorney-client, medical or mental

health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged responsive

Page **13** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENT

documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 17:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that she experienced gaslighting, scapegoating, questioning of her competence, character and honestly as alleged in Paragraph 22 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 18:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that she experienced lack of communication with her and her division and undermining of her management decisions and as alleged in Paragraph 22 of the Amended Complaint.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 19:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's report of violations of state or federal laws, rules or regulations and government mismanagement regarding a Behavioral Health Services report created by the Budget Formulation Office as alleged in Paragraph 26 of the Amended Complaint.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 20:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's

Page **15** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

allegations that Dr Hathi responded to her concerns in a defensive and hostile manner and misrepresented plaintiff's statements as alleged in Paragraph 26 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 21:**    Any and all documents, including electronic, relating, reflecting or referring to how a logo resembling the former Imperial flag of Japan might create a hostile work environment as alleged in Paragraph 28 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 22:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that Dr Hathi retaliated against plaintiff because of her complaint to DAS that the new OHA logo might be problematic in terms of potentially creating a hostile work environment because it resembled the Imperial flag of Japan and/or OHA leadership's alleged consequent refusal to pause the process as alleged in Paragraph 28 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 23:**    Any and all documents including electronic documenting plaintiff's meeting with DAS Investigator Travis Hampton referenced in Paragraph 29 of the Amended Complaint, discussing plaintiff's complaints about the agency's failure to adhere to policy, systemic issues related to pay equity, ongoing microaggressions toward Black agency staff, and the leadership's failure to heed legitimate and well-founded concerns.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 24:**     Any and all documents including electronic relating, reflecting or referring to racial bias and/or microaggressions within OHA as referenced in Paragraph 30 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case related to racial bias and/or microaggressions within OHA that are referenced in Paragraph 30.

**REQUEST FOR PRODUCTION NO. 25:**     Any and all documents, including electronic, and including healthcare records, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that she experienced increased adverse physical and

Page **18** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

mental health effects as a result of the discrimination, retaliation, and hostile work environment she endured at OHA as alleged in Paragraph 32 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 26:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that Dr. Hathi made a threatening statement toward plaintiff during the OHA strategic plan meeting as alleged in Paragraph 33 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 27:**    Any and all documents including electronic relating, reflecting or referring to Mpox, the OHA press release about Mpox, and how the press release violated non-discrimination and anti-harassment regulations and laws as referenced in Paragraph 35 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 28:**    Any and all documents including electronic relating, reflecting or referring to the e-mail referred to in Paragraph 39 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 29:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations of that she was subjected to a hostile work environment and harm to her health as alleged in Paragraph 39 the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 30:**     Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that others raised concerns about how she was treated as alleged in Paragraph 39 the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

Page **21** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

**REQUEST FOR PRODUCTION NO. 31:**    Any and all documents including electronic relating, reflecting or referring to the information plaintiff received from Dr. Hathi's OHA shared calendar including but not limited to any document identifying how and by whom such information became available to plaintiff, as referenced in Paragraph 40 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, none exist in Plaintiff's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**    Any and all documents, including electronic, documenting plaintiff's meeting with Dr. Hathi referenced in Paragraph 41 of the Complaint, to shut down her good faith opposition, encouraging the team to agree with and support group decisions and allow OHA leadership to avoid accountability as alleged in Paragraph 41 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

Page **22** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

**REQUEST FOR PRODUCTION NO. 33:**    Any and all documents including electronic relating, reflecting or referring to or supporting plaintiff's contention that she should be classified as management service, as referenced in Paragraph 43 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical, or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 34:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that Defendant Jessica Knieling instructed Jen Coney to place a memorandum in plaintiff's file to convert plaintiff's position to the unclassified service from a "management service" position, but no one notified plaintiff about the memorandum or the change in her employment status as alleged in Paragraph 43 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical, or mental health provider, spousal, or work product privileges. Subject to and without waiving the

Page **23** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

general and specific objections, Plaintiff will produce non-privileged, responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.

