DAN RAYFIELD
Attorney General
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  marc.abrams@doj.oregon.gov
          nathaniel.aggrey@doj.oregon.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEANN JOHNSON,<br><br>              Plaintiff,<br><br>         v.<br><br>STATE OF OREGON; OREGON HEALTH AUTHORITY; SEJAL HATHI; BERRI LESLIE; JENNIFER MIDKIFF; ANGIE SIFUENTEZ; and JESSICA KNIELING,<br><br>              Defendants. | Case No.  6:25-cv-0470-AA<br><br>REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70) (REPLACING ECF NO. 33) |

**LOCAL RULE 7-1 CERTIFICATION**

Marc Abrams, a counsel for defendants certifies that, in accordance with LR 7-1, he

attempted to confer with counsel for plaintiffs but was unable to resolve the issue, requiring the

resolution of this matter by this Court.

**MOTION TO COMPEL**

This Revised Motion Replaces ECF No. 33.  Defendants move to compel the production

of materials responsive to their Requests for Production Nos. 68, 69 and 70.  This motion is

brought pursuant to Fed. R. Civ. P. 37(a)(3)(B) and Fed. R. Civ. P. 37(a)(5)(A) and supported by

the Declaration of Marc Abrams.

Page 1 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70)
               (REPLACING ECF NO. 33)

**INTRODUCTION**

Plaintiff was dismissed from her position with the Oregon Health Authority in a highly normal fashion: she was called into a meeting and told that her services were no longer required. She was given a dismissal letter. That was all. No one physically apprehended her. No one committed grievous acts. Regardless, plaintiff has now brought a lawsuit with eleven counts, most of which contain an allegation that the actions of defendants caused her emotional distress. Amended Complaint (ECF No. 10), ¶¶ 49, 98, 104, 110, 115, 120, 127.

Because plaintiff has put her mental health into issue, and because physiological issues can affect emotional balance, defendant served three Requests for Production that sought medical and mental-health information. Plaintiff did not distinguish between the types of information sought. She did not differentiate her response to medical information from her response to mental health information. She did not differentiate her response to information identifying health care providers from information about the contents of that health care. She did not differentiate billing information from any other information. She merely served up, in response to all three Requests, the same boiler-plate objection: "Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client privilege, medical or mental health provider, spousal or work product privileges."

None of these objections were made with the slightest concern as to whether they were appropriate. The Court should direct plaintiff to respond with full and proper production.

**FACTS**

On October 14, 2025, Defendants served their First Set of Requests for Production and

Page 2 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70) (REPLACING ECF NO. 33)

First Set of Requests for Admissions on plaintiffs. Abrams Dec. ¶ 2. Plaintiffs filed their

response on December 16, 2025. *Id.* Included in the responses to the Requests for Production

were the following objections:

**REQUEST FOR PRODUCTION NO. 68:** Any and all documents, including electronic, from which information can be obtained concerning or evidencing any medical or mental health condition experienced by plaintiff from 2021 to present (including but not limited to reports prepared for litigation. *See A.G. v. Guitron,* 351 Or. 465 (2011)), including but not limited to plaintiff's own notes, correspondence between plaintiff and any medical or counseling professional, statements, reports, chart notes, and other records maintained by any medical or psychological caregiver. This request is meant to include all physicians, dentists, psychiatrists, psychologists, chiropractors, naturopaths, mental health counselors or other counselors, from whom plaintiff either sought or received treatment on at least one occasion for this condition. A HIPAA- compliant release will be provided separately for plaintiff's health care records, providing plaintiff identifies all health care providers.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

**REQUEST FOR PRODUCTION NO. 69:** All invoices and records of payments, for the cost of care or treatment provided to plaintiff by a medical doctor, dentist, psychologist, counselor or other licensed health care providers from January 1, 2021, to present.

**RESPONSE:** Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

**REQUEST FOR PRODUCTION NO. 70:** Any document identifying any medical doctor, dentist, psychologist, counselor, or other licensed health care who provided service to plaintiff from January 1, 2021, to the present.

**RESPONSE**: Plaintiff incorporates her general objections and specifically objects to this request as overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client, medical or mental health provider, spousal, or work product privileges.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## ARGUMENT

Under Fed. R. Civ. P. 37(a), courts are allowed to enter orders compelling parties to comply with discovery requests. Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action, "rendering a judgment by default against the disobedient party." "We review sanctions imposed by a district court for abuse of discretion and will not reverse absent a definite and firm conviction that the district court made a clear error of judgment." *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). Plaintiffs are not empowered to dictate discovery based upon her own limited view of what they deem to be relevant. *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 121 (E.D. Pa. 2001).

