**Talia Y. Guerriero**, OSB No. 115271
talia@beaconforjustice.com
**Izzy Diagostino**, OSB No. 256456
izzy@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone) / 503-594-4689 (Fax)

**Beth Ann Creighton**, OSB No. 972440
beth@civilrightspdx.com
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, OR 97204
503-221-1792 (Phone) / 503-223-1516 (Fax)

    **Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | Case No. 6:25-cv-00470-AA |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER** |
| **STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities; | |
| Defendants. | |

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER

## INTRODUCTION

Defendants' motion presents two requests: (1) entry of a Stipulated Protective Order, and (2) entry of a companion 502(d) Clawback and Non-Waiver Order. As an initial matter, the motion was filed without first seeking leave of Court or requesting a telephonic status conference as required by the Court's Order (Dkt. #8), and it was filed just two days after Defendants revived a conferral on a revised proposed orders while Plaintiff's counsel was out of the office with no opportunity to respond. On the merits, Plaintiff does not oppose entry of the Stipulated Protective Order in substantially the form proposed by Defendants. Plaintiff does, however, oppose entry of the proposed 502(d) Clawback Order, for the reasons described below.

## BACKGROUND

The parties have been negotiating the terms of a Stipulated Protective Order since October 2025. Plaintiff sent detailed proposed edits to Defendants' initial draft on December 13, 2025, identifying four objections: elimination of AEO designations, removal of DOJ law enforcement language pursuant to ORS Chapter 180, retention of archival copies by counsel, and cost-shifting on any return of documents. Guerriero Decl. ¶¶ 2-6.

On February 5, 2026, Defendants responded with a revised protective order and, for the first time, introduced a separate proposed 502(d) Clawback and Non-Waiver Order. *Id.* In the same email, Defendants addressed Plaintiff's four objections: they removed the ORS Chapter 180 language, proposed limiting AEO to materials relating to personnel files, medical records, and financial records, agreed to Plaintiff's cost-shifting language (with a

Page 2 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER

carve-out for the Clawback Order), and asked Plaintiff to review the new standalone 502(d) order and advise whether the parties would need to litigate it separately. *Id.*

At that time, the parties were simultaneously engaged in multiple contested discovery matters, including disputes over search terms and document production, medical records, scheduling, and Defendants' motion for additional deposition time. *Id.* Given the volume of active issues, Plaintiff's counsel had not yet separately responded to the proposed 502(d) Clawback Order. *Id.* The parties continued to correspond on the other open issues but did not specifically return to the Clawback Order. *Id.*

On March 25, 2026, at 7:07 PM, Defendants' counsel emailed Plaintiff's counsel a second revised protective order and the proposed 502(d) order without prior notice that they intended to file imminently. *Id.* The email sought Plaintiff's position and stated that if Plaintiff had "nothing further to add," Defendants would note Plaintiff's objection and proceed to file. *Id.*, Ex. 1. At the moment that email was sent, Defendants received an automated out-of-office reply from Plaintiff's counsel advising that counsel was out of the office from March 24 through March 29, 2026. *Id.*, Ex. 2. Defendants did not await counsel's return and instead filed this motion on March 27, 2026 – less than two days after sending the revised orders, and while Plaintiff's counsel remained out of the office.

**ARGUMENT**

## I.    The Motion Was Filed in Violation of the Court's Order (Dkt. #8).

The Court's Order (Dkt. #8) provides that Judge Aiken does not permit motions to compel without leave and instead requires the parties to first request a telephonic status conference and submit a joint letter outlining their positions. The Court will order the filing

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER

of formal motions and briefs only if necessary following that status conference.

Defendants did not request a telephonic status conference. They did not submit a joint

letter. They did not seek leave of the Court. This is the same failure Plaintiff identified with

respect to the simultaneously-filed motions for additional deposition time and to compel

medical records.

Defendants subsequently acknowledged this deficiency in their April 2, 2026

Request for Leave to File Discovery Motions, which listed this motion (ECF No. 36)

alongside ECF Nos. 31 and 35 as motions for which they sought retroactive leave. That

after-the-fact request does not cure the violation. Defendants filed the motion for leave

without first conferring with Plaintiff pursuant to LR 7-1(a), thereby continuing to stray from

the Court's required process. The procedural failure is an independent basis to deny the

motion, or at minimum to require the parties to complete the required process before the

Court reaches the merits of the 502(d) dispute.

II.    **The Court Should Deny Entry of the Proposed 502(d) Clawback Order, or in the Alternative Enter It in Modified Form.**

The parties have reached agreement on most material terms of the Stipulated

Protective Order. Defendants' revised order resolves the ORS Chapter 180 language,

largely resolves the archival copies issue through Paragraph 14's allowance of counsel's

retention of archival copies, and incorporates Plaintiff's preferred cost-shifting language

for return of materials. Plaintiff does not oppose entry of the SPO as a general concept and

agrees to Defendants' new specific AEO designations on individual documents pursuant to

the dispute mechanism in Paragraph 12 in conformity with the Court's second tier SPO at this stage of the litigation.

