**Talia Y. Guerriero**, OSB No. 115271
talia@beaconforjustice.com
**Izzy Diagostino**, OSB No. 256456
izzy@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone) / 503-594-4689 (Fax)

**Beth Ann Creighton**, OSB No. 972440
beth@civilrightspdx.com
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, OR 97204
503-221-1792 (Phone) / 503-223-1516 (Fax)
        **Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | Case No. 6:25-cv-00470-AA |
| Plaintiff, | |
| v. | **DECLARATION OF TALIA Y. GUERRIERO IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER** |
| **STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities; | |
| Defendants. | |

Page 1 – DECLARATION OF TALIA Y. GUERRIERO IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER AND ENTRY OF 502(D) ORDER

I, Talia Y. Guerriero, declare as follows:

1.      I am an attorney licensed to practice law in the State of Oregon and am counsel of record for Plaintiff Leann Johnson in the above-captioned matter. I make this declaration based on personal knowledge and my review of the file in this matter. I am competent to testify to the matters set forth herein.

2.      On March 25, 2026, at 7:07 PM, Defendants' counsel Nathaniel Aggrey sent an email to me and co-counsel attaching a second revised Stipulated Protective Order and a proposed standalone 502(d) Clawback and Non-Waiver Order. The email asked me to clarify Plaintiff's position on the revised protective order and the 502(d) order and stated that Defendants would note Plaintiff's objection and proceed to file if I had "nothing further to add." A true and accurate copy of that email is attached hereto as Exhibit 1.

3.      At the moment Defendants' counsel sent that email, my automated out-of-office reply was sent to Defendants' counsel. A true and accurate copy of that automated reply is attached hereto as Exhibit 2.

4.      Defendants filed this motion on March 27, 2026, which was less than two days after the March 25 email and while I remained out of the office.

5.      The 502(d) Clawback Order was first introduced by Defendants' counsel on February 5, 2026, as an attachment to a broader email addressing multiple outstanding discovery issues, including search terms and document production disputes, medical records, deposition scheduling, and case management. During the weeks that followed, the parties continued to correspond and confer on those other issues. Given the volume of simultaneously contested matters, I did not respond separately to the proposed 502(d) Clawback Order before receiving the March 25 email. I had not formed a final position on it and had not communicated that position to Defendants' counsel before the motion was filed.

6.    March 25, 2026 was the first time Defendants sought my specific response to the 502(d) Clawback Order as an issue requiring immediate action. I received that request with no opportunity to respond before the motion was filed. Furthermore, Defendants did not confer with me before filing their request to retroactively receive approval for filing their motions that were in violation of this Court's order.

### DECLARATION UNDER 28 U.S. Code § 1746

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: April 17, 2026.

 *s/Talia Y. Guerriero*
Talia Y. Guerriero, OSB No. 115271
talia@beaconforjustice.com
**Of Attorneys for Plaintiff**

 **Outlook**

---

## RE: Johnson v. OHA discovery issues

---

| | |
|---|---|
| **From** | Nathaniel Aggrey <Nathaniel.Aggrey@doj.oregon.gov> |
| **Date** | Wed 3/25/2026 7:07 PM |
| **To** | Talia Yasmeen Guerriero <Talia@BeaconForJustice.com> |
| **Cc** | Amy Joy Mathis <Amy@BeaconForJustice.com>; Beth <beth@civilrightspdx.com>; Marianna Almasi <Marianna.Almasi@doj.oregon.gov>; Izzy Diagostino <Izzy@BeaconForJustice.com>; Marc Abrams <Marc.Abrams@doj.oregon.gov> |

📎 2 attachments (58 KB)

Johnson 0470 Stipulated Protective Order.docx; Johnson 0470 DISC 502d Form.docx;

Talia,

Before filing motion for protective order, we seek to clarify plaintiff's position on the revised protective order, and the 502(d) order. The revised order, except the introductory paragraphs, conforms to the District of Oregon tier II form order. As referenced below, the order resolves the ORS Chapter 180 language and largely resolves the archival copies issue to the extent para 14 allows for counsel to retain archival copies. The revised SPO retains the AEO language consistent with the USDC form order.

I understand you made edits to an earlier version of our protective order. I've reviewed the correspondence on this issue, and I haven't seen a response to the revised stipulated protective order and entry of a separate 502(d) order.  If the revised order is agreeable our motion would only concern the 502d order.

We can note your objection to both if you have nothing further to add.

Thanks.

