**Talia Y. Guerriero**, OSB No. 115271
talia@beaconforjustice.com
**Izzy Diagostino**, OSB No. 256456
izzy@beaconforjustice.com
BEACON EMPLOYMENT LAW
1000 SW Broadway, Suite 2130
Portland, OR 97205
503-673-1388 (Phone) / 503-594-4689 (Fax)

**Beth Ann Creighton**, OSB No. 972440
beth@civilrightspdx.com
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, OR 97204
503-221-1792 (Phone) / 503-223-1516 (Fax)
    **Of Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LEANN JOHNSON**, an individual, | Case No. 6:25-cv-00470-AA |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS** |
| **STATE OF OREGON,** by and through the **OREGON HEALTH AUTHORITY**; and **SEJAL HATHI**, in her individual and official capacities; **BERRI LESLIE**, in her individual and official capacities; **JENNIFER MIDKIFF**, in her individual and official capacities**; ANGELA SIFUENTEZ**, in her individual and official capacities; and **JESSICA KNIELING**, in her individual and official capacities; | |
| Defendants. | |

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

**INTRODUCTION**

Defendants move to compel the production of all documents concerning any medical or mental health condition experienced by Plaintiff from 2021 to the present, all billing records from any licensed health care provider, and all documents identifying any medical provider who has treated Plaintiff since January 1, 2021. These requests sweep across five years of Plaintiff's entire medical history – from dental records to chiropractic notes to confidential psychotherapy sessions – without meaningful limitation and without foundation in the federal law that governs this proceeding.

The motion fails for both procedural and substantive reasons. Procedurally, Defendants filed without leave of court in direct violation of Judge Aiken's Case Management Order, which expressly requires a telephonic status conference and joint letter before any motion to compel may be filed. Defendants did neither.

On the merits, Defendants' argument rests on Oregon state authority, none of which governs this federal question proceeding. Under FRE 501, federal common law controls privilege where, as here, federal law supplies the rule of decision on the primary claims. Under that controlling framework, Plaintiff's psychotherapy records are protected by the psychotherapist-patient privilege recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and applied by this District in *Swan v. Miss Beau Monde, Inc.*, 566 F.Supp.3d 1048 (D. Or. 2021). Under *Swan*'s narrow approach, asserting emotional distress damages alone does not waive the privilege, and Plaintiff will stipulate that she will not call any treating therapist as a witness, introduce the substance of any therapy session into evidence, or

seek damages for the cost of mental health treatment. These are the precise commitments courts in this District have repeatedly found sufficient to defeat a motion to compel.

Defendants' motion fares no better with respect to Plaintiff's physical medical records. Applying Defendants' Oregon law framework, the medical-patient provider privilege would exist. However, even under federal law, the records should not be compelled because Plaintiff has not placed her physical health at issue and will not call her medical providers at trial. And, even if some records are compelled, Courts in this District generally apply the most conservative limitations on mental or emotional health records contrary to the wide-ranging documents Defendants are requesting here.

Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel in its entirety. In the alternative, Plaintiff requests in camera review, mandatory redaction of all third-party, family member, and irrelevant information, and production subject to an Attorneys' Eyes Only designation.

**RELEVANT FACTS**

Plaintiff Leann Johnson served as the Director of the Equity and Inclusion Division at the Oregon Health Authority for nearly fourteen years before Defendants terminated her employment on June 21, 2024. ECF No. 10 ¶ 44. Plaintiff brings eleven claims for relief, including race and color discrimination under 42 U.S.C. § 1983 and 42 U.S.C. § 1981, deprivation of property and liberty interests without due process under the Fourteenth Amendment, race discrimination and retaliation under Title VII, whistleblower retaliation under ORS § 659A.199 and ORS § 659A.203, retaliation for civil proceedings under ORS § 659A.230, and aiding, abetting, and compelling unlawful employment practices under ORS

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

§ 659A.030(1)(g). *Id*. ¶¶ 55-143. Plaintiff does not assert a claim for intentional or negligent infliction of emotional distress.

