IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEANN R JOHNSON,                                    Civ. No. 6:25-cv-00470-AA

                    Plaintiff,              **OPINION & ORDER**

        v.

STATE OF OREGON; DR. SEJAL
HATHI; BERRI LESLIE; ANGELA
SIFUENTEZ; JESSICA KNIELING;
JENNIFER MIDKIFF,

                    Defendants.

_____

AIKEN, District Judge.

        This case comes before the Court on a series of discovery motions filed by Defendants.  ECF Nos. 31, 33, 35, 36, 39.

## I.      The Case Management Order and Conferral

        As a preliminary matter, the Court directs Defendants' attention to the Court's Case Management Order, ECF No. 2, which provides that, in the event of a discovery dispute, the parties are to request a telephonic status conference and submit a joint letter outlining the dispute.  The Court will order the filing of a formal motion "only if necessary following the telephonic status conference."  Defendants acknowledge in their Request for Leave to File Discovery Motions, ECF No. 39, that they did not follow the procedure outlined in the Case Management Order and belatedly ask for

leave to file their motions.  As the motions are now fully briefed, the Court will, in this instance, resolve the motions on the briefing.  The Court advises Defendants that failure to adhere to the Case Management Order in the future will result in the summary denial of discovery motions.

There is an additional procedural defect in the briefing that the Court must address, however.  The Request for Leave to File Discovery Motions lacks a certification of conferral as required by Local Rule 7-1(a) and Plaintiff affirms that Defendants did not, in fact, confer prior to filing the motion.  This is not permitted. *See* LR 7-1(a)(1) ("Except for motions for temporary restraining orders, the first paragraph of *every* motion must certify" that a good faith conferral took place (emphasis added)).  Failure to confer and certify conferral risks summary denial of any motion that lacks the required certification.  LR 7-1(a)(3).

There are other issues with Defendants' conferral in this case.  In preparing to file their Motion for Protective Order, ECF No. 36, Defendants' counsel emailed Plaintiff's counsel on March 25, 2026, to inform her that they had reviewed Plaintiff's modifications to the proposed protective order and would file the motion noting Plaintiff's objection if counsel had "nothing further to add."  Guerriero Decl. ¶ 2, Ex. 1.  ECF No. 48.  Defendants' counsel received an automated "out of office" response notifying him that Plaintiff's counsel was unavailable and would return on March 29, 2026. *Id.* ¶ 2, Ex. 2.  Defendants' counsel filed the motion on March 27, 2026, without waiting for Plaintiff's counsel to return or respond.  ECF No. 36.  This is not proper

conferral.  LR 7-1(a)(1)(A) (requiring that parties make "a good faith effort through personal or telephone conferences to resolve the dispute.").

The Responses to Defendants' motions illustrate the importance of conferral under Local Rule 7-1(a).  It is clear from Plaintiff's responses that many of the issues raised in the motions could have been resolved or substantially narrowed had Defendants' counsel engaged in proper conferral.  In addition, it was Plaintiff's counsel who ultimately directed Defendants' counsel to the Court's Case Management Order and the Court's procedures for resolving discovery disputes in a streamlined and economical manner.  Had proper conferral taken place, the parties could simply have requested a telephonic status conference and would not have had to go to the effort and expense of briefing these motions at all.

The Court advises Defendants that, although the Court will resolve the pending motions on the merits, it will summarily deny any future motions filed without proper conferral.

## II.    Defendants' Request for Additional Time to Depose Plaintiff

Defendants' Motion for Additional Time for Deposition, ECF No. 31, seeks to expand Plaintiff's deposition from seven hours to fourteen.  Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."  Courts "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination."  Fed. R. Civ. P. 30(d)(1).  "The party seeking a court order to extend

the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30 advisory committee's note (2000). The advisory committee's notes suggest that courts should consider "a variety of factors," including the possibility that the examination will cover events over a long period of time. *Id.*

Defendants argue that the case concerns events over an extended period of time and raises the fact that Plaintiff has indicated that they intend to take multiple depositions. Courts in this District have rejected the second of these arguments, noting that it "is unclear why the fact that plaintiff has deposed a greater number of witnesses mandates that defendant should be able to depose plaintiff for an additional seven hours," as "it is not entirely unexpected that plaintiff would depose more witnesses in an employment case in which nearly all the holders of relevant information are defendant's agents and therefore accessible to defendant outside of deposition." *Canning v. Washington Cnty.,* Case No. 3:23-cv-00210-AN, 2024 WL 4381122, at *4 (D. Or. Oct. 2, 2024). As to the period of time involved, the Court agrees that Plaintiff was employed for a lengthy period, but notes that the relevant period is much narrower. The Court concludes, on this record, that Defendants have not established good cause to extend Plaintiff's deposition.