**REQUEST FOR PRODUCTION NO. 35:**    Any and all documents, including electronic,

from which information can be obtained relating, reflecting or referring to plaintiffs'

allegations that, her access to all agency systems was abruptly cut of, was not allowed to

contact people internally or externally to help transition commitments, and plaintiff was

treated differently than other similarly situated employees as alleged in Paragraph 45 of

the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the

extent this request seeks information protected by attorney-client, medical or mental

health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged, responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.

**REQUEST FOR PRODUCTION NO. 36:**    Any and all documents, including electronic,

from which information can be obtained relating, reflecting or referring to plaintiff's

allegations that OHA and Dr. Hathi intentionally continued to harm plaintiff 's reputation

even after her termination by releasing confidential personnel information in response to a public record request as alleged in Paragraph 47 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 37:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that her termination harmed her professional reputation and her future employment prospects as alleged in in Paragraph 46, 47, 64, 74, 83, 90, 93, 103, 109, 115, 120, 125, 132 and 141 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 38:**   All documents discussing, containing, documenting, relating, reflecting, referring to, or memorializing plaintiff's allegation that plaintiff did not receive adequate coaching and OHA denied her any opportunity to address or explain any allegations against her as alleged in Paragraph 49 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 39:**   Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that she was scapegoated for OHA's problem of agency black log of hiring and investigations, which are systematic problems outside of plaintiff's control as alleged in Paragraph 49 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive

Page **26** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 40:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that plaintiff's previous efforts resulted in the improvement that occurred during and slightly after her tenure as alleged in Paragraph 49 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 41:**    Any and all documents, including electronic, relating, reflecting or referring to plaintiff's emotional distress, humiliation, loss of dignity and self-esteem, anxiety and depression as alleged in Paragraphs 50, 52, 64, 93, 103, 109, 115, 120, 132 and 141 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged, responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.

**REQUEST FOR PRODUCTION NO. 42:**    Any and all documents including electronic

relating, reflecting or referring to what Hathi did to deprive plaintiff of her constitutional

rights as alleged in Paragraphs 62 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 43:**    Any and all documents including electronic

relating, reflecting or referring to what Hathi did to direct subordinates to deprive plaintiff

of her constitutional rights as alleged in Paragraph 61 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

Page **28** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
            DOCUMENT

**REQUEST FOR PRODUCTION NO. 44:**    Any and all documents including electronic relating, reflecting or referring to what Sifuentez did to deprive plaintiff of her constitutional rights as alleged in Paragraphs 60 and 80 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 45:**    Any and all documents including electronic relating, reflecting or referring to what Sifuentez did to direct subordinates to deprive plaintiff of her constitutional rights as alleged in Paragraph 61 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 46:**    Any and all documents including electronic relating, reflecting or referring to what Leslie did to deprive plaintiff of her constitutional rights as alleged in Paragraphs 60 and 80 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 47:**    Any and all documents including electronic relating, reflecting or referring to what Leslie did to direct subordinates to deprive plaintiff of her constitutional rights as alleged in Paragraph 61 of the Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 48:**    Any and all documents including electronic relating, reflecting or referring to what Midkiff did to deprive plaintiff of her constitutional rights as alleged in Paragraphs 60 and 80 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without

Page **30** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 49:**    Any and all documents including electronic

relating, reflecting or referring to what Midkiff did to direct subordinates to deprive plaintiff

of her constitutional rights as alleged in Paragraph 61 of the Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 50:**    Any and all documents including electronic

relating, reflecting or referring to what Knieling did to deprive plaintiff of her constitutional

rights as alleged in Paragraphs 60 and 80 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

Case 6:25-cv-00470-AA    Document 34    Filed 03/23/26    Page 35 of 55
Exhibit A to Declaration of Marc Abrams
Page 32 of 50