**I.      This Court should compel plaintiffs to produce the documents requested of them pursuant to the Federal Rules of Civil Procedure.**

The Federal Rules of Civil Procedure state that:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Defendants have requested documents that are relevant to the defense of the allegations leveled against it by the plaintiff. Fed. R. Civ. P. 37 permits defendants to apply for an order compelling discovery because of plaintiffs' failure to produce documents. Defendants respectfully request that this Court compel the plaintiffs to produce all of the documents requested in its First Request for Production, Requests Nos. 68, 69 and 70.

Plaintiffs have not asserted a legitimate basis for denying defendants' discovery requests

Page 4 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70)
(REPLACING ECF NO. 33)

that would take them outside the scope of permissible discover under Fed. R. Civ. P. 26(b)(1).[1] The medical and counseling records requested are not subject to a physician-patient privilege. Given that plaintiffs' *only* asserted damages relate to their mental or emotional condition, defendants' requests are specifically tailored to yield potentially admissible evidence, thus comfortably fitting within the scope of discoverable evidence. Plaintiff should not be allowed to pick and choose what she reveals to the defendants (which currently is nothing), but should be required to provide full medical records, so that defendants can not only explore their alleged damages, but also potential alternative bases for the causation of those alleged harms.

## II.    Defendants' requests are reasonable and not subject to boilerplate objections.

Plaintiff objects to defendants' requests for medical information. Without a reasonable basis, she alleges that the Requests are "overbroad, unduly burdensome, and not likely to lead to admissible evidence. Plaintiff also specifically objects to the extent this request seeks information protected by attorney-client privilege, medical or mental health provider, spousal or work product privileges."

The three relevant Requests seek only a four-year window of medical information, billing records and documents identifying the providers. It is hard to fathom how such tailored requests could be overbroad or unduly burdensome, assuming plaintiff does not have an unusually large battery of medical providers spread over multiple independent offices. Given that she has put her mental health into evidence and given that physical conditions affect mental health and offer alternatives to linking mental health issues to the claims, this Court should summarily reject the idea that these Requests will not lead to admissible evidence.

That leaves the Court to assess the assertion of *five* different privileges: (1) attorney-

---

[1] For example, it is not likely that her medical records are "unduly burdensome" to produce.

Page 5 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70) (REPLACING ECF NO. 33)

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

client, (2) medical provider, (3) mental health provider, (4) spousal, and (5) work product.

Three of the five objections can be dispensed with quickly given that the three Requests—which seek *medical* information—clearly do not implicate attorney-client privilege or attorney work product.  If plaintiff is suggesting that she has engaged in review of her medical condition at direction of counsel for the purposes of this litigation, defendants are willing to defer production of such materials—so long as a privilege log is produced by plaintiff—until the time for expert disclosure.

Plaintiff has asserted spousal privilege.  Defendants do not even know if plaintiff is legally married.  If plaintiff is, indeed, married, defendants would be satisfied with a privilege log withholding such communications, though they seriously doubt such exist.  Regardless, removal of privileged materials is a cure for those objections, and any materials not subject to those privileges should be produced.  Plaintiff, however, has simply declined to make production.  It should be evidence that the Requests have nothing to do with spousal communications.

As to the medical and mental health provider privilege assertions, they are discussed in Section IV, below.

None of defendants' requests are so burdensome or invade privacy so much that they would support a reasonable objection to production. All of the information requested is essential for defendants to be able to properly assess the potential merit and value of plaintiffs' claims and to prepare for what inevitably will be asserted by them at trial relative to their purported damages.  The potential burden also is not great because the requested materials are either already in plaintiffs' possession or readily within their control.  On balance, the probative value of the materials far outweighs the burden of producing them. Furthermore, plaintiffs can hardly

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

demand non-economic emotional distress damages and then complain about invasion of privacy and undue burden when defendants begin to make inquiry into the legitimacy and substance of the claims. That is precisely the type of attempt to use the privilege as both a sword and a shield that should not be countenanced.