As such, Plaintiff respectfully asks that the Court enter the Stipulated Protective Order in substantially the form proposed by Defendants as Exhibit 101 to the Aggrey Declaration (ECF No. 37), with one primary modification. Paragraph 14's qualifying clause - "except as set forth in the 'Clawback Order' also in effect in this action" - should be omitted if the Court denies entry of the Clawback Order, or conformed to whatever limitations the Court imposes if the Clawback Order is entered in modified form.

As a threshold matter, Paragraph 6 of the proposed Clawback Order exceeds the scope of authority that FRE 502(d) grants to district courts. FRE 502(d), as Defendants themselves quote it in their motion, **permits district courts to "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court."** The rule's subject matter is privilege waiver; specifically, whether a party's disclosure of attorney-client communications or work product during discovery operates as a waiver of those protections. That is exactly what Paragraphs 1 through 5 of the proposed order address, and Plaintiff does not object to those provisions in principle.

Paragraph 6 is categorically different because it requires that at the conclusion of the action, "**parties shall return all materials implicating the privacy of individuals, whether parties or otherwise, including but not limited to personnel files, medical records and personal financial records, produced in discovery**." Personnel files, medical records, and financial records are not privileged. They are produced in response to

discovery precisely because no privilege protects them. FRE 502(d) provides no authority for ordering the return or destruction of non-privileged materials.

Paragraph 6 is not a privilege protection provision; it is a document destruction regime masquerading as one and has the effect of nullifying Paragraph 14, which of the SPO states that "**counsel for a party may retain archival copies of confidential documents except as set forth in the 'Clawback Order' also in effect in this action**." The SPO therefore appears to grant archival copy rights but then conditions those rights on whatever the Clawback Order says. Paragraph 6 of the Clawback Order then mandates return of all personnel files, medical records, and personal financial records. The categories of documents subject to mandatory return under Paragraph 6 are precisely the categories that constitute Plaintiff's archival file in this employment discrimination case. The Protective Order grants the right to retain archival copies; the Clawback Order eliminates it. The SPO's archival copy provision is thus rendered meaningless.

Defendants have argued that they are aware of no malpractice claim in an employment case where the absence of produced discovery documents was an issue, and that the State's own ten-year retention policy makes those documents available in any event. This conflates Defendants' own retention obligations with Plaintiff's counsel's independent professional duty to maintain her client's file. A mandatory return-or-destroy obligation imposed by court order does not eliminate that ethical question; rather, it places counsel between competing obligations. The fact that Defendants retain their own copies provides no assurance that those copies will be accessible to Plaintiff's counsel for future professional purposes, including conflict checks, malpractice defense, and

compliance with OSB file retention obligations. The Court should decline to enter an order that creates that conflict, particularly where the claimed justification (e.g.,protecting the privacy of non-party individuals) is already fully and adequately addressed by the Protective Order's confidentiality designations, use restrictions, and prohibition on disclosure to unauthorized third parties.

### III.    The Blanket Non-Waiver Structure Is Inequitable as Applied in This Case.

Plaintiff does not dispute that a reasonable clawback provision governing inadvertent disclosure of genuinely privileged materials is appropriate in cases involving large-volume ESI production. Defendants make exactly that argument, noting that large volumes of electronically stored information are expected to be produced and that the likelihood of errors increases with production volume. That rationale supports Paragraphs 1 through 5 of the proposed order, and Plaintiff could accept those provisions in substantially their current form.

Paragraphs 1 through 5, however, allow a producing party to assert a privilege claim "at any time" and require the receiving party to immediately return, destroy, or turn over the materials, with no inquiry into whether the disclosure was actually inadvertent and no consideration of the receiving party's reasonable reliance on materials already in hand. This eliminates the inadvertence analysis entirely rather than simply streamlining it, which is all FRE 502(d) requires. The structure asymmetrically benefits Defendants, who are producing the overwhelming majority of documents in this case. An unlimited, time-unrestricted right to claw back materials at any stage, including after depositions have been taken in reliance on those materials, exposes Plaintiff to litigation prejudice.

If the Court is inclined to enter a 502(d) order, Plaintiff respectfully asks that the order be limited to its appropriate scope: inadvertent disclosure of attorney-client privileged communications and attorney work product, with an obligation to assert any clawback claim promptly upon the producing party's discovery of the alleged inadvertent disclosure. Additionally, Paragraph 6's mandatory return of non-privileged documents should be omitted in its entirety.

## CONCLUSION

Defendants' motion was filed in violation of the Court's Order (Dkt. #8) and without meaningful conferral, and it should be denied on that procedural basis. On the merits, Plaintiff does not oppose entry of the Stipulated Protective Order, subject to the minor modifications described above. Plaintiff respectfully asks that the Court deny entry of the proposed 502(d) Clawback Order as written, or in the alternative enter a modified order limited to inadvertent disclosure of genuinely privileged materials, with a requirement that any clawback claim be asserted promptly, and with Paragraph 6 omitted entirely.

Dated: April 17, 2026.

**BEACON EMPLOYMENT LAW**

 s/Talia Y. Guerriero
Talia Y. Guerriero, OSB No. 115271
talia@beaconforjustice.com
Izzy Diagostino, OSB No. 256456
izzy@beaconforjustice.com

**Of Attorneys for Plaintiff**