**Nathaniel Aggrey**
Oregon Department of Justice
503.947.4700

---

**From:** Marc Abrams <Marc.Abrams@doj.oregon.gov>
**Sent:** Thursday, February 5, 2026 9:46 AM
**To:** Talia Yasmeen Guerriero <talia@beaconforjustice.com>
**Cc:** Nathaniel Aggrey <Nathaniel.Aggrey@doj.oregon.gov>; Amy Joy Mathis <amy@beaconforjustice.com>; Beth <beth@civilrightspdx.com>; Marianna Almasi <Marianna.Almasi@doj.oregon.gov>; Izzy Diagostino <izzy@beaconforjustice.com>
**Subject:** RE: Johnson v. OHA discovery issues

Talia—

With regard to these outstanding issues:

**Exhibit 1**
**Page 1 of 5**
**Declaration TYG**

1. Search Terms.  Here is where we are on this:  We will be making our first production of approximately 4000 pages today.  We have used your suggestions and have gotten a more reasonable number of documents and will as rapidly as possible be making production on OHA RFP #3 (170 documents); OHA RFP #14 (122 documents); OHA RFP #38 (830 documents); Individual RFP #10 (Sifuentez 453 documents; Hathi 54 documents; Midkiff 923 documents) and Individual RFP #13 (Sifuentez 129 documents; Hathi 54 documents; Midkiff 186 documents).  This resolves all but four: (1) RFP #2, which even applying your suggestions results in 22456 documents.  As you know, this is your most general Request, and thus it produces this result.  If you have further refinements, we can discuss.  (2) RFPs # 6-11, as to which we have 5929 documents.  We are prepared to produce this many but wanted to know from you if you want to work on further culling; (3) RFP #12, as to which we are still waiting for results; and (4) Individual RFP #2, where you noted we had not included all the names and this expanded the result from 5559 documents to 8674 documents.  Again, we are prepared to produce all of these, but if you wish or discuss further refinement, we are open to that.  We note that our obligation under the law is *not* to reach an agreement on terms, but only to make production.  We have already gone beyond what the law requires and are willing to continue to do so to resolve these four matters but otherwise see no basis for discussion of our work product on other RFPs as to which the amount of production has been determined and production is being made.  I am not available at 1pm on Friday but am generally open Monday and Tuesday if you need to discuss further.

2. Medical Records.  We can discuss after you have researched.

3. Protective Order.  While we have been discussing this, the brain trust here has been revising our standard form of order.  As I believe I have noted, because we need uniformity in our conduct on hundreds of lawsuits, we get little flexibility in what we can agree to.

    a. That said, the revised DOJ SPO retained AEO language, but we recognize your position.  The concern from our perspective is the privacy of individuals, particularly those non-parties who may be intertwined with this action.  Accordingly, we suggest that we can limit AEO to only materials relating to an individual's personnel files or medical or financial records.  Can you live with that?  Obviously, this cuts both ways.
    b. The new form does remove the ORS Chapter 180 language and so resolves that issue.
    c. As to archival copies, again, our main concern is the privacy of individuals.  The simple fact is that no plaintiff's counsel has any legal obligation to persons not their clients and having such individuals' materials in a lawyer's files for a decade is quite concerning to such individuals.  We envision no scenario in which retention of such materials would be necessary to combat a malpractice claim (indeed, in all my years I am aware of only one such claim ever being filed against a plaintiff's counsel in an employment matter and the type of documents that concern us were not an issue).  A simple list of names handles any potential conflict situation.  Accordingly, separate from the protective order, we now have a "Clawback" order.  Please review and let us know whether, separate from the protective order we will need to litigate this.
    d. Finally, with regard to the cost-shift on return of documents, we agree to your language and have put it in the attached draft but added "except as set forth in the "Clawback Order" also in effect in this action" at the end.

4. Two-day deposition.  I am disinclined to make that deal.  At the present time, you have only requested six depositions.  Conversely, We have only sought *one*.  The idea that we need to offer you up to thirty-five more hours simply to have a bit of flexibility in our hours 8-14 is not a trade any NBA manager would make (today being the trade deadline).  We are willing to offer an 11th deposition in exchange for resolving this, but not to tie up potentially another entire week in deposition discovery.

**Exhibit 1**
**Page 2 of 5**
**Declaration TYG**

5. Scheduling.  We are generally flexible, but it seems to me that if we do not eliminate our conflicts we need to litigate potentially several matters and that takes time.  Then there is the time to review the materials produced.  Then there are depositions,. And, of course, this is not your only case or ours.  I have vacation and trial that more or less block out mid-June through early August and I presume you have blocks as well.  On top of that, as you know, we *still* don't have an answer from the Court as to the partial motion to dismiss (the briefing on which was completed July 10, 2025, or half a year ago) so that we really don't even know the shape of the case and we haven't yet filed an answer.  So we are flexible but would want to ensure that whatever we come up with makes provision for the amount of work remaining to be done and the uncertainty from the unresolved motion to dismiss and the potential motions on discovery.  Perhaps we can look at late May and early June for the first round of depositions (plaintiff and the six you have so far identified), then any second round for your remaining depositions in the latter half of August once my trial is over, perhaps a brief time for mop up and a discovery cut off of September 30th, then 60 days for transcripts and the filing of any dispositive or partially dispositive motions, or November 30th?