Each claim seeks compensation for "significant emotional distress, humiliation, damage to her reputation, depression, loss of dignity and self-esteem, anxiety, and loss of enjoyment of life, all in amounts to be determined by the jury." *Id*. ¶¶ 65, 75, 85, 94, 104, 110, 116, 121, 126, 133, 142. Plaintiff does not intend to call any treating therapist or mental health provider as a witness at trial, does not intend to introduce the substance of any psychotherapist-patient communication as evidence, and does not seek the cost of mental health treatment as a separate category of damages. *See* Declaration of Leann Johnson ("Johnson Decl.") ¶¶ 6-8.

Plaintiff's providers at issue hold degrees as either an MSW, LCSW, or Psy. D. *Id*. ¶¶ 3-5. Importantly, Plaintiff's records contain sensitive private information about Plaintiff's family members who are not parties to this action and whose personal histories have no bearing on Plaintiff's employment discrimination claims as well as private information about Plaintiff that is irrelevant to this matter. *Id*. ¶¶ 10-12. Furthermore, a significant portion of Plaintiff's therapy predates the core conduct alleged in the operative Complaint. Even within the 2021-to-present window that Defendants have requested, records from January 2021 through late 2023 predate the core discriminatory and retaliatory conduct at issue in this case by years. *Id*. ¶ 9. Defendant Hathi did not join OHA until January 2024, and the conduct Plaintiff alleges culminated in her June 2024 termination. *Id*.

Procedurally, Defendants served their First Set of Requests for Production on October 12, 2025. Plaintiff responded on December 16, 2025. On March 23, 2026, without

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

requesting a telephonic status conference, without submitting a joint letter, and without obtaining leave of Court, Defendants filed their original Motion to Compel Medical Records. ECF No. 33. The following day, March 24, 2026, Defendants filed the Revised Motion to Compel Medical Records that is now before the Court – only after Plaintiff's counsel raised the procedural violation. ECF No. 35.

On April 2, 2026, which was more than a week after the motions had already been filed, Defendants filed a Request for Leave to File Discovery Motions (ECF No. 39), acknowledging that "Plaintiff has noted to counsel for defendants that, pursuant to Your Honor's Case Management Order, you do not permit motions to compel without leave." Rather than request the required telephonic status conference or submit the required joint letter, Defendants asked the Court to allow Plaintiff to respond and have the improperly filed motions determined. ECF No. 39 at 1-2. Defendants did not confer with Plaintiff before filing that request and did not submit the joint position letter required by the Case Management Order.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery only of "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The rule expressly exempts privileged communications from discovery regardless of their relevance. Under Federal Rule of Evidence 501, "[t]he common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege" in federal question cases. *Swan*, 566 F.Supp.3d at 1051-52. The party asserting a privilege bears the burden of showing that the privilege

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

applies and has not been waived. *Id.* at 1052 (citing *Weil v. Inv. Indicators*, *Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981)).

## **ARGUMENT**

### I. ***Defendants' Motion Should Be Denied for Failure to Follow the Court's Case Management Order.***

This motion should be denied because Defendants filed it in violation of Judge Aiken's Case Management Order. The Court's Order expressly provides:

> "Judge Aiken does not permit motions to compel without leave. If the parties need the Court's assistance resolving a discovery dispute, they should (1) request a telephonic status conference and (2) submit a joint letter of no longer than five pages, filed at least five days before the telephonic status conference, setting out their respective positions. Judge Aiken will order the filing a formal motion and briefs only if necessary following the telephonic status conference."

ECF No. 2 at 2. Defendants did not follow this procedure. Instead, they filed their original Motion to Compel Medical Records on March 23, 2026 (ECF No. 33), and their Revised Motion on March 24, 2026 (ECF No. 35), without first requesting a telephonic status conference, without submitting a joint letter, and without obtaining leave of Court.