The Court will deny the motion at this time with leave to refile should the standard seven hours not prove sufficient to complete Plaintiff's deposition. The Court is aware that Defendants are concerned that a failure to move for additional time prior to the commencement of the deposition may be held against them should

they need additional time. Defendants may be assured that the Court will not reject such a motion out of hand. Should it become clear during the course of Plaintiff's deposition that seven hours is insufficient to take the necessary testimony, the Court will entertain a motion to extend the deposition on an expedited basis.

### III.    Motion for Protective Order

Defendants have filed a Motion for Entry of Protective Order and Entry of 502(d) Order, ECF No. 36. In her Response, Plaintiff affirms that she does not oppose entry of the proposed protective order in substantially the same form as proposed by Defendants. Plaintiff does, however, oppose the proposed 502(d) clawback order.

Federal Rule of Evidence 502(b) ordinarily governs the inadvertent disclosure of privileged materials and provides that the disclosure does not operate as a waiver if the disclosure is inadvertent, the holder took reasonable steps to prevent disclosure, and the holder took reasonable steps to rectify the disclosure. Fed. R. Evid. 502(b). A court may order that privilege or protection is not waived by disclosure connected with litigation before the court pursuant to Federal Rule of Evidence 502(d).

Here, Defendants have submitted a proposed Clawback and Non-Waiver Order ("Clawback Order"), Aggrey Decl. Ex. 2, ECF No. 37, to which Plaintiff has raised two principal objections.

First, Paragraph 6 of the Clawback Order provides: "At the conclusion of this action, parties shall return all materials implicating the privacy of individuals, whether parties or otherwise, including but not limited to personnel files, medical records and personal financial records, produced in discovery." Aggrey Decl. Ex. 2, at

Page 5 –OPINION & ORDER

2. This paragraph does not concern privilege or protection, as contemplated by Rule 502(d), but instead requires Plaintiff's counsel to surrender a broad swathe of materials at the conclusion of the case. The Court declines to impose such a requirement on Plaintiff's counsel, who may need to retain at least some such materials in a client file for purposes of malpractice protection.

Plaintiff's second objection to the Clawback Order concerns the timing of a clawback request. Plaintiff asserts that Paragraphs 1 through 5 of the Clawback Order permit the party asserting privilege to do so at any time and require the receiving party to immediately return, destroy, or turn over those materials with no inquiry into whether the disclosure was immediate. Plaintiff suggests that the Clawback Order be limited in scope to privileged communications and work product and that there be an obligation to assert any clawback claim promptly upon the producing party's discovery of the inadvertent disclosure.

The Court has reviewed Paragraphs 1 through 5 and concludes that they already contain the protections Plaintiff requests. Paragraphs 1 through 5 concern disclosure of "privileged information or protected trial preparation materials," and require that when a party learns that it has produced such privileged or protected materials, it must "immediately" notify the receiving party of its claim or privilege. This is, essentially, what Plaintiff sought and Plaintiff stated that she does not otherwise object to Paragraphs 1 through 5.

In sum, the Court declines to sign the Clawback Order in light of Plaintiff's objections to Paragraph 6. The parties are directed to confer on the substance of the

other paragraphs of the Clawback Order and, if an agreement can be reached, they are to submit a stipulated version. If the parties cannot reach an agreement, the Court will entertain a request by Defendants enter a version of the Clawback Order that omits Paragraph 6.

With respect to the proposed Protective Order, Plaintiff represents that she agrees that such an order is appropriate and objects only to Paragraph 14, which references Paragraph 6 of the Clawback Order. As noted, the Court has rejected Paragraph 6 of the Clawback Order. The parties are directed to confer and submit a clean version of the protective order that omits reference to the Clawback Order.

## IV.    Motion to Compel

Finally, Defendants move to compel production of material responsive to Defendants' Requests for Production ("RFP") 68, 69, and 70. The RFPs in question seek production of materials related to any medical or mental health condition experienced by Plaintiff between 2021 and the present and the records, notes, invoices, and correspondence of "all physicians, dentists, psychiatrists, psychologists, chiropractors, naturopaths, mental health counselors, or other counselors" from whom Plaintiff sought or received treatment between 2021 and the present.