**REQUEST FOR PRODUCTION NO. 51:**    Any and all documents including electronic relating, reflecting or referring to what Knieling did to direct subordinates to deprive plaintiff of her constitutional rights as alleged in Paragraph 61 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 52:**    Any and all documents including electronic relating, reflecting or referring to what Hathi did to discriminate against plaintiff because of her race or color as alleged in Paragraph 69 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 53:**    Any and all documents including electronic relating, reflecting or referring to what Hathi did to direct subordinates to violate plaintiff's rights because of her race or color as alleged in Paragraph 70 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 54:**     Any and all documents including electronic relating, reflecting or referring to what Sifuentez did to discriminate against plaintiff because of her race or color as alleged in Paragraph 69 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 55:**     Any and all documents including electronic relating, reflecting or referring to what Sifuentez did to direct subordinates to violate plaintiff's rights because of her race or color as alleged in Paragraph 70 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 56:**     Any and all documents including electronic

relating, reflecting or referring to what Leslie did to discriminate against plaintiff because of

her race or color as alleged in Paragraph 69 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 57:**     Any and all documents including electronic

relating, reflecting or referring to what Leslie did to direct subordinates to violate plaintiff's

rights because of her race or color as alleged in Paragraph 70 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 58:**      Any and all documents including electronic

relating, reflecting or referring to what Midkiff did to discriminate against plaintiff because

of her race or color as alleged in Paragraph 69 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.


**REQUEST FOR PRODUCTION NO. 59:**      Any and all documents including electronic

relating, reflecting or referring to what Midkiff did to direct subordinates to violate plaintiff's

rights because of her race or color as alleged in Paragraph 70 of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.


**REQUEST FOR PRODUCTION NO. 60:**      Any and all documents including electronic

relating, reflecting or referring to what Knieling did to discriminate against plaintiff because

of her race or color as alleged in Paragraph 69 of the Amended Complaint.


Page **35** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
            DOCUMENT

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 61:**    Any and all documents including electronic relating, reflecting or referring to what Knieling did to direct subordinates to violate plaintiff's rights because of her race or color as alleged in Paragraph 70 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 62:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that Defendants changed her employment status from the "management service" to "unclassified service" without notice or an opportunity to be heard, and

terminating her employment without due process as alleged in Paragraph 80 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 63:**    Any and all documents, including electronic, from which information can be obtained relating, reflecting or referring to plaintiff's allegations that Defendants discriminated against her because she reported and opposed Defendants' unlawful employment practices as alleged in Paragraph 107 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 64:**    Any and all documents including electronic relating, reflecting or referring to what Hathi did to aid or abet an unlawful employment practice as alleged in Paragraph 130 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 65:**    Any and all documents including electronic relating, reflecting or referring to what Sifuentez did to aid or abet an unlawful employment practice as alleged in Paragraph 130 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 66:**    Any and all documents including electronic relating, reflecting or referring to what Midkiff did to aid or abet an unlawful employment practice as alleged in Paragraph 130 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 67:**     Any and all documents including electronic relating, reflecting or referring to what Knieling did to aid or abet an unlawful employment practice as alleged in Paragraph 130 of the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects that this request seeks information protected by attorney-client and work product privileges and requires a legal conclusion and attorney mental impressions. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 68:**     Any and all documents, including electronic, from which information can be obtained concerning or evidencing any medical or mental health condition experienced by plaintiff from 2021 to present (including but not limited to reports prepared for litigation. *See A.G. v. Guitron,* 351 Or. 465 (2011)), including but not limited to plaintiff's own notes, correspondence between plaintiff and any medical or counseling professional, statements, reports, chart notes, and other records maintained

by any medical or psychological caregiver. This request is meant to include all physicians, dentists, psychiatrists, psychologists, chiropractors, naturopaths, mental health counselors or other counselors, from whom plaintiff either sought or received treatment on at least one occasion for this condition. A HIPAA- compliant release will be provided separately for plaintiff's health care records, providing plaintiff identifies all health care providers.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

**REQUEST FOR PRODUCTION NO. 69:**      All invoices and records of payments, for the cost of care or treatment provided to plaintiff by a medical doctor, dentist, psychologist, counselor or other licensed health care providers from January 1, 2021, to present.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 70:**     Any document identifying any medical doctor, dentist, psychologist, counselor, or other licensed health care who provided service to plaintiff from January 1, 2021, to the present.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

**REQUEST FOR PRODUCTION NO. 71:**     Any and all documents, complaints, reports by plaintiff of racial and or sex discrimination by anyone at OHA, including but not limited to the report and or complaint of hostile and discriminatory work environment by plaintiff, not produced in response to any Request above.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 72:**     Any and all documents, including electronic, form which information can be obtained relating, reflecting or referring to plaintiff's

Page **41** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

allegation that defendant discriminated and retaliated against her for disclosing of

defendant's violation of state, federal or local rule or regulation as alleged in her Amended

Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.


**REQUEST FOR PRODUCTION NO. 73:**     Any and all documents, including electronic,

form which information can be obtained relating, reflecting or referring to plaintiff's

allegation that Defendants discriminated and retaliated against her for reporting

mismanagement, gross waste of funds, abuse of authority or substantial and specific

danger to public health and safety resulting from action of by her public employer as

alleged in her Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 74:**     Any and all documents, including electronic,

form which information can be obtained relating, reflecting or referring to plaintiff's

allegation that Defendants retaliated against her for initiating a civil proceeding with BOLI

and the EEOC as alleged in her Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects that this

request seeks information protected by attorney-client and work product privileges and

requires a legal conclusion and attorney mental impressions. Subject to and without

waiving the general and specific objections, Plaintiff will produce non-privileged

documents she intends to use at depositions or trial.

**REQUEST FOR PRODUCTION NO. 75:**     Other than in this action, any and all documents

relating, reflecting, or referring to any lawsuit, grievance or complaint filed against any

other individual, business, government, agency, or entity, owned, co-owned, invested in,

operated, managed, or participated in, in whole or in part by plaintiffs in which either

plaintiff has made claims of discrimination, unequal treatment, conspiracy, or other failure

to comply with laws regarding civil rights, or in which either plaintiff, or any entity owned,

co-owned, invested in, operated, managed, or participated in, in whole or in part by either

plaintiff, has filed or made any lawsuit, grievance, or complaint against any other

individual, business, government, agency, or entity alleging discrimination, unequal

treatment, conspiracy, or other failure to comply with laws regarding civil rights.

Page **43** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF
            DOCUMENT

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, none exist in Plaintiff's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 76:**     Any and all documents relating to plaintiff's or plaintiff's counsel's contact or communication with media of any type regarding the allegations in plaintiff's complaint, including but not limited to print, radio, online media outlets and television.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 77:**     Copies of any documents received by plaintiff or her attorney in response to any public records request that in any way relate to the subject matter of the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental

Page **44** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case, if any.

**REQUEST FOR PRODUCTION NO. 78:**    Any and all documents, other than privileged, relating to plaintiff's filing of a tort claim notice(s) at any time for any purpose, including any tort claim notices filed in this case.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 79:**    Any documents, other than privileged, obtained from a third party for this legal action, including without limitation, documents obtained by subpoena or court order.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.

**REQUEST FOR PRODUCTION NO. 80:**    Any and all of plaintiff's social media posts

messages, comments, tweets, or the like regarding any of the allegations in the Amended

Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the

extent this request seeks information protected by attorney-client, medical or mental

health provider, spousal, or work product privileges. Subject to and without waiving the

general and specific objections, Plaintiff will produce non-privileged responsive

documents that have a bearing on the material allegations likely to be in dispute in this

case.

**REQUEST FOR PRODUCTION NO. 81:**    A copy of all statements, notes, transcripts,

depositions, declarations, unsworn or sworn statements, and affidavits relating to this

matter, or in any other matters whatsoever outside of the instant case.  This includes but is

not limited to all statements given to the police, prior lawsuits, administrative proceedings,

workers compensation or SAIF hearings, workers' compensation claims, bankruptcy

proceedings, dissolutions, and any other legal related proceedings whatsoever.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Plaintiff also specifically objects to this request as overbroad, unduly burdensome, not proportional to the needs of this case, and not likely to lead to admissible evidence.

**REQUEST FOR PRODUCTION NO. 82:**    Any and all documents, other than privileged, including electronic, relating, reflecting, or referring to any litigation, BOLI complaints and/or EEOC complaints, plaintiff has filed or threatened to file against any employer. This request is meant to include all complaints and responses or answers to any complaints.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

**REQUEST FOR PRODUCTION NO. 83:**    Any and all documents (including electronic) relating, reflecting or referring to plaintiff's individual sources of income from the year of 2024 to present, or her household's income for the same time period.  This request is meant to include, but not limited to, state and federal tax forms for the years of 2024

through present, pay stubs, timesheets, or any other manner of showing time worked as well as rate and total pay received by plaintiff during this period; documents indicating worker's compensation or disability income, unemployment income or any other source of monetary remuneration received by plaintiff for any services rendered during the time requested.  This request is intended to apply to any member of plaintiff's household contributing income to his household during the requested period of time.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiffs will produce non-privileged paystubs, direct deposit information, and/or IRS Forms W-2 or 1099 since Plaintiffs' termination.

**REQUEST FOR PRODUCTION NO. 84:**    Any and all documents relating, reflecting, or referring to plaintiff's economic damages as alleged in the Amended Complaint.

**RESPONSE:**  Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

Page **48** of **50** – PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

**REQUEST FOR PRODUCTION NO. 85:**    Any and all documents relating, reflecting, or referring to plaintiff's noneconomic damages as alleged in the Amended Complaint.

**RESPONSE:**   Plaintiff incorporates her general objections and specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges. Subject to and without waiving the general and specific objections, Plaintiff will produce non-privileged, responsive documents that have a bearing on the material allegations likely to be in dispute in this case.

Dated:  December 16, 2025.                              **BEACON EMPLOYMENT LAW**

                                                         *s/Talia Y. Guerriero*
                                                         Talia Y. Guerriero, OSB No. 115271
                                                         talia@beaconforjustice.com
                                                         Izzy Diagostino, OSB No. 256456
                                                         izzy@beaconforjustice.com

                                                         Of Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a true copy of the foregoing **PLAINTIFF'S RESPONSE TO**

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** via E-Mail to the

following attorney at the following addresses:

Marc Abrams
marc.abrams@doj.oregon.gov
Oregon Department of Justice
100 SW Market St
Portland, OR  97201

Nathaniel Aggrey
Nathaniel.aggrey@doj.oregon.gov
Oregon Department of Justice
1162 Court St NE
Salem, OR  97301

       Attorney of Record for All Defendants

DATED: December 16, 2025.                  **BEACON EMPLOYMENT LAW**

                                       *s/Amy Joy Mathis*
                                       Amy Joy Mathis, Paralegal
                                       amy@beaconforjustice.com

# Jo-Ann Baccari

| | |
|---|---|
| **From:** | Marc Abrams |
| **Sent:** | Friday, November 7, 2025 12:23 PM |
| **To:** | Amy Joy Mathis; Nathaniel Aggrey; Jo-Ann Baccari; Marianna Almasi |
| **Cc:** | Talia Yasmeen Guerr.; Izzy Diagostino |
| **Subject:** | RE: Johnson v. OHA, et al - Plaintiff's Responses to Defendants' First RFP Deadline |

Amy—

Given that we have just extended the discovery period by three months and no depositions are as yet on the calendar, we have no problem agreeing to the requested extension.\

Marc

**Marc Abrams**
971-673-0913 (M-Th) 503-740-4995 (F)
marc.abrams@doj.oregon.gov

**From:** Amy Joy Mathis <amy@beaconforjustice.com>
**Sent:** Friday, November 7, 2025 12:05 PM
**To:** Abrams Marc <Marc.Abrams@doj.oregon.gov>; Aggrey Nathaniel <Nathaniel.Aggrey@doj.oregon.gov>; Baccari Jo-Ann <Jo-Ann.Baccari@doj.oregon.gov>; Almasi Marianna <Marianna.Almasi@doj.oregon.gov>
**Cc:** Talia Yasmeen Guerr. <talia@beaconforjustice.com>; Izzy Diagostino <izzy@beaconforjustice.com>
**Subject:** Johnson v. OHA, et al - Plaintiff's Responses to Defendants' First RFP Deadline

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Good afternoon,

Plaintiff was served with Defendants' First Request for Production on October 14, 2025, making the current response deadline November 13, 2025. Plaintiff respectfully requests a brief extension of that deadline to November 21, 2025, to allow for additional time to complete the response.

Please let us know whether Defendants will agree to this extension.

**Amy Joy Mathis, Paralegal**

**Pronouns: she/her/hers**

**Beacon Employment Law**

1

www.beaconforjustice.com

1000 SW Broadway Suite 2130

Portland, OR 97205

Phone: (503) 673-1388

Facsimile: (503) 564-4689