Defendants' requests are also reasonably tailored to matters that concern plaintiffs' claims.  The requests for plaintiffs' medical and psychological records are necessary for the defendants to assess plaintiffs' claim and narrow the issues for the Court.  Failing to provide these requested documents only serves to obscure plaintiffs' medical and psychological history, upon which all their damage claims depend.  Defendants' requested materials are reasonably calculated to lead to admissible evidence.  Given the broad scope and liberal intentions of Fed. R. Civ. P. 26, this motion to compel production should be granted.

### III.    The physician-patient privilege does not apply to the requested medical and psychological counseling records.

In persisting in not making production, counsel for plaintiff stated that plaintiff was not waiving the patient-medical provider privilege.  Abrams Dec. Exh. A.  However, that is a *state* privilege, not generally recognized in federal court.

By way of background, ORCP 44C still requires a plaintiff to provide defendant with all the medical records requested. ORCP 44C provides:

> In a civil action where a claim is made for damages for injuries to the party . . . upon the request of the party against whom the claim is pending, the claimant shall deliver to the requesting party a copy of all written reports and existing notations of any examinations relating to injuries for which recovery is sought unless the claimant shows inability to comply.

When construing this statute, the Oregon Supreme Court explained that it requires "plaintiffs to produce, on request, the reports of the experts who examine them for purposes of litigation *as well as for treatment.*" *A.G. v. Guitron*, 351 Or. 465, 485 (2011) (emphasis added).

Page 7 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70) (REPLACING ECF NO. 33)

The Court also noted that ORCP 44C supplants the physician-patient privilege. *Id.* Further, a plaintiff's medical records are not privileged when he or she puts her "own psychological condition into question by claiming emotional distress damages." *Baker v. English*, 134 Or. App. 43, 46-47 (1995) *aff'd in relevant part*, 324 Or. 585 (1997) (reversible error to deny discovery).

In this case, even if ORCP 44C applied, it would require plaintiff to provide defendants with all requested medical records pursuant to Requests Nos. 68, 69 and 70. Plaintiff cannot rely upon physician-patient privilege to withhold information because ORCP 44C supplants this privilege. Even if it did not, they still cannot claim privilege because they have put their own psychological condition into question by claiming damages related to emotional distress. First Amended Complaint ¶¶ 49, 98, 104, 110, 115, 120 and 127.

## CONCLUSION

For the foregoing reasons, other than documents legitimately subject to attorney-client privilege or spousal privilege, documents responsive to Requests Nos. 68, 69 and 70 should be directed to be produced.

DATED March 24, 2026.

Respectfully submitted,
DAN RAYFIELD
Attorney General

 *s/ Marc Abrams*
MARC ABRAMS, #890149
Assistant Attorney-in-Charge
NATHANIEL AGGREY, #172283
Assistant Attorney General
Trial Attorneys
(971) 673-1880
marc.abrams@doj.oregon.gov
nathaniel.aggrey@doj.oregon.gov
*Attorneys for Defendants*

Page 8 -    REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69 AND 70)
(REPLACING ECF NO. 33)

## CERTIFICATE OF SERVICE

I certify that on March 24, 2026, I served the foregoing REVISED MOTION TO COMPEL MEDICAL RECORDS (RFPS NOS. 68, 69, AND 70) (REPLACING ECF NO. 33) upon the parties hereto by the method indicated below, and addressed to the following:

Talia Y. Guerriero        ___ HAND DELIVERY
Izzy Diagostino        ___ MAIL DELIVERY
Beacon Employment Law        ___ OVERNIGHT MAIL
1000 SW Broadway, Suite 2130        _X_ E-FILING
Portland, OR 97205        ___ EMAIL:
*Of Attorneys for Plaintiff*            talia@beaconforjustice.com
           izzy@beaconforjustice.com


Beth Ann Creighton        ___ HAND DELIVERY
Creighton & Rose, PC        ___ MAIL DELIVERY
735 SW First Avenue, Suite 300        ___ OVERNIGHT MAIL
Portland, OR 97204        _X_ E-FILING
*Of Attorneys for Plaintiff*        ___ EMAIL:
           beth@civilrightspdx.com


         *s/ Marc Abrams*
         MARC ABRAMS, #890149
         Assistant Attorney-in-Charge
         NATHANIEL AGGREY, #172283
         Senior Assistant Attorney General
         Trial Attorneys
         Tel (971) 673-1880
         Fax (971) 673-5000
         marc.abrams@doj.oregon.gov
         nathaniel.aggrey@doj.oregon.gov
         *Of Attorneys for Defendants*

Page 1 -  CERTIFICATE OF SERVICE