**Marc Abrams**
971-673-0913 (M-Th) 503-740-4995 (F)
marc.abrams@doj.oregon.gov

---

**From:** Talia Yasmeen Guerriero <talia@beaconforjustice.com>
**Sent:** Wednesday, February 4, 2026 2:33 PM
**To:** Marc Abrams <Marc.Abrams@doj.oregon.gov>
**Cc:** Nathaniel Aggrey <Nathaniel.Aggrey@doj.oregon.gov>; Amy Joy Mathis <amy@beaconforjustice.com>; Beth <beth@civilrightspdx.com>; Marianna Almasi <Marianna.Almasi@doj.oregon.gov>; Izzy Diagostino <izzy@beaconforjustice.com>
**Subject:** Re: Johnson v. OHA discovery issues

> **\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Hi Marc -

I agree that we need to work through these ASAP, and I'm working on getting through the list of issues. I'm coming out of a series of depositions in another matter so thanks for your patience.

Here are some quick responses:

1. Your search terms concerns - *I am still awaiting the full scope of search terms. I think that matter is ripe for court review if you are refusing to confer over them. Regarding the specific concerns on the RFP terms you sent me, I outlined my specific concerns in the spreadsheet. I'm happy to discuss them on a call.* **Can you discuss this Friday at 1pm?**
2. Our medical records concerns - *I am still researching this matter, and I should be able to get you a definitive answer by the end of the week.*
3. Our protective order concerns - *This matter is ripe for court review. Would you like to pick a date by which we both submit our positions to the court for an informal conference?*
4. Our 2-day deposition concerns - *Would you also agree that increasing Plaintiff's deposition limit to 15 is appropriate based on your reasoning?*
5. Whether or not to proceed with March depositions/current discovery cut-off date - *The State has failed to produce any documents to date whatsoever, which necessitates a reschedule. Can you*

**Exhibit 1**
**Page 3 of 5**
**Declaration TYG**

*explain why you haven't produced any documents that do not fall within our currently-pending discovery disputes? I will likely join in one more extension and reschedule, but we need a specific plan and more information from you about how we will complete all the discovery by the rescheduled date. As previously mentioned, I'll be sending a more detailed conferral letter shortly.*

Thanks,
Talia

**Talia Yasmeen Guerriero** (she/her)
**Beacon Employment Law**
www.beaconforjustice.com
1000 SW Broadway Suite 2130
Portland, OR 97205
Main: (503) 673-1388
Direct: (503) 658-9254

On Wed, Feb 4, 2026 at 11:41 AM Marc Abrams <Marc.Abrams@doj.oregon.gov> wrote:

Talia—

When you said you needed to delay our discussions, you said we would re-schedule.  However, you have not reached out and, in addition, you have not responded to my communications (most recently January 28th).  We need to resolve several issues.

1. Your search terms concerns
2. Our medical records concerns
3. Our protective order concerns
4. Our 2-day deposition concerns
5. Whether or not to proceed with March depositions/current discovery cut-off date

As to the second, third and fourth of these, I feel if we cannot discuss them soon, it will be necessary for us to move forward and file the motions.  I have a few meetings tomorrow and Friday but should be generally available.  I am wide open Monday and Tuesday.  Let's get these matters discussed in the next week or proceed to judicial resolution.

Thanks.

Marc

**Marc Abrams**
Assistant Attorney in Charge | Civil Litigation Section | Trial Division
Oregon Department of Justice
100 SW Market, Portland OR, 97201
971-673-0913 (M-Th) 503-740-4995 (F)
marc.abrams@doj.oregon.gov

***** CONFIDENTIALITY NOTICE ***** This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and

**Exhibit 1**
**Page 4 of 5**
**Declaration TYG**

immediately delete the message and any attachments from your system.
**********************************

***** CONFIDENTIALITY NOTICE ***** This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system. **********************************

**Exhibit 1**
**Page 5 of 5**
**Declaration TYG**

 Outlook

---

## Out of Office RE: Johnson v. OHA discovery issues

---

**From** Talia Yasmeen Guerriero <talia@beaconforjustice.com>
**Date** Wed 3/25/2026 7:07 PM
**To** Nathaniel.Aggrey@doj.oregon.gov <Nathaniel.Aggrey@doj.oregon.gov>

Hello -

I am out of the office March 24-29, 2026 and will get back to you as soon as possible.

If you have an urgent matter, please contact Jacob Schott (jacob@beaconforjustice.com) or Hayley Archer (hayley@beaconforjustice.com).

Sincerely,
Talia

--
***Please note that I will be out of the office March 24-27, 2026.***

---

**Talia Yasmeen Guerriero** (she/her)
**Beacon Employment Law**
www.beaconforjustice.com
1000 SW Broadway Suite 2130
Portland, OR 97205
Main: (503) 673-1388
Direct: (503) 658-9254

**Exhibit 2**
**Page 1 of 1**
**Declaration TYG**