Only after Plaintiff's counsel raised the procedural violation did Defendants file a belated Request for Leave to File Discovery Motions on April 2, 2026, more than a week after the motions had already been filed. Even then, Defendants failed to confer with Plaintiff before filing that request and did not submit the joint letter required by the Case Management Order. ECF No. 39. The Court's pre-filing conference requirement exists precisely to allow the parties to narrow or resolve discovery disputes before burdening the

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

Court with full briefing, which is a process that Defendants bypassed entirely. This motion should be denied on that basis alone.

## II.     Oregon State Law Does Not Apply in This Federal Question Case.

Defendants devote the entirety of their privilege argument to Oregon state authority: ORCP 44C, *A.G. v. Guitron*, 351 Or. 465 (2011), and *Baker v. English*, 134 Or. App. 43, 46-47 (1995).[1] These authorities are inapplicable here.

Federal Rule of Evidence 501 provides that in a civil case, state law governs privilege only "regarding a claim or defense for which state law supplies the rule of decision." For claims asserted under federal law, federal common law governs privilege. *Swan*, 566 F.Supp.3d at 1052. Plaintiff's claims arise under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Federal privilege law therefore governs the entire action, including the pendent state law claims. *Swan*, 566 F.Supp.3d at 1052 n.2 (*citing In re TFT-LCD (Flat Panel) Antitrust Litig*., 835 F.3d 1155, 1159 (9th Cir. 2016) ("Because … their negotiations concerned … both federal and state law claims, the federal law of privilege applies.")).

Defendants implicitly rely on the same state-law framework rejected by their own federal cases. *Wilson v. Decibels of Oregon*, Inc., 2017 WL 393602, at *2 (D. Or. Jan. 26, 2017) is the only federal case cited by implication in Defendants' motion through *Baker v.*

---

[1] Defendants' implicit concession that Oregon law governs, if credited, actually strengthens Plaintiff's position rather than Defendants' position. For example, Oregon recognizes a statutory physician-patient privilege under ORS § 40.235(2) that protects "confidential communications . . . made for the purposes of diagnosis or treatment of the patient's physical condition." Defendants cannot invoke Oregon law selectively by accepting Oregon's waiver rules for psychotherapy records while ignoring Oregon's affirmative protection for physical medical records. If Oregon law governs, it provides even more protection for the physical records sought in RFP No. 68 than federal law does.

*English*. In *Wilson*, the court applied Oregon privilege law exclusively because "the plaintiff's claim for 'garden variety emotional distress' goes only to his claim of unlawful employment discrimination under Oregon law" and the plaintiff "does not seek emotional distress damages for the defendants' alleged violations of federal law." *Id*. Here, unlike *Wilson*, Plaintiff seeks emotional distress damages directly arising from violations of federal law, including Title VII, § 1983, and § 1981. Defendants' own authority therefore confirms that federal privilege law, not Oregon state law, governs this motion. Under federal law, Plaintiff has not waived the psychotherapist-patient privilege.

Similarly, *Hansen v. Combined Transport, Inc*., 2014 WL 1873484 at *3 (D. Or. May 8, 2014), which applied Oregon and Washington state privilege law, was a diversity case under 28 U.S.C. § 1332, not a federal question case. Hansen has no bearing on a federal question proceeding. *Bauer v. Old Dominion Freight Line, Inc*., 2017 WL 11622025 at *2 (D. Or. Nov. 7, 2017), likewise applied state privilege law only because the plaintiff asserted "only state-law claims for retaliation." Even then, the court in *Bauer* affirmed the magistrate's denial of the motion to compel medical records on garden-variety grounds. *Id*.

ORCP 44C is an Oregon procedural rule. *A.G. v. Guitron* and *Baker v. English* are Oregon state court decisions applying that rule. None has force in this federal proceeding.

### III.    Plaintiff's Psychotherapy Records Are Protected by the Federal Psychotherapist-Patient Privilege and Have Not Been Waived.

Contrary to Defendants' argument, Plaintiff's psychotherapy records are protected by this District's narrow approach to implied waiver. In *Swan*, this District adopted "as a matter of first impression" the narrow approach to implied waiver, holding that "a plaintiff

does not waive the psychotherapist-patient privilege unless the plaintiff discloses an intent to call a psychotherapist as an expert witness at trial and place privileged communications at issue or otherwise attempts unfairly to use the privilege as both a sword and a shield." 566 F.Supp.3d at 1048. The *Swan* court explained: "when a patient pleads emotional injury, she has not explicitly waived the privilege. All she has done is make her communication with her psychotherapist potentially relevant. That evidence may be harmful, or helpful, to her case." *Id*. at 1060 (quoting *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997)). "The very nature of a privilege is that it prevents disclosure of information that may be relevant in the case, in order to serve interests that are of over-arching importance." *Id*. (quoting *Hucko v. City of Oak Forest*, 185 F.R.D. 526, 530 (N.D. Ill. 1999)).

The *Swan* Court found that the plaintiff had not waived her psychotherapist-patient privilege merely by seeking damages for emotional distress allegedly caused by Defendant subject to Plaintiff's obligation to disclose her intent to call any treating therapist as a trial witness. *Id*. at 1068. Under Swan's narrow approach, **the question is not the severity of Plaintiff's distress, the amount of non-economic damages claimed, or whether her distress rises to a clinical diagnosis**. The question is whether Plaintiff is affirmatively using therapy records as evidence to prove her case – which she is not. As confirmed in her declaration, Plaintiff will not call any treating therapist as a witness, will not introduce the substance of any therapy session into evidence, and will not seek damages for the cost of any treatment. Johnson Decl. ¶¶ 6-8.

Similarly, the court in *Sponer v. Equifax Information Services LLC*, 2019 WL 1897465, at *2 (D. Or. Apr. 26, 2019), granted a protective order where plaintiff did not "intend to introduce medical records or rely on the testimony of a psychotherapist or physician at trial," did not "seek damages for medical treatment," did not bring "a claim for intentional or negligent infliction of emotional distress," and "alleged no more than garden variety emotional distress."[2] Those facts are present here.

The policy rationale for the narrow approach is particularly compelling in employment discrimination cases like this one. As this Court recognized in *Swan*, the broad approach "would force many victims of wrongful behavior that causes emotional distress to choose between seeking needed therapy (and thereby risk disclosure in court of personal and potentially embarrassing information) and foregoing (or abandoning) litigation (and thereby leave wrongs unvindicated and wrongdoers unreported and undeterred)." 566 F.Supp.3d at 1064 (*quoting Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 (N.D. Cal. 2003)). This concern carries special force "particularly in civil rights cases, where Congress has placed much importance on litigants' access to the courts and the remedial nature of such suits." *Id*. (quoting *Fitzgerald*, 216 F.R.D. at 639).

---

[2] *See also, Kinnee v. Shack, Inc*., 2008 WL 1995458, at *5 (D. Or. May 6, 2008) (finding no waiver under the federal narrow approach where plaintiff "has expressly represented that she does not intend to rely on the testimony of a psychotherapist and that she does not claim any specific disabilities or medical conditions from Buffalo Gap's alleged actions," even where plaintiff alleged emotional distress); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (finding no waiver where plaintiff stated she would "'not seek special damages' or introduce expert medical testimony regarding emotional distress.'"); *Snipes v. United States*, 334 F.R.D. 548, 551 (N.D. Cal. 2020) (finding no waiver where plaintiff "dismissed her IIED claim, represents that she will not rely on the treatment notes in establishing emotional distress damages, and will not introduce expert testimony.").

Even accepting the Oregon waiver framework Defendants urge, their motion fails. Defendants rely on *Baker v. English* for an overbroad proposition that claiming emotional distress damages waives the physician-patient privilege under Oregon law. ECF No. 35, at 8. But *Bauer* makes clear that *Baker* does not stand for so broad a proposition. In *Bauer*, the district court upheld denial of a subpoena for medical records in a state-law retaliation case under Oregon privilege law, holding that a plaintiff's "mere allegation of 'emotional distress' without more does not put Plaintiff's medical condition at issue and does not constitute a waiver of the physician-patient privilege." 2017 WL 11622025, at *2. The court distinguished *Baker v. English* on the grounds that *Baker* involved a plaintiff whose specific allegations of emotional distress affirmatively placed his medical condition at issue. Here, Plaintiff has not placed a specific medical condition at issue and will furthermore stipulate that she will not call any treating physician or therapist as a witness and will not introduce any medical records into evidence. Johnson Decl. ¶ 13. This reality forecloses any waiver argument under Oregon law as well.[3]

Additionally, Defendants' argument that they need Plaintiff's therapy records to explore "potential alternative bases for the causation of those alleged harms" is a red

---

[3] A subsequent District of Oregon decision confirms this reading of Oregon law. In *Dr. Erik Natkin, D.O. P.C. v. American Osteopathic Association*, 2022 WL 3974536 at *7 (D. Or. Sept. 1, 2022), Judge Simon conducted an independent analysis of ORS § 40.230(4)(b)(A) and concluded that "a litigant does not 'rely' on a 'mental or emotional condition'" within the meaning of the statute "merely by claiming noneconomic damages or 'garden variety' emotional distress." Reliance sufficient to trigger waiver requires "asserting a diagnosable condition, proffering a witness who will testify about the claimant's mental or emotional condition, or relying on portions of treatment records, diagnoses, or prognoses." *Id*. The court further found that the Oregon Court of Appeals' statement in *Baker v. English* to the contrary was merely "made in dicta." *Id*. at *4. Plaintiff's stipulation satisfies this standard under either federal or Oregon law.

Page 11 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

herring and was dismissed by the court in *Swan*. ECF No. 35, at 5. As *Swan* recognized, defendants have "numerous avenues through which [they] can make [their] case without delving into the plaintiff's confidential communication with his or her therapist," including cross-examining the plaintiff "about other stressors or contributing factors," "examining percipient witnesses," and eliciting from the plaintiff "the fact that [she] did not seek and obtain treatment or therapy for the alleged distress." 566 F.Supp.3d at 1060-61 (citing *Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003)).

Finally, Plaintiff's confirmed providers hold degrees as either an MSW, LCSW, or Psy. D. In *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), the Supreme Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence," extending the privilege expressly to licensed clinical social workers. *Swan*, 566 F.Supp.3d at 1056-57. Plaintiff's confirmed providers hold degrees sufficient to invoke the psychotherapist-patient privilege.

## IV.    Plaintiff's Pre-Incident Records Are Independently Protected.

Even under a broader waiver analysis (which this District has rejected), Plaintiff's therapy records predating the discriminatory conduct at issue are independently protected under *Updike*'s three-part analysis, all elements of which Plaintiff satisfies. In *Updike v. Clackamas County*, 2016 WL 11782507 at *5 (D. Or. June 21, 2016), this District held that "simply pleading emotional distress damages does not suffice to put at issue psychotherapist-patient communications that occurred well *before* the events alleged in Updike's complaint," explicitly distinguishing pre-incident records from "the decade

before the relevant events" from records of treatment occurring "after or as a result of events alleged in a plaintiff's complaint." Here, Plaintiff's records began in January 2017. Defendant Hathi, who directed Plaintiff's termination, did not join OHA until January 2024, and the primary discriminatory and retaliatory conduct alleged in the complaint occurred between early 2024 and the June 21, 2024, termination. The records thus predate the relevant events by six to seven years, which is squarely within *Updike*'s categorical protection, regardless of which waiver standard applies. Johnson Decl. ¶ 9.

**V.     Plaintiff's Physical Medical Records Are Not Relevant, Are Disproportionate Under Rule 26(b)(1), and Are Independently Protected Under Oregon's Physician-Patient Privilege.**

A. *Plaintiff Has Not Placed Her Physical Health at Issue.*

The absence of a federal physician-patient privilege does not render all of Plaintiff's physical medical records discoverable because she has not put her physical health at issue. Rule 26(b)(1)'s independent requirements of relevance and proportionality still apply, and they are not satisfied here.

The First Amended Complaint does not allege physical injury. Plaintiff seeks relief for emotional distress, reputational harm, and economic losses arising from discriminatory and retaliatory employment practices. ECF No. 10 ¶¶ 65, 75, 85, 94, 104, 110, 116, 121, 126, 133, 142. Physical medical records are therefore simply not relevant to any claim or defense in this case. In contrast, Defendants' RFP No. 68 requests records from "physicians, dentists, psychiatrists, psychologists, chiropractors, naturopaths, mental health counselors or other counselors" from 2021 to present. ECF No. 35 at 3.

Dental records, chiropractic records, and records of physical conditions wholly unrelated to any claim in this case are not relevant under Rule 26(b)(1) by any measure.[4]

Sponer held that even in the absence of a physician-patient privilege, "Defendant is not entitled to medical records that are not related to Plaintiff's mental condition, as they are not relevant to the case at hand." 2019 WL 1897465, at *1 n.1. Wilson applied this identical limitation even after finding waiver under Oregon's broad approach, holding that "nothing in the plaintiff's First Amended Complaint indicates that he has put his physical health at issue in this case; therefore, discovery is limited to medical records pertaining to his mental or emotional health." 2017 WL 393602, at *2. Hansen reached the same conclusion: "Plaintiff has not, however, put his physical health at issue in this case. Therefore he is not required to produce medical records not pertaining to his mental or emotional health." 2014 WL 1873484, at *3.

Critically, both Wilson and Hansen imposed this limitation even in cases where they ordered some production of mental health records. Here, where no production of psychotherapy records is warranted at all under Swan's narrow approach, the case for producing physical medical records is even weaker.

/ / /

/ / /

---

[4] To the extent any physical medical records involve mental health, including physical conditions tied to mental health, they are considered psychological records and entitled to the same privilege protection as psychotherapy records. Fitzgerald v. Cassil, 216 F.R.D. 632, 634 (N.D. Cal. 2003). This principle applies directly to Defendants' argument that "physiological issues can affect emotional balance" - if any physical record is relevant precisely because it relates to mental health, it becomes more protected, not less.

B. *Under Defendants' Own Oregon Law Framework, Physical Medical Records Are Independently Privileged.*

Defendants invoke Oregon state law throughout their motion, including ORCP 44C, *A.G. v. Guitron*, and *Baker v. English*, to argue that Plaintiff's records are discoverable. ECF No. 35 at 7-8. If Oregon law is applicable, Oregon recognizes a statutory physician-patient privilege under ORS § 40.235, which protects "confidential communications . . . made for the purposes of diagnosis or treatment of the patient's physical condition." Defendants cannot selectively invoke Oregon law to defeat the psychotherapist-patient privilege while simultaneously ignoring Oregon's affirmative protection for physician-patient communications. If Oregon law governs, it governs completely. And under Oregon law, Plaintiff's physical medical records carry their own independent privilege protection that Defendants' motion entirely fails to address, let alone overcome.

C. *Any Records Ordered Produced Should Be Temporally Limited.*

Kinnee held that Plaintiff's "express limitation of the damages she seeks establishes the relief that she will be allowed to seek in this case and determines the scope of discovery regarding her damages." 2008 WL 1995458, at *5. The core discriminatory and retaliatory conduct alleged in the complaint began in early 2024 when Defendant Hathi joined OHA, culminating in Plaintiff's June 21, 2024, termination. ECF No. 10 ¶ 44. Records from January 2021 through 2023 predate the relevant events and should be excluded on proportionality grounds even if the Court orders any production at all.

/ / /

/ / /

Page 15 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS

**VI.     Billing Records (RFP No. 69) Should Be Denied or Strictly Limited.**

RFP No. 69 requests all invoices and records of payments for care from any licensed health care provider from January 1, 2021, to present. ECF No. 35 at 3. Billing records reflecting the dates, frequency, and duration of psychotherapy sessions reveal the contours of Plaintiff's confidential therapeutic relationship. They are functionally indistinguishable from the communications they memorialize. Where the underlying therapy records are protected, billing records that reveal the same privileged relationship deserve the same protection. However, even setting aside privilege, billing records for unrelated conditions are no more relevant than the underlying records. If the Court orders any billing production, it should be limited to records reflecting treatment for emotional or psychological conditions directly arising from the alleged discriminatory conduct and produced subject to the strictest conditions of the Stipulated Protective Order.

**VII.     Provider Identity (RFP No. 70) Should Be Produced Only Under an Attorneys' Eyes Only Designation.**

Plaintiff acknowledges that federal courts have uniformly held that provider identity falls outside the scope of the *Jaffee* privilege. Plaintiff does not contend that provider identity is categorically privileged. Plaintiff will provide such information to Defendants if and when the applicable Protective Order has been entered in this case, which has not yet occurred. However, the marginal evidentiary value of provider identity is substantially diminished because Plaintiff has stipulated that she will not call any treating provider as a witness or introduce any therapeutic communications. Therefore, Plaintiff requests that this Court order that Plaintiff does not have to disclose that information to Defendants.

**VIII.    In the Alternative, Any Production Must Be Subject to Strict Protective Conditions Including *In Camera* Review and Mandatory Redaction of All Third-Party, Family, and Irrelevant Information.**

Should the Court order any production over Plaintiff's objection, Plaintiff respectfully requests the following conditions, each independently warranted:

A. *Mandatory Redaction of All Third-Party, Family, and Irrelevant Information*.

Before any records are produced, Plaintiff's counsel should be permitted to redact all references to: (1) Plaintiff's family members (including their identities, health conditions, mental health histories, and family dynamics); (2) Plaintiff's childhood history; (3) any other personal history that has no causal or factual connection to Plaintiff's employment discrimination claims against Defendants. These categories of information cannot meaningfully advance any defense. Courts recognize that waivers do not extend to third-party records unless those parties' conditions are also at issue. Plaintiff's family members are non-parties, and their private information is irrelevant.

B. *In Camera Review Prior to Production*.

If necessary, the Court should conduct in camera review of any records ordered produced before they are disclosed to Defendants. In camera review is warranted here because Plaintiff's therapy records contain sensitive and private information about non-party family members whose private information has no bearing on Plaintiff's claims.

C. *Attorneys' Eyes Only Designation*.

Any records produced should be designated Attorneys' Eyes Only under the Stipulated Protective Order, restricting access to Defendants' outside counsel and retained experts only. Individual defendants should be expressly prohibited from reviewing

any produced records unless and until Defendants show good cause pursuant to any applicable Protective Order

### CONCLUSION

Defendants have moved to compel five years of Plaintiff's entire medical history, including her most intimate communications with licensed therapists, without citing the controlling federal privilege that governs this proceeding, without acknowledging this District's decision in *Swan*, and without identifying any basis for waiver under the narrow approach that this Court adopted. Their state law authorities do not apply. Their requests are overbroad, sweeping in dental records, chiropractic notes, and years of pre-incident therapy sessions having no relevance to this dispute and threaten harm not only to Plaintiff but to family members who are non-parties to this litigation.

Plaintiff will stipulate, on the record, that she will not call any treating therapist as a witness, introduce the substance of any therapy session, or seek damages for the cost of treatment.  Plaintiff respectfully requests that the Court deny Defendants' Motion to Compel in its entirety. In the alternative, Plaintiff requests in camera review, mandatory redaction of all third-party and family information, and production subject to Attorneys' Eyes Only designation.

Dated: April 17, 2026.

**BEACON EMPLOYMENT LAW**

 s/Talia Y. Guerriero
Talia Y. Guerriero, OSB No. 115271
talia@beaconforjustice.com
Izzy Diagostino, OSB No. 256456
izzy@beaconforjustice.com

**Of Attorneys for Plaintiff**

Page 18 – PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL MEDICAL RECORDS