Federal Rule of Civil Procedure 26(b)(1) provides that, unless limited by court order, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

As a preliminary matter, the Court notes that Plaintiff does not assert any physical injury and so Plaintiff's medical and dental records seem unlikely to yield evidence relevant to any claim or defense in this case. Any benefit Defendants might derive from production is substantially outweighed by the burden on Plaintiff. The Court further concludes that such production would not be proportional to the needs of the case. The Court declines to compel production of those records.

Plaintiff does assert that she suffered "significant emotional distress," "depression," "anxiety," and "loss of enjoyment of life." *See, e.g.,* Am. Compl. ¶ 65. ECF No. 10. However, Plaintiff asserts that her psychotherapy records are protected by federal psychotherapist-patient privilege.

"The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege" unless overruled by the Constitution, a federal statute, or a rule prescribed the Supreme Court. Fed. R. Evid. 501.[1] A party asserting privilege bears the burden of demonstrating that privilege applies. *Weil v. Investment/Indicators, Research and Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The Supreme Court has recognized a psychotherapist-patient privilege, holding that "confidential communications between a licensed psychotherapist and her patients in

---

[1] Federal Rule of Evidence 501 provides that in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision. Here, Plaintiff asserts a mix of federal and state law claims. "Most courts hold that when federal and state law claims are joined in the same action, privilege issues are resolved under federal law." *Swan v. Miss Beau Monde, Inc.*, 566 F. Supp.3d 1048, 1052 n.2 (D. Or. 2021). In this case, both parties appear to agree that federal privilege law applies. *See* Def. Mot. 7 (pointing out that state privileges do not apply); Pl. Resp. 7 (arguing that state privilege law does not apply).

the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).

Courts in this District have applied a narrow approach to determining whether a plaintiff has waived the psychotherapist-patient privilege. *Swan v. Miss Beau Monde, Inc.*, 566 F. Supp.3d 1048, 1067 (D. Or. 2021). In *Swan*, the court concluded that the privilege would be waived (1) "if a plaintiff identifies a treating psychotherapist as a trial witness," in which case "all communications with that therapist must be timely disclosed," or (2) "if a treating expert, who will not also be a testifying expert, has had access to confidential communications between the plaintiff and another therapist that is part of the basis of the testifying expert's opinion, in whole or in part, then in all fairness, all such relevant communications also must be timely disclosed to the opposing party." *Id.* "In addition, if a plaintiff seeks damages for future therapist expenses, discovery into prior treatment, including confidential communications, may be appropriate on the issue of whether the additional therapy is needed or is needed at the level being sought," and "if a plaintiff or spouse seeks damages for loss of consortium, additional considerations may apply." *Id.* at 1067 n.15. The Court concurs that a narrow approach the question of waiver of psychotherapist-patient privilege is appropriate and adopts the framework laid out in *Swan*.

Here, Plaintiff affirms that all of her treating mental health providers have been licensed professionals and their names will be disclosed to Defendants once a protective order is in place. Johnson Decl. ¶¶ 3-5. ECF No. 50. Plaintiff affirms that

she does not intend to call any treating mental health provider as a witness at trial or introduce the substance of any psychotherapist-patient communication as evidence, nor does she intend to seek the cost of mental health treatment as a separate category of damages. *Id.* ¶¶ 6-8.

The Court concludes that Plaintiff has not waived the psychotherapist-patient privilege and so the Court declines to compel the production of Plaintiff's mental healthcare provider records, notes, or invoices. Should Plaintiff's litigation strategy change, or should Plaintiff elect to call an expert witness who will rely on confidential mental health treatment records and communications, the Court is confident that Plaintiff will promptly make the necessary production. Plaintiff has already committed to providing Defendants with the names of her mental healthcare providers following the entry of a protective order and so it is not necessary for the Court to compel production of that information. The Motion to Compel is denied.

## CONCLUSION

For the reasons set forth above, the Motion for Leave to File Discovery Motions, ECF No. 39, is GRANTED. Defendants' Motion for Additional Time for Deposition, ECF No. 31, is DENIED with leave to refile should seven hours prove insufficient to complete Plaintiff's deposition. Defendants' Motion to Compel, ECF Nos. 33, 35, is DENIED. Defendants' Motion for Protective Order, ECF No. 36, is GRANTED in part and DENIED in part. The Court declines to grant Defendants' requested Clawback Order. The parties are directed to confer on a version of the Clawback Order that

omits Paragraph 6.  The parties are directed to confer and submit a clean copy of the

Protective Order for signature, omitting reference to the Clawback Order.


It is so ORDERED and DATED this _____7th_____ day